# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ANDREW J. FILIPOWSKI, et al., )<br><br>Defendants. ) | No. 04-12263-PBS |
| MIKE TURNER, On behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ANDREW J. FILIPOWSKI, et al., )<br><br>Defendants. ) | NO. 04-12294-PBS |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR CONSOLIDATION OF RELATED ACTIONS

Lead Plaintiffs James Tito ("Tito") and Frank Waddell ("Waddell"), individually and as trustee FBO Norma G. Waddell Revocable Trust, respectfully submit this memorandum of law in further support of their motion to consolidate *Sharon Bobbitt v. Andrew J. Filipowski*, 04-12263-PBS (the "*Bobbitt* Action"), and *Mike Turner v. Andrew J. Filipowski*, 04-12294-PBS (the "*Turner* Action") (collectively, the "Actions").

## I.    PRELIMINARY STATEMENT

As set forth herein, it is respectfully submitted that the Court should consolidate the *Bobbitt* and the *Turner* actions as both cases arise out of the same set of facts and circumstances.

{00004342.DOC ; 1}

## II.    PROCEDURAL HISTORY

The *Bobbit* Action is a consolidated action that was filed in the Northern District of

Illinois on May 27, 2003.  The *Bobbitt* Action alleges violations of the Securities Act of 1933

("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") and was brought

on behalf of investors who purchased or otherwise acquired shares of divine, Inc. ("divine")

during the relevant time period.  In addition, the *Bobbitt* Action asserts claims on behalf of

former shareholders of various companies that were purchased by divine in stock-for-stock

transactions.

Several months later, in September 2003, the *Turner* Action was filed in the Circuit Court

of Cook County, Illinois asserting violations of the Securities Act on behalf of certain investors

who acquired shares of divine through divine's acquisitions of eshare Communications and

Delano Corporation during the relevant time period.  The facts of the *Turner* Action are virtually

the same as in *Bobbitt* except that the Bobbitt Action is broader and asserts claims under the

Exchange Act for an extended class period.

On October 29, 2003, the *Turner* Action was removed to federal court and then

transferred with the *Bobbitt* Action to this Court in October 2004.

## III.    ARGUMENT

### A.    THE COURT SHOULD CONSOLIDATE THE ACTIONS

The Actions each assert class claims on behalf of those who purchased or otherwise

acquired shares of divine for alleged violations of the Securities Act and/or the Exchange Act

during the relevant time period.  The Actions name most of the same defendants and involve the

same factual and legal issues.  Indeed, the claims asserted in the *Turner* Action are already

covered by the claims asserted in the *Bobbitt* action.  Moreover, they are each brought by

investors who purchased or otherwise acquired divine shares during the relevant time period in

{00004342.DOC ; 1}

reliance on the integrity of the market for such securities and were injured by the fraud on the

market that was perpetrated through the issuance of materially false and misleading statements

and concealment of material information, thus artificially inflating the prices of divine securities

at all relevant times.    Consolidation is appropriate where there are actions involving common

questions of law or fact. Fed. R. Civ. P. 42 (a).  *See In re PRI Automation, Inc. Sec. Litig.*, 145

F. Supp. 2d 138 (D. Mass. 2001).  That test is met here and, accordingly, the Actions should be

consolidated.

Pursuant to the procedures set forth in the PSLRA, on August 19, 2003, pursuant to 15

U.S.C. §78u-4 *et seq.*, Judge Samuel Der-Yeghiayan appointed Tito and Waddell as lead

plaintiffs and approved their selection of Cauley Geller Bowman and Rudman LLP[1] and Stull

Stull & Brody as lead counsel.   When a later action is filed that relates to a previously-

consolidated action, it is appropriate to consolidate that action without disturbing the leadership

structure of the consolidated action. *See, e.g., In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*,

04-cv-00416 (Order, dated Feb. 3, 2005) (attached hereto as Exhibit A) (consolidating later-filed

case with consolidated action and leaving lead plaintiff and lead counsel structure undisturbed).

Accordingly, Tito and Waddell should continue to serve as lead plaintiffs for the Class and their

counsel should continue to serve as Lead Counsel.

---

[1]    Effective May 1, 2004, the law firm of Cauley Geller Bowman & Rudman LLP ceased to operate.  The attorneys handling this action from Cauley Geller Bowman & Rudman LLP are now associated with the law firm of Lerach Coughlin Stoia Geller Rudman and Robbins LLP.

{00004342.DOC ; 1}

## IV.    CONCLUSION

For the foregoing reasons, Tito and Waddell respectfully request that the Court

consolidate the above-captioned actions for all purposes.

Respectfully submitted,

DATED:  March 8, 2005                        GILMAN AND PASTOR LLP


/s/ David Pastor
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906
Tel.: 781/231-7850
Fax:  781/231-7840
*Liaison Counsel for Plaintiffs and the Class*

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
200 Broadhollow Road
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

STULL STULL & BRODY
Howard Longman
6 East 45th Street
New York, New York  10017
Telephone:  212/687-7230
212/490-2022 (fax)

*Lead Counsel for Plaintiffs and the Class*

# EXHIBIT A



57.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re KRISPY KREME DOUGHNUTS,    )
INC., SECURITIES LITIGATION,     )
                                 )
This document relates to:        )
                                 )
All Actions                      )

Master File No.
1:04CV00416

FILED
FEB 3 - 2005
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.
BY _____

ORDER OF CONSOLIDATION

On June 14, 2004, this court entered an order consolidating all previously filed proceedings similar to the claims filed in <u>Eastside Investors v. Krispy Kreme Doughnuts, Inc., Randy, S. Casstevens, Scott A. Livengood, Michael C. Phalen and John W. Tate</u>, 1:04CV416.  For good cause shown and in the interest of efficient administration, all similar cases filed after the order of June 14, 2004, should be consolidated.

IT IS THEREFORE ORDERED that the proceeding <u>Bond Nichols, on behalf of himself and all others similarly situated v. Scott Livengood and Michael Phalen</u>, 1:05CV42, shall be consolidated with other proceedings heretofore consolidated by the order of June 14, 2004.

IT IS FURTHER ORDERED that the caption "Class Action" set forth in Master Docket and Caption in the Stipulation and Consolidated Order of June 14, 2004, shall be deleted from all future pleadings in these consolidated actions.

IT IS FURTHER ORDERED that any party may file an objection to this order within thirty (30) days after the entry of this order.

This the *3rd* day of *February* ~~January,~~ 2005.

_____
United States District Judge