IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI and MICHAEL P. CULLINANE,<br><br>    Defendants. | Case No. 04-12263-PBS |
| MIKE TURNER, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, MICHAEL P. CULLINANE, PAUL L. HUMENANSKY, TOMMY BENNETT, JOHN COOPER, JAMES E. COWIE, MICHAEL H. FORSTER, ARTHUR W. HAHN, THOMAS J. MEREDITH, J. KEVIN NATER and JOHN RAU,<br><br>    Defendants. | Case No. 04-12294-PBS |

**PLAINTIFF TURNER'S RESPONSE TO LEAD PLAINTIFFS JAMES TITO AND FRANK WADDELL'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS**

**I.    INTRODUCTION**

This action was originally filed on September 30, 2003 in the Circuit Court of Cook County, Illinois on behalf of Mike Turner as plaintiff in a securities class action against certain officers and directors of divine, inc. ("divine") for violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act") in connection with divine's October 2001 acquisition of eshare Communications ("eshare") and divine's July 2002 acquisition of Delano Corporation ("Delano") (hereinafter collectively referred to as the "Acquisitions"). Plaintiff's complaint alleges only strict

liability and negligence claims concerning false and misleading statements of material fact and omissions of material facts in the Joint Registration Statements/Proxy Statements (collectively, the "Registration Statements") issued to the shareholders of Delano and eshare. Plaintiff seeks damages on behalf of himself and all similarly situated class members who were injured due to the purchase of divine securities issued pursuant to and traceable to the materially false and misleading Registration Statements utilized in connection with the Acquisitions. divine is not a party to this action.

On December 11, 2003 (over ten weeks after plaintiff Turner filed his action), lead plaintiffs James Tito and Frank Waddell ("Moving Plaintiffs") filed their Consolidated Class Action Complaint, for the first time adding claims on behalf of those individuals who acquired divine shares through the Delano acquisition.[1] On March 1, 2005, plaintiff Turner filed his Motion for Reconsideration of Remand (the "Remand Motion"), seeking to have his action remanded to Illinois state court. On March 8, 2005, Moving Plaintiffs filed this Motion for Consolidation of Related Actions ("Motion for Consolidation") seeking to consolidate the *Turner* action into the *Bobbitt* action for all purposes.

Plaintiff Turner believes this motion will be mooted as remand of his action is appropriate. If his action is not remanded, plaintiff Turner agrees that consolidation is proper. However, plaintiff Turner wishes to ensure that he and his counsel have an active leadership role in the litigation. Therefore, plaintiff Turner respectfully requests this Court deny the Motion for Consolidation, in part, allowing plaintiff Turner and his counsel an active leadership role in this litigation.

---

[1] On July 25, 2003, plaintiff James Tito filed his class action complaint, which asserted §11, 12(a)(2) and 15 claims on behalf of those persons who exchanged shares of eshare common stock for divine common stock. *See* Ex. A. However, that complaint does not allege that James Tito acquired divine shares in connection with the eshare acquisition. *Id.* at ¶5. Accordingly, it was unclear if James Tito is a proper representative for the claims concerning eshare. On December 11, 2003, in the Consolidated Class Action Complaint, it was asserted for the first time that James Tito acquired his divine shares through divine's acquisition of eshare.

II.    **ARGUMENT**

    A.    **Consolidation Is Improper as the Turner Action Should Be Remanded**

As set forth in plaintiff Turner's Remand Motion, this Court does not have jurisdiction over his action. Thus, the *Turner* action should be remanded. As remand is proper, consolidation need not be considered.

    B.    **If Remand Is Denied, This Court Should Consolidate the Actions**

If plaintiff Turner's Remand Motion is denied, plaintiff Turner does not oppose consolidation of the *Turner* action with the *Bobbitt* action.[2] Turner just disagrees on who should occupy the leadership role. Therefore, this Court should appoint a leadership structure for plaintiffs. *See In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554 (S.D. Ohio 2005) ("Selection of lead counsel is a duty often left to the court if the parties cannot decide amongst themselves.").

    C.    **If Consolidation is Granted, The Court Should Select Turner's Proposed Leadership Structure**

At the end of the Motion for Consolidation, Moving Plaintiffs state that "Tito and Waddell should continue to serve as lead plaintiffs for the Class and their counsel should continue to serve as Lead Counsel." Motion at 3. Plaintiff Turner, however, proposes that Turner serve as a co-lead plaintiff and Marc M. Umeda of Robbins Umeda & Fink, LLP serve as plaintiffs' co-lead counsel for the §§11 and 15 claims concerning eshare and Delano.[3] This leadership structure will serve to efficiently coordinate all plaintiffs' common interests in prosecuting the case, while streamlining the proceedings and avoiding duplicative and unproductive effort. This structure also ensures that all plaintiffs have a significant voice in the litigation.

