UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-12263-PBS |
| | ) | STIPULATION OF SETTLEMENT |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

This Stipulation of Settlement dated as of May 22, 2006 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled Litigation: (i) Plaintiffs (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation; and (ii) Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Litigation and the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

Currently pending are two securities class actions on behalf of purchasers or acquirers of divine, inc. ("divine" or the "Company") publicly traded securities during a defined period of time (the "Litigation"): *Bobbitt v. Filipowski, et al.*, No. 04-12263-PBS and *Howard v. Filipowski*, No. 05-00922.

On March 8, 2005, Plaintiffs' Settlement Counsel filed the Second Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") in the *Bobbitt* action, currently pending in the United States District Court, District of Massachusetts ("District Court"). The Complaint presents in a single pleading allegations on behalf of the following nine predecessor actions filed in the Northern District of Illinois, each of which allege violations of the federal securities laws by certain former directors and officers of divine: *Sharon Bobbitt v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 3599; *Julian A. Schulman v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 3722; *Paul Walk v. Andrew J. Filipowski, Michael P. Cullinane, Aleksander Szlam and Jude M. Sullivan*, No. 03 C 3888; *Richard Paul Vail v. Andrew J. Filipowski, Michael P. Cullinane, Aleksander Szlam and Jude M. Sullivan*, No. 03 C 4100; *Edward Paul Norman v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 4116; *Sanford Brett Kane v. Andrew J. Filipowski, Michael P. Cullinane, Aleksander Szlam and Jude Sullivan*, No. 03 C 4506;

*Wrobley v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 4756; *Tito v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 5194; and *Roxie G. Payton and Louis P. Sankey v. Andrew J. Filipowski and Michael P. Cullinane*, No. 03 C 5245. The Complaint alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of divine publicly traded securities during the Class Period and also alleges violations of §§11 and 15 of the Securities Act of 1933 on behalf of three subclasses: (i) all persons or entities who exchanged their shares of eShare Communications, Inc. ("eShare") for shares of divine in connection with divine's acquisition of eShare ("eShare SubClass"); (ii) all persons or entities who exchanged their shares of Data Return, Inc. ("Data Return") in connection with divine's acquisition of Data Return ("Data Return SubClass"); and (iii) all persons or entities who exchanged their shares of Delano Technology ("Delano") for shares of divine in connection with divine's acquisition of Delano ("Delano SubClass").

*Turner v. Filipowski, et al.*, No. 04-12294-PBS , originally filed in the Chancery Court of Cook County, Illinois, removed to the Northern District of Illinois, and subsequently transferred to the District Court, also alleges violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 on behalf of the eShare SubClass and the Delano SubClass. The *Howard* action, originally filed in the Chancery Court of Cook County, Illinois, and currently pending in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, alleges violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 on behalf of the Data Return SubClass, and all persons or entities who exchanged their shares of Viant Corporation ("Viant") for shares of divine in connection with divine's acquisition of Viant (the "Viant SubClass"). The District Court ordered that the *Turner* action be consolidated with the *Bobbitt* action. The *Howard* action will be transferred to the District Court pursuant to the agreement of the Settling Parties and prior to the approval of this Stipulation.

Counsel for Plaintiffs and Defendants engaged in a series of negotiations over several months in an attempt to settle this Litigation. In January 2006, counsel for Plaintiffs and Defendants reached an agreement in principle to settle the Litigation, and on February 2, 2006, executed a Memorandum of Understanding.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, *inter alia*, the allegations that Defendants made any alleged misrepresentations, non-disclosures or otherwise, that Plaintiffs or the Class have suffered damage, that the prices of divine publicly traded securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants

through trial and through appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and Plaintiffs' Settlement Counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class, particularly in light of divine's bankruptcy and competing claims to the limited funds available to satisfy a judgment.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the District Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the District Court shall prescribe.

1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4    "Class" means all Persons who purchased or otherwise acquired divine publicly traded securities on the open market during the Class Period. Also included in the Class is the

eShare SubClass, the Data Return SubClass, the Delano SubClass and the Viant SubClass. Excluded from the Class are Defendants, members of their immediate families, Defendants' legal representatives, any entity in which any Defendant is a trustee or has a controlling interest to the extent such entity's ownership of divine stock inured or inures to the benefit of Defendants or members of their immediate families, and their legal representatives, heirs, predecessors, successors or assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

      1.5    "Class Member" means a Person who falls within the definition of the Class, as set forth in ¶1.4 of the Stipulation.

      1.6    "Class Period" means the period September 17, 2001 through February 14, 2003, inclusive.

      1.7    "Defendants" means Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau.

      1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

      1.9    "Escrow Agent" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s), and Stull Stull & Brody.

      1.10    "Final" means when the last of the following with respect to any order or judgment entered pursuant to the Stipulation shall occur: (i) the expiration of three (3) business days after the time to file a motion to vacate, reconsider, alter or amend the order or judgment has passed without any such motion having been filed (unless the date to file such a motion shall have been extended by Court order or otherwise, or unless such 3rd business day falls on a weekend or a Court holiday, in

- 5 -

which case the date for purposes of this Stipulation shall be deemed to be the next business day after such weekend or Court holiday); (ii) the expiration of three (3) business days after the time in which to appeal the order or judgment has passed without any appeal having been taken (unless the date to file such an appeal shall have been extended by Court order or otherwise, or unless such 3rd business day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such weekend or Court holiday); and (iii) if such motion to vacate, reconsider, alter or amend is filed or if an appeal is taken, three (3) business days after the last such motion to vacate, reconsider, alter or amend, or appeal has been determined in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude any other order or judgment entered pursuant to this Stipulation from becoming Final.

1.11    "Judgment" means the final judgment and order of dismissal with prejudice to be entered by the District Court, substantially in the form attached hereto as Exhibit B.

1.12    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.13    "Plaintiffs" means James Tito, Frank Waddell, Jeffrey A. Hoover, Patricia Diamantouros, Mike Turner, James F. Howard, Chris Brown, Julian A. Schulman, Paul Walk,

Richard Paul Vail, Edward Paul Norman, Sanford Brett Kane, Kirk L. Wrobley, Roxie G. Payton and Louis P. Sankey, for themselves and on behalf of each of the Class Members.

1.14 "Plaintiffs' Counsel" means any counsel who have appeared for Plaintiffs in the Litigation.

1.15 "Plaintiffs' Settlement Counsel" means: Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California, 92101; Samuel H. Rudman, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 58 South Service Road, Suite 200, Melville, NY 11747; and Howard Longman, Stull Stull & Brody, 6 East 45th Street, 4th Floor, New York, NY 10017.

1.16 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the District Court. Any Plan of Allocation is not part of the Stipulation and Defendants and the Related Parties shall have no responsibility therefore or liability with respect thereto.

1.17 "Related Parties" means each director or officer of Divine (other than the Defendants) as well as Aleksander Szlam ("Szlam") and Jude Sullivan ("Sullivan"), and such director's, officer's, Szlam's, Sullivan's or the Defendant's partners, insurers, co-insurers, reinsurers, agents, attorneys, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, any entity in which such director, officer, Szlam, Sullivan,or Defendant has a controlling interest, any members of such director's, officer's, Szlam's, Sullivan's or Defendant's immediate family, or any trust of which such director, officer, Szlam, Sullivan or Defendant, is the settlor or which is for the benefit of the director, officer, Szlam, Sullivan or Defendant, or his family.

- 7 -

1.18    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.22 hereof), disputes, demands, rights, liabilities and causes of action of every nature and description whatsoever (including but not limited to any claim for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), known or unknown, liquidated or unliquidated, contingent or noncontingent, accrued or unaccrued, in law or in equity, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, reckless or intentional misconduct, breach of duty of care, good faith and/or breach of duty of loyalty, fraud, or violations of any state or federal statutes, rules or regulations, by Plaintiffs or any Class Member against Defendants or the Related Parties arising out of, based upon or related in any way to both the acquisition or sale of divine publicly traded securities by Plaintiffs or any Class Member or pursuant to any of the acquisitions set forth in the Litigation, and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation.

1.19    "Released Persons" means each and all of Defendants and each and all of the Related Parties.

1.20    "Settlement Fund" means Six Million Five Hundred Thousand Dollars ($6,500,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon pursuant to ¶¶2.1, 2.2 and 2.6.

1.21    "Settling Parties" means, collectively, each of Defendants and Plaintiffs.

1.22    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons

which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release and, upon the Effective Date, each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and each Class Member shall be

deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.    The Settlement

#### a.    The Settlement Fund

2.1    Defendants shall direct their Insurers of the Litigation to deposit the Settlement Fund with the Escrow Agent within ten (10) business days of the later of the District Court's preliminary approval of the settlement and Final approval by the United States Bankruptcy Court for the Eastern District of Massachusetts (the "Bankruptcy Court") for the use of the applicable insurance policy proceeds ("Proceeds") to fund the Settlement. If the Settlement Fund is not so transferred, the unpaid amount shall accrue interest at a rate of five percent per annum from the due date until paid.

#### b.    The Escrow Agent

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the District Court, or with the written agreement of counsel for Defendants and their Insurers.

2.4    Subject to further order and/or direction as may be made by the District Court, the Escrow Agent is authorized to execute such transactions on behalf of the Plaintiffs and Class Members as are consistent with the terms of the Stipulation.

2.5    The Settlement Funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the District Court, and shall remain subject to the jurisdiction of the District

Court, until such time as the Settlement Funds shall be distributed pursuant to the Stipulation and/or further order(s) of the District Court.

2.6     Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to One Hundred Thousand Dollars ($100,000) from the Settlement Fund in it. The Class Notice and Administration Fund may be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.

**c.     Taxes**

2.7     (a)     Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of Treas. Reg. §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns

described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)    All (a) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or the Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall Defendants or the Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of Defendants and the Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the District Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor the Related Parties are responsible therefore nor shall they

have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)    For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### d.    Termination of Settlement

2.8    If the conditions to the Effective Date are not met, or if the Stipulation is otherwise terminated pursuant to its terms, the Settlement Fund and Class Notice and Administration Fund (including accrued interest), less expenses actually incurred or due and owing in connection with the settlement provided for herein, shall be refunded to Defendants' Insurers, as provided in ¶7.3 below.

### 3.    Notice Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the District Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action, Motion For Attorneys' Fees and Settlement Fairness Hearing (the "Notice") substantially in the form of Exhibit A-1 hereto and publication of a summary notice substantially in the form of Exhibit A-3 hereto (the "Summary Notice"). The Settling Parties shall also present the Settlement to the Bankruptcy Court for approval of the use of the Proceeds to fund the Settlement. The Notice, which shall not be provided until the Settling Parties have obtained both an order from the Bankruptcy Court approving the use of the Proceeds, and the order has become Final, as defined in ¶1.10 hereof, and a Notice Order from the District Court, and the Notice Order has become Final, as defined in ¶1.10 hereof. The Notice Order shall

- 13 -

include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Motion For Attorneys' Fees and the date of the Settlement Hearing.

3.2     Plaintiffs' Settlement Counsel shall request that after notice is given, the District Court hold a hearing (the "Settlement Hearing") and enter the Judgment. At or after the Settlement Hearing, Plaintiffs' Settlement Counsel also will request that the District Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.      Releases**

4.1     Upon the Effective Date, as defined in ¶1.8 hereof, Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form. By entering this Stipulation, Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred, or otherwise granted any interest in the Released Claims, or any of them, to any other party or entity.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 hereto.

4.3     Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs, Class Members and Plaintiffs' Settlement Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

- 14 -

4.4     Plaintiffs, on behalf of themselves and the other Class Members, acknowledge that the foregoing waiver was bargained for and a key element of the settlement of which this release is a part.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the District Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the District Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the District Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the District Court, each Person claiming to be an Authorized Claimant shall be required to

- 15 -

submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5    Except as otherwise ordered by the District Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the District Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the District Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiffs' Settlement Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7    This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants' Insurers. Defendants and the Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8    No Person shall have any claim against the Escrow Agent, Plaintiffs' Settlement Counsel, the Claims Administrator or other entity designated by Plaintiffs' Settlement Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the District Court.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the District Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.    Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1    Plaintiffs' Settlement Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Plaintiffs' Settlement Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    The attorneys' fees and expenses, as awarded by the District Court, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund, as ordered, and within ten (10) days after the District Court executes an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or collateral attack on the Settlement or any part thereof,

- 17 -

subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest at the rate paid on the escrow account by the financial institution holding it, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the Award is reduced or reversed, consistent with such reduction or reversal. Plaintiff's Settlement Counsel shall thereafter allocate the attorneys' fees in manner in which they in good faith believe reflects the contributions of counsel to the prosecution and settlement of the Litigation. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the District Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the District Court of any applications by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4    Defendants and the Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund.

6.5    Defendants and the Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the District Court may make in the Litigation, and Defendants and the Related Parties take no position with respect to such matters.

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    The Bankruptcy Court enters an order approving the use of the Proceeds to fund the Settlement, and the order has become Final, as defined in ¶1.10 hereof;

(b)    The *Howard* Action is transferred to the District Court;

(c)    Defendants' Insurers have timely made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(d)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

(e)    the District Court has entered the Notice Order, as required by ¶3.1 hereof;

(f)    the aggregate number of shares of divine publicly traded securities purchased or acquired by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, does not exceed the sum specified in the Supplemental Agreement;

(g)    the District Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto; and

(h)    the Judgment has become Final, as defined in ¶1.10 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants or their Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiffs'

Settlement Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3      Unless otherwise ordered by the District Court, if the conditions to the Effective Date are not met, or if the Stipulation is otherwise terminated pursuant to its terms, within five (5) business days after written notification of such event is sent by counsel for Defendants or Plaintiffs' Settlement Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel and Defendants' Insurers. At the request of counsel to Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of counsel to Defendants.

7.4      If the conditions to the Effective Date are not met, or if the Stipulation is otherwise terminated pursuant to its terms,, the Settling Parties shall be restored to their respective positions in the Litigation as of February 2, 2006.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the District Court or modification or reversal on appeal of any order of the District Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the District Court to Plaintiffs or Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5      If the conditions to the Effective Date are not met, or if the Stipulation is otherwise terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

- 20 -

In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6    If prior to the Settlement Hearing, the aggregate number of shares of divine publicly traded securities purchased or acquired by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Settling Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the District Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

## 8.  No Admission of Wrongdoing

8.1    This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)    offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)    offered or received against any Defendant as evidence of a presumption, concession, of admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

- 21 -

(c)     offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the District Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against Defendants or Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate the agreement set forth in this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, the Exhibits hereto and the Supplemental Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation, the Exhibits hereto and the Supplemental Agreement.

9.2     The Settling Parties intend the settlement in this Stipulation to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal

- 22 -

counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3    Defendants and/or the Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation. The parties will enter into a Confidentiality Agreement in the form of Exhibit __ hereto.

9.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6    The Stipulation, the Exhibits hereto and the Supplemental Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    The Stipulation, the Exhibits hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation, the Exhibits hereto or the Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

9.8    Plaintiffs' Settlement Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the

Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation, the Exhibits hereto and the Supplemental Agreement on behalf of the Class which they deem appropriate.

9.9     Each counsel or other Person executing the Stipulation, the Exhibits hereto or the Supplemental Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the District Court.

9.11     The Stipulation, the Exhibits hereto and the Supplemental Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.12     The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, the Exhibits hereto and the Supplemental Agreement, and all parties hereto submit to the jurisdiction of the District Court for purposes of implementing and enforcing the settlement embodied in the Stipulation, the Exhibits hereto and the Supplemental Agreement.

9.13     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.14     The Stipulation, the Exhibits hereto and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Massachusetts, and the rights and obligations of the parties to the Stipulation, the Exhibits hereto and the Supplemental Agreement shall be construed and enforced in accordance

with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts without giving effect to that Commonwealth's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

DATED: _May 22_, 2006

_____
DAVID PASTOR (BBO #391000)

GILMAN AND PASTOR, LLP
DAVID PASTOR (BBO #391000)
60 State Street, 37th Floor
Boston, MA  02109
Telephone:  617/742-9700
617/742-9701 (fax)

DATED: _____, 2006

_____
SAMUEL H. RUDMAN

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts

without giving effect to that Commonwealth's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

their duly authorized attorneys.

DATED: _____, 2006


                                    _____
                                              DAVID PASTOR

                                    GILMAN AND PASTOR, LLP
                                    DAVID PASTOR (BBO #391000)
                                    60 State Street, 37th Floor
                                    Boston, MA 02109
                                    Telephone: 617/742-9700
                                    617/742-9701 (fax)

DATED: May 22_____, 2006


                                    Samuel H. Rudman /by egs
                                    SAMUEL H. RUDMAN

                                    LERACH COUGHLIN STOIA GELLER
                                    RUDMAN & ROBBINS LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD
                                    MARIO ALBA, JR.
                                    58 South Service Road, Suite 200
                                    Melville, NY 11747
                                    Telephone: 631/367-7100
                                    631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

DATED: _May 22_ 2006


_____
HOWARD T. LONGMAN
STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone: 212/687-7230
212/490-2022 (fax)
Co-Lead Counsel for Plaintiffs and the Class


_____
MARC M. UMEDA

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James F.
Howard and Chris Brown

DATED: _____, 2006


_____
THOMAS D. BROOKS

- 26 -

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

DATED: _____, 2006


_____
HOWARD T. LONGMAN
STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY 10017
Telephone: 212/687-7230
212/490-2022 (fax)
Co-Lead Counsel for Plaintiffs and the Class


_____
MARC M. UMEDA

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James F.
Howard and Chris Brown

DATED: _____, 2006


_____
THOMAS D. BROOKS

- 26 -

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

DATED: _____, 2006


HOWARD T. LONGMAN
————————————————————————
STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY 10017
Telephone: 212/687-7230
212/490-2022 (fax)
Co-Lead Counsel for Plaintiffs and the Class


MARC M. UMEDA
————————————————————————
ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James F.
Howard and Chris Brown

DATED: _MAY 22_, 2006


THOMAS D. BROOKS

- 26 -

SPERLING & SLATER
BRUCE S. SPERLING
THOMAS D. BROOKS
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312/641-3200

Attorneys for Defendant Andrew J. Filipowski

DATED: _MAy 22_, 2006

_____ /GB
SAMUEL B. ISAACSON
( wITH
EXPRESS
PERMISSION )

DLA PIPER RUDNICK GRAY CARY US LLP
SAMUEL B. ISAACSON
JOSEPH COLLINS
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Telephone: 312/368-4000

Attorneys for Defendant Michael P. Cullinane

DATED: _____, 2006

_____
JOEL G. CHEFITZ

HOWREY LLP
JOEL G. CHEFITZ
JAMES E. HANLON, JR.
321 North Clark Street, Suite 3400
Chicago, IL 60610
Telephone: 312/595-1522
312/595-2250 (fax)

Attorneys for Defendant Paul L. Humenansky

DATED: _5 - 22 -_, 2006

_____
JOHN F. HARTMAN

- 27 -

KIRKLAND & ELLIS, LLP
JOHN F. HARTMAN
MICHAEL A. DUFFY
200 E. Randolph Drive
Chicago, IL 60601
Telephone: 312/861-2000
312/861-2200 (fax)

Attorneys for Defendants Tommy
Bennett, John Cooper, James E. Cowie, Michael
H. Forster, Arthur W. Hahn, Thomas J. Meredith,
J. Kevin Nater and John Rau

203 North LaSalle Street, Suite 1900
Chicago, IL  60601-1293
Telephone:  312/368-4000

Attorneys for Defendant Michael P. Cullinane

DATED: _May 22_, 2006

HOWREY LLP
JOEL G. CHEFITZ
JAMES E. HANLON, JR.


_____
          JOEL G. CHEFITZ

321 North Clark Street, Suite 3400
Chicago, IL  60610
Telephone:  312/595-1522
312/595-2250 (fax)

Attorneys for Defendant Paul L. Humenansky

DATED: _____, 2005

KIRKLAND & ELLIS, LLP
JOHN F. HARTMAN
MICHAEL A. DUFFY



_____
          MICHAEL A. DUFFY

200 E. Randolph Drive
Chicago, IL  60601
Telephone:  312/861-2000
312/861-2200 (fax)

Attorneys for Defendants Tommy Bennett, John
Cooper, James E. Cowie, Michael H. Forster,
Arthur W. Hahn, Thomas J. Meredith, J. Kevin
Nater and John Rau

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\DVComparison_SUPP AGMT 00030448-(v1) SUPP AGMT 00030448.doc

- 5 -