UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 04-12263-PBS |
| Plaintiff, | | PROOF OF CLAIM AND RELEASE |
| vs. | | EXHIBIT A-2 |
| ANDREW J. FILIPOWSKI, et al., | | |
| Defendants. | | |

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the class based on your claims in the action entitled *Bobbitt v. Filipowski, et al.*, Case No. 04-12263-PBS (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2006, ADDRESSED AS FOLLOWS:

> *divine Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.     DEFINITIONS**

1.      "Defendants" means Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas I, Meredith, J. Kevin Nater and John Rau.

2.      "Related Parties" means each director or officer of Divine (other than the Defendants) as well as Aleksander Szlam ("Szlam") and Jude Sullivan ("Sullivan"), and such director's, officer's, Szlam's, Sullivan's or the Defendant's partners, insurers, co-insurers, reinsurers, agents, attorneys, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, any entity in which such director, officer, Szlam, Sullivan, or Defendant has a controlling interest, any members of such director's, officer's, Szlam's, Sullivan's or Defendant's immediate family, or any trust of which such director, officer, Szlam, Sullivan or Defendant, is the settlor or which is for the benefit of the director, officer, Szlam, Sullivan or Defendant, or his family.

3.      "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased or acquired divine securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of divine securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE DIVINE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must

be stated.  The Social Security (or taxpayer identification) number and telephone number of the

beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information

could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in divine Securities" to

supply all required details of your transaction(s) in divine securities.  If you need more space or

additional schedules, attach separate sheets giving all of the required information in substantially the

same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your

purchases or acquisitions and *all* of your sales of divine securities which took place at any time

beginning September 17, 2001 through February 14, 2003, inclusive (the "Class Period"), including,

the acquisition of divine shares in exchange for shares of eshare, Data Return, Delano or Viant

shares, and whether such transactions resulted in a profit or a loss.  Failure to report all such

transactions may result in the rejection of your claim.

3.    List each transaction in the Class Period separately and in chronological order, by

trade date, beginning with the earliest.  You must accurately provide the month, day and year of each

transaction you list.

4.    Broker confirmations or other documentation of your transactions in divine securities

should be attached to your claim.  Failure to provide this documentation could delay verification of

your claim or result in rejection of your claim.

5.    The above requests are designed to provide the minimum amount of information

necessary to process the most simple claims.  The Claims Administrator may request additional

information as required to efficiently and reliably calculate your losses.  In some cases where the

Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class

- 4 -

with the information provided, the Claims Administrator may condition acceptance of the claim

upon the production of additional information and/or the hiring of an accounting expert at the

Claimant's cost.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*Bobbitt v. Filipowski, et al.*

Case No. 04-12263-PBS

PROOF OF CLAIM

Must be Postmarked No Later Than:

_____, 2006

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

---

Beneficial Owner's Name (First, Middle, Last)

---

Street Address

---

City                              State                Zip Code

---

Foreign Province              Foreign Country

---

Social Security Number or                              Individual
Taxpayer Identification Number

Corporation/Other

---

Area Code                    Telephone Number    (work)

---

Area Code                    Telephone Number    (home)

---

Record Owner's Name (if different from beneficial owner listed above)

PART II:    SCHEDULE OF TRANSACTIONS IN DIVINE SECURITIES

A.    Number and type of shares of divine securities held at the beginning of trading on September 17, 2001:    Type of Security    _____
                                                                                        Number of Shares    _____

B.    divine securities Purchased or Acquired (September 17, 2001 – February 14, 2003, inclusive):

| Trade Date Mo. Day Year | Type of Securities Purchased or Acquired | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

C.    divine securities Sales (September 17, 2001 – February 14, 2003, inclusive):

| Trade Date Mo. Day Year | Type of Securities Sold | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

D.    Number and type of shares of divine securities held at close of trading on February 14, 2003:    Type of Security    _____
                                                                                        Number of Shares    _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of February __, 2006 ("Stipulation") described in the Notice.  I also submit to the jurisdiction of the United States District Court for the District of Massachusetts, with respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I agree to furnish additional information to Plaintiffs' Settlement Counsel to support this claim if required to do so.  I have not submitted any other claim covering the same purchases, acquisitions or sales of divine securities during the Class Period and know of no other Person having done so on my behalf.

## VI.    RELEASE

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of the Related Parties.

2.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), disputes, demands, rights, liabilities and causes of action of every nature and description whatsoever, (including but not limited to any claim for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses or liability whatsoever) known or unknown, liquidated or unliquidated, contingent or non-contingent, accrued or unaccrued, in law or in equity, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, reckless or intentional misconduct, breach of duty of care, good faith and/or breach of duty of loyalty, fraud, or violations of any state or federal statutes, rules or regulations, by Plaintiffs or any Class Member against Defendants or the Related

- 7 -

Parties arising out of, based upon or related in any way to both the purchase, acquisition or sale of divine publicly traded securities by the Plaintiffs or any Class Member during the Class Period or pursuant to any of the acquisitions set forth in the Litigation, and the facts, transactions ,events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation.

3.       "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and upon the Effective Date, each Class

Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and each Class Member shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in divine securities that occurred during the Class Period as well as the number and type of shares of divine securities held by me (us) at the opening of trading on September 17, 2001, and at the close of trading on February 14, 2003.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐    Individual/Sole Proprietor          ☐    Pension Plan
☐    Corporation      ☐    Partnership    ☐    Trust
☐    IRA              ☐    Other

Enter TIN on appropriate line.

o       For individuals, this is your Social Security Number ("SSN").

o       For sole proprietors, you must show your individual name, but your may also
        enter your business or "doing business as" name.  You may enter either your
        SSN or your Employer Identification Number ("EIN").

o       For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _           or        _ _ - _ _ _ _ _ _ _
Social Security Number                     Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on
the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number shown on this form is my correct TIN; and

2.      I (we) certify that I am (we are) NOT subject to backup withholding under
        the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code
        because: (a) I am (we are) exempt from backup withholding; or (b) I (we)
        have not been notified by the Internal Revenue Service that I am (we are)
        subject to backup withholding as a result of a failure to report all interest or

- 10 -

dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
(Month/Year)

in _____, _____.
(City)                          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.        Please sign the above release and declaration.

2.        Remember to attach supporting documentation, if available.

3.        Do not send original stock certificates.

- 11 -

4.    Keep a copy of your claim form for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send us your new address.

S:\Settlement\Divine.set\(v1) A2-00028103.doc