UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, et al.,<br><br>                    Defendants. | No. 04-12263-PBS<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

This matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2006, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May __, 2006 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this settlement only, a Class of all Persons who purchased or otherwise acquired divine publicly traded securities on the open market between September 17, 2001 through February 14, 2003. Also included in the Class are the eShare SubClass, the Data Return SubClass, the Delano SubClass and the Viant SubClass. Excluded from the Class are Defendants, members of their immediate families, Defendants' legal representatives, any entity in which any Defendant is a trustee or has an interest, to the extent such entity's ownership inured or inures to the benefit of Defendants, or members of their immediate families, Defendants' legal representatives and any of their parents, subsidiaries, officers, directors, affiliates, heirs, predecessors, successors-in-interest or assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing.

4.  This Court finds that the prerequisites for a class action have been finally satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Plaintiffs, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is

hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.  Upon the Effective Date, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.  All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10.  The distribution of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11. Any order entered regarding the plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: _____

THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

_____
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone:  212/687-7230
212/490-2022 (fax)

Attorneys for Plaintiff

S:\Settlement\Divine.set\(v1) EB-00028110.doc