Turner and his counsel have worked to research the facts underlying their actions and in developing the allegations in his Complaint. Turner has also diligently fought the removal and transfer of his action. To deprive Turner and his counsel of any say in this consolidated litigation

---

[2] Plaintiff Turner does not oppose consolidation despite the fact that Turner names nine additional defendants and asserts one cause of action not contained in the Second Consolidated Class Action Complaint recently filed in the *Bobbitt* action. In fact, these differences merely emphasize the importance of allowing Turner the opportunity to lead this litigation if consolidation is granted.

[3] Clearly, plaintiff Turner and his counsel should serve as sole lead plaintiff and lead counsel for Turner's §12(a)(2) claims, claims not asserted in the *Bobbitt* action.

would be unjust. Although not definitive, the fact that Turner filed his lawsuit over ten weeks before the other plaintiffs should also be given weight in determining who should lead this litigation. *See Lloyd v. Indus. Bio-Test Labs., Inc.,* 454 F. Supp. 807, 813 (S.D.N.Y. 1978) (appointing lead counsel based partly upon which counsel drafted the complaint). Accordingly, the Court should appoint Turner as a co-lead plaintiff and Robbins Umeda & Fink, LLP as co-lead counsel for plaintiffs for the §§11 and 15 claims concerning eshare and Delano.

### III. CONCLUSION

This Court should remand plaintiff Turner's action. If not remanded, however, in the interests of equity, judicial economy and for the reasons set forth above, plaintiff Turner respectfully requests that the Court deny the Motion for Consolidation of Related Actions in part and appoint plaintiff Turner as co-lead plaintiff and Marc M. Umeda of Robbins Umeda & Fink, LLP as co-lead counsel for the §§11 and 15 claims concerning eshare and Delano. Plaintiff Turner also respectfully requests that he be appointed sole lead plaintiff and Marc M. Umeda of Robbins Umeda & Fink, LLP be appointed as sole lead counsel for the §12(a)(2) claim concerning eshare and Delano.

DATED: March 22, 2005

Respectfully Submitted,

s/ Marc M. Umeda

Marc M. Umeda, admitted *Pro Hac Vice*
Kelly M. McIntyre
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 615/525-3991

Attorneys for Plaintiff

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Local Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF TURNER'S RESPONSE TO LEAD PLAINTIFFS JAMES TITO AND FRANK WADDELL'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS** has been served on the parties on the attached Service List, via U.S. First- Class Mail, postage prepaid, on this 22nd day of March, 2005.

                                    s/ Marc M. Umeda
                                    _____
                                    MARC M. UMEDA

Service List

Counsel for Plaintiffs

Marc M. Umeda
ROBBINS UMEDA & FINK LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

Patrick J. Sherlock
LAW OFFICE OF PATRICK J. SHERLOCK
11 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: 312/683-5575
Facsimile: 312/896-5784

Samuel H. Rudman
David A. Rosenfeld
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

Howard T. Longman
STULL STULL & BRODY
Six East 45th Street
New York, NY 10017

Mary T. Sullivan
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602

Robert D. Allison
LAW OFFICES OF ROBERT D. ALLISON
 & ASSOCIATES
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603

David Pastor
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: 781/231-7850
Facsimile: 781/231-7840

Counsel for Defendants

Bruce S. Sperling
Thomas D. Brooks
Angie Chen
SPERLING & SLATER PC
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

Daniel J. Lyne
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
Telephone: 617/423-0400
Facsimile: 617/305-0663

Counsel for Andrew Filipowski

Samuel B. Isaacson
Joseph Collins
Lawrence A. Wojcik
DLA PIPER RUDNICK
 GRAY CARY US LLP
203 N. LaSalle Street, Suite 1800
Chicago, IL 60601
Telephone: 312/368-4000
Facsimile: 312/630-7385

Bruce S. Barnett
DLA PIPER RUDNICK
 GRAY CARY US LLP
One International Place
Boston, MA 02110
Telephone: 617/406-6002
Facsimile: 617/406-6102

Counsel for Michael P. Cullinane

| | |
|---|---|
| Joel G. Chefitz<br>James E. Hanlon, Jr.<br>HOWREY SIMON ARNOLD & WHITE LLP<br>321 N. Clark Street, Suite 3400<br>Chicago, IL 60610<br>Telephone: 312/595-1348<br>Facsimile: 312/595-2250<br><br>Counsel for Paul Humenansky | John F. Hartmann<br>Michael A. Duffy<br>KIRKLAND & ELLIS LLP<br>AON Center<br>200 E. Randolph Drive<br>Chicago, IL 60601<br>Telephone: 312/861-2000<br>Facsimile: 312/861-2200<br><br>Kevin J. O'Connor<br>Mayeti Gametchu<br>PARAGON LAW GROUP LLP<br>184 High Street<br>Boston, MA 02110<br>Telephone: 617/399-7950<br>Facsimile: 617/399-7955<br><br>Counsel for Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau |