UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated,<br><br>                                       Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, et al.,<br><br>                                   Defendants. | No. 04-12263-PBS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

      Lead Plaintiffs James Tito and Frank Wadell and Plaintiffs Jeffrey A. Hoover, Patricia Diamantouros, Mike Turner, James F. Howard and Chris Brown (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of a Proposed Class Action Settlement and for approval of the Form and Manner of Notice to be sent to the Class

      Plaintiffs and Defendants Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas I. Meredith, J. Kevin Nater and John Rau ("Defendants") have entered into a proposed stipulation of settlement providing for the payment of $6,500,000 in cash to Plaintiffs and members of the Class and Subclasses, as defined below (the "Settlement").

In class action cases, settlements must receive Court approval. Rule 23(e)(1)(A).[1] This occurs through a two step process. First, the Court determines whether to grant preliminary approval of the settlement. In this case, pursuant to the terms of the Stipulation of Settlement, preliminary approval is required before limited approval can be sought from the Bankruptcy Court in this District for approval for the use proceeds of the Director's & Officer's liability insurance policies to fund the Settlement, as described infra at page 6. After Preliminary Approval and approval by the Bankruptcy Court of the use of proceeds, notice can be disseminated to the Class and Subclasses. As detailed below, preliminary approval of the proposed class action settlement is procedural in nature and does not involve determinations on the merits of the proposed settlement as long as the settlement falls within the range of possible approval. In Re Prudential Securities, Inc. Ltd. Partnerships Litigation, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). Class Members can then decide whether to participate in the settlement, object to its terms, and/or appear at the final approval hearing. Class members are also informed of their right to exclude themselves from the class-wide settlement so they can independently pursue their claims. The next step, after Bankruptcy Court approval, is for the Court to decide whether the settlement should receive final approval. This occurs at a later date, following notice to class members, at a hearing at which the Court considers any objections to the proposed settlement.

At this point -- the preliminary approval stage -- the Court need only decide: (a) whether to provisionally approve the settlement; and (b) whether to provisionally certify the Class and Subclasses so that notice of the settlement can be disseminated for their review. The Court does not at this time have to determine whether the settlement meets the standards for final approval.

---

[1] All references herein to "Rule __" are to the Federal Rules of Civil Procedure.

*Manual for Complex Litigation, Third* §23.14 at 171 (West Ed. 1995) ("First, the court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

For the reasons discussed below, preliminary approval of the Settlement is warranted and Plaintiffs request that the Court enter an Order:

(a)   Granting preliminary approval of the Settlement;

(b)   Provisionally certifying the settlement Class and Subclasses;

(c)   Approving the form of, and program for, providing notice of the Settlement to the Class and Subclass members; and

(d)   Scheduling the final approval hearing and related deadlines.[2]

**1.    DESCRIPTION OF THE LITIGATION**

This case was initially brought in the Northern District of Illinois as a class action asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act") on behalf of purchasers of publicly traded securities of divine, inc.("divine"), a former internet company that has been in bankruptcy throughout the course of this litigation. On August 19, 2003, Judge Samuel Der-Yeghiayan of the Northern District of Illinois consolidated nine separate actions into the action entitled <u>Bobbit v. Filipowski, et al.</u> (the "Consolidated Action") and appointed James Tito and Frank Wadell as Lead Plaintiffs and appointed their choice of counsel as Lead Counsel. On December 11, 2003 Lead Plaintiffs filed their First Consolidated Amended Complaint. Thereafter, Defendants Filipowski and Cullinane, the Defendants named in the Consolidated Action, moved to dismiss Plaintiffs' First Consolidated

---

[2]   A stipulated form of Order Preliminarily Approving Settlement and Providing for Notice is lodged herewith.

Complaint and Plaintiffs filed their opposition thereto. Prior to ruling on this motion to dismiss, the Illinois District Court, after briefing of the parties, ordered that the Consolidated Action, along with an action entitled Turner v Filipowski, et al., No. 04-12263-PBS (the "Turner Action"), be transferred to this District in which a bankruptcy proceeding concerning divine was pending. The Turner Action had initially been filed in Illinois State Court and alleged claims under the Securities Act against the Defendants similar to those alleged in the Consolidated Action  The Turner Action, along with another similar action entitled Howard v.Filipowski, et al., No. 05-00922 (the "Howard Action"), were removed to the Northern District of Illinois. The Howard action was subsequently referred to the Bankruptcy Court of the Northern District of Illinois where it is currently pending. This Court subsequently consolidated the Turner Action into the Consolidated Action.

After transfer to this Court, Lead Plaintiffs filed their Second Amended Consolidated Complaint (the "SAC") which alleges that Defendants Filipowski and Cullinane publicly issued false and misleading information concerning the Company's growth-by-acquisition strategy and financial condition, resulting in the artificial inflation of the price of divine securities between September 17, 2001 and February 14, 2003 (the "Class Period"). The Class consists of persons or entities who purchased divine publicly traded securities during the Class Period and brings claims for violations of the Exchange Act. In addition, the four Subclasses consist of persons who acquired their divine shares in connection with divine's acquisition of: eShare Communications, Inc. ("eShare"), Data Return, Inc. (Data Return"), Delano Technology ("Delano") and Viant Corporation ("Viant"). The Subclasses brings claims for violations of the Securities Act.

Defendants Filipowki and Cullinane moved to dismiss the SAC, and plaintiffs filed their opposition.  However, before the Court ruled on Defendants' motions, the parties informed the Court that, after multiple mediation sessions, they had reached an agreement in principle to settle

the actions. Subsequently, at a status conference held before this Court on March 15, 2006, all pending motions were denied as moot without prejudice to renew.

The proposed Settlement that is currently before this Court resolves claims in the Consolidated Action, including the <u>Turner</u> Action and the <u>Howard</u> Action. The parties in the Howard action have prepared and filed a joint petition to transfer that action to this Court. Preliminary approval and mailing of the notice is not conditioned on this transfer becoming effectuated, although Effective Date of the Settlement can not occur until such transfer. (Stipulation of Settlement §7.1(b))

In addition, pending in the Bankruptcy Court of the District of Massachusetts are two actions brought by a Liquidation Trust Representatives (the "Trustees"), in the bankruptcy proceedings of divine and its subsidiary Rowe Com, against defendants Filipowski and Cullinane and certain other defendants, some of whom are the Defendants in the within action. The Trustees seeks recovery from the same Director and Officer liability insurance policies (the "D&O policies") that are the source of funding for the Settlement. Although the attorneys for the Trustees and related parties in the bankruptcy proceedings attended some part of the mediation sessions that took place in this case, and have subsequently met separately again, there has been no settlement of those actions to date.

Also, the Trustees had commenced adversary proceedings against the Plaintiffs in which the Trustees sought to enjoin this action, pending resolution of their action, on the grounds that the D&O policies were property of the bankruptcy estate. Those proceedings have been continued generally by agreement of the parties. In order that such adversary proceedings do not impact the Settlement, the parties herein have agreed to require, as a condition of the Settlement, approval by the Bankruptcy Court of this District of the use of proceeds from the D&O carriers to fund the

Settlement. Therefore, according to the Stipulation of Settlement, the Notice of Pendency and Settlement Notice and Summary Notice can not be disseminated until Preliminary Approval by this Court **and** approval by Bankruptcy Court of the use of the D&O proceeds.  (Stipulation at §3.1).

The proposed Settlement was achieved by Plaintiffs after an extensive factual investigation and legal analysis, briefing two rounds of motions to dismiss, consultation with experts and extensive settlement negotiations.  The proposed Settlement was entered into in good faith, after extensive arm's length negotiations between experienced and informed counsel on both sides. Moreover, the parties were assisted by retired United States District Judge Layn R. Phillips, acting as a settlement mediator, at two long and contentious sessions.  Plaintiffs respectfully submit that the Settlement is well within the range of reasonableness, and therefore warrants preliminary approval.

**2.      THE STIPULATION OF SETTLEMENT**

Defendants Andrew J. Filipowski, divine's former Chief Executive Officer, and Michael P. Cullinane, divine's former Chief Financial Officer, were named as defendants in the Consolidated Action based on their alleged central roles at divine.  Filipowski made most of the public statements which Plaintiffs alleged were false and misleading and defendant Cullinane signed certain filings with the SEC that Lead Plaintiffs claimed to be materially misleading. The SAC alleged that both had possession of and access to adverse non-public information that was substantially at odds with divine's public statements during the Class Period.  Similarly, Defendants Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas I. Meredith, J. Kevin Nater and John Rau were, in addition to Defendants Filipowski and Cullinane, named in the Turner and Howard actions because of their roles in connection with the issuance of Prospectuses in connection with the exchange of shares by members of the SubClasses.  Defendants

have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation.

**3.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL**

Plaintiffs are at this time seeking preliminary approval of the Settlement.  If the requested order is entered, Lead Counsel will then seek approval of the Bankruptcy Court of this District for the use of the D&O proceeds to fund the Settlement.  Plaintiffs will  then disseminate notice to Class and Subclass members in accordance with Rule 23, the PSLRA and due process.  Such notice is appropriate at this time, as explained in the leading treatise on class action litigation:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.

H. Newberg & A. Conte, 4 *Newberg on Class Actions*, §11.25 at 11-37 (3d Ed. 1992), *quoting Manual for Complex Litigation, Second* at §30.44.

Granting permission to send notice of a settlement and the final approval hearing "is not tantamount to a finding that the settlement is fair and reasonable.  It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to Class members and hold a full-scale hearing as to its fairness."  *In re Traffic Executive Ass'n Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980).  Such "probable cause" clearly exists in this case.  The Settlement will result in a recovery of more than $6,500,000,000 in cash for the benefit of the Class and Subclasses.

The Settlement is very favorable to the Class and Subclasses and given divine's bankruptcy ad competing claims to a limited pool of available assets certainly appears to fall "within the range of possible approval."  *Newberg,* §11.25 at 11-37.  The settlement discussions occurred among

experienced securities litigators and with the guidance of a retired judge, who is a well regarded mediator of complex disputes. This settlement is an excellent result given the circumstances of this case and the potential cost of future litigation.

Lead Counsels' belief that this is a very favorable recovery from these defendants and in the best interest of the Class and Subclasses weighs in favor of granting preliminary approval. *Lake v. First Nationwide Bank,* 900 F.Supp. 726, 732 (E.D. Pa. 1995); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (court should defer to judgment of experienced counsel); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (court "should be hesitant to substitute its own judgment for that of counsel"); *In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 66 (S.D.N.Y. 1993) (finding that views of experienced counsel are entitled to great weight). Here, it is the informed opinion of Lead Counsel that, given the uncertainty and substantial expense of continuing the litigation through trial and any appeals thereafter, the Settlement is fair, reasonable, and adequate and in the best interests of the Class and Subclasses.

Because the Settlement is clearly "within the range of possible approval," preliminary approval is warranted.

4.   **PROVISIONAL CERTIFICATION OF A CLASS AND SUBCLASSES IS APPROPRIATE**

For purposes of the Settlement, Plaintiffs and the Defendants have stipulated to the certification of a Class and Subclasses defined as follows:

> All persons who purchased or otherwise acquired divine publicly traded securities on the open market during the Class Period. Also included in the Class is the eShare SubClass, the Data Return SubClass, the Delano SubClass and the Viant SubClass. Excluded from the Class are Defendants, members of their immediate families, Defendants' legal representatives, any entity in which any Defendant is a trustee or has a controlling interest to the extent such entity's ownership of divine stock inured or inures to the benefit of Defendants or members of their immediate families, and their legal representatives, heirs, predecessors, successors or assigns.

Plaintiffs request that the Court preliminarily certify the Class and Subclasses, which satisfy the certification requirements set forth in Rules 23(a) and 23(b), Fed. R. Civ. P.

    a.    **The Requirements Of Rule 23(a) Are Satisfied**

Rule 23(a) identifies four prerequisites to a case proceeding as a class action:

(a) the class is so numerous that joinder of all members is impracticable ("numerosity");

(b) there are questions of law or fact common to the class ("commonality");

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and

(d) the representative parties will fairly and adequately protect the interests of the class ("adequacy").

These requirements are readily satisfied in this case.

**Numerosity**

To establish numerosity, a class representative need only show that it is difficult or inconvenient to join all Class members as individual plaintiffs. *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 55 (S.D.N.Y. 1993). During the Class Period, divine had up to 457,000,000 shares of common stock outstanding. The stock actively traded on the NASDAQ throughout the Class Period, so there are likely thousands of Class members located throughout the country. The number of Class members and their geographic disbursement makes joinder impracticable. The threshold for numerosity is easily exceeded.

**Commonality**

To maintain a class action, there must be "questions of law **or** fact common to the class." Fed. R. Civ. P. 23(a)(2) (emphasis added). Courts have "liberally construed" the commonality

prerequisite, requiring only a "minimum of one issue common to all Class members." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198-99 (S.D.N.Y. 1992). "The commonality requirement is satisfied even where there is not a complete identity of facts . . . so long as the party opposing the class has engaged in some course of conduct that affects the proposed class and gives rise to causes of action requiring similar elements." *Zupnick v. Thompson Parking Partners Ltd.*, 1990 WL 113197 at *4 (S.D.N.Y. Aug. 1, 1990) (citations omitted).

This case presents many common questions of both law **and** fact, including:

(a) Whether the federal securities laws were violated by the defendants;

(b) Whether the documents, press releases, reports, and/or statements disseminated to the investing public and to divine shareholders during the Class Period omitted or misrepresented material facts about the financial condition or business of divine;

(c) Whether the defendants acted with knowledge or with reckless disregard for the truth or otherwise in omitting to state and/or misrepresenting material facts;

(d) Whether the market price of divine's publicly traded securities was artificially inflated during the Class Period due to the alleged omissions and/or material misrepresentations.

Based on the foregoing common questions, the "commonality" prerequisite is satisfied.

## Typicality

The typicality requirement is satisfied where, as here, "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the

defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality does not require that the interests of the named representatives and the Class members be identical. *Trief*, 144 F.R.D. at 200.

Plaintiffs' claims, which arise from the same course of conduct and are predicated on the same legal theories as the claims of all other Class and Subclass members, easily satisfy the typicality requirement of Rule 23(a).

## Adequacy

The adequacy prerequisite "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 117 S.Ct. 2231, 2250 (1997). Factors relevant to the adequacy inquiry are: (a) the absence of conflict between the named plaintiff and the Class members; and (b) the ability of counsel chosen by the named plaintiff to vigorously conduct the proposed litigation. *Drexel*, 960 F.2d at 291.

There are no conflicts between the Plaintiffs and Class and Subclass members in this case. Plaintiffs and their respective counsel have shown throughout the litigation that they will vigorously advocate on behalf of those they represent. There is no reason to doubt their ability to adequately represent the Class and Subclasses.

## The Requirements Of Rule 23(b)(3) Are Also Satisfied

Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of Rule 23(a), common questions of law or fact predominate over any individual questions and adjudicating the claims on a class-wide basis would be superior to other methods of resolving the claims. *Amchem*, 117 S. Ct. at 2232-35. Such is the case here.

## Common Legal And Factual Questions Predominate

"Predominance is a test readily met in certain cases **alleging** consumer or **securities fraud** or violations of the antitrust law." *Amchem*, 117 S. Ct. at 2250 (emphasis added). In this case, the

defendants' allegedly disseminated false and misleading statements and omitted material facts regarding divine's business and financial results. This is the central issue in the case and it predominates over any individual issues that theoretically might exist.[3]

### A Class Action Is The Superior Means To Adjudicate The Claims

The "superiority" requirement of Rule 23(b)(3) is essentially satisfied by the Settlement itself. "[W]ith a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed.R.Civ.P. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem*, 117 S. Ct. at 2248. Thus, any manageability problems that may have existed here -- and Plaintiffs know of none -- are eliminated by the Settlement.

**5.     THE FORMS OF NOTICE AND PROOF OF CLAIM SHOULD BE APPROVED**

   **a.  The Notice of Pendency and Settlement Notice, Summary Notice, and Proof Of Claim And Release Are Appropriate**

Rule 23(c)(2)(B) requires that:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

*See also,* Fed.R.Civ.P. 23(e)(1)(B) ("[the] court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . ."). In addition:

> The notice must concisely and clearly state in plain, easily understood language:
>
> •     the nature of the action,

---

[3] It is well established that differences between individual class members as to reliance or damages do not preclude certification of a class. *See, e.g., In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liability Litig.,* 55 F.3d 768, 817 (3d Cir. 1995). Under the fraud-on-the-market presumption, reliance is presumed once materiality of the misstatements is shown. *Basic Inc. v. Levinson*, 485 U.S. 224, 243-47 (1988).

- the definition of the class certified,

- the class claims, issues, or defenses,

- that a class member may enter an appearance through counsel if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth additional requirements applicable to securities actions. In such cases, the class notice must also state:

- the amount of the settlement proposed to be distributed to the parties to the action, determined in both the aggregate and on an average per share basis;

- a statement of the potential outcome of the cases, *i.e.*, the average amount of damages per share that would be recovered if the plaintiff prevailed on all claims, or a statement from each party regarding the issues on which they disagree;

- a statement of attorneys' fees or reimbursement of costs that will be requested by plaintiff's counsel;

- identification and contact information for the lawyers who class members can contact if they have questions about the matters discussed in the class notice;

- the reasons for the settlement;

- any other information required by the court.

15 U.S.C. §78u-4(a)(7).

Submitted herewith is a proposed Notice of Pendency Of Class Action And Proposed Settlement of Class Action, Motion For Attorneys' Fees and Settlement Fairness Hearing ("Settlement Notice") which complies with the requirements of Rule 23 and the PSLRA. *See*

Exhibit A-1 to [Proposed] Order Preliminarily Approving Settlement and Providing for Notice.[4] The content of the Settlement Notice addresses each of the matters identified above in clear, easy to read language.

Plaintiffs propose that the Notice (Exhibit A-1) and the Proof of Claim and Release form (Exhibit A-2) be sent by first-class mail to all identified Class and Subclass members. The names of the Class and Subclass members will be obtained from divine's stock transfer agent.[5] The Summary Notice of Pendency of Class Action, Proposed Partial Settlement, and Settlement Hearing ("Publication Notice") (Exhibit A-3) will be published once in *Investor's Business Daily* within ten (10) days after the Settlement Notice and Proof of Claim and Release form are mailed. The Publication Notice will inform Class and Subclass members who did not receive those documents how they can obtain copies.

This type of notice program is frequently used in cases such as this and complies with the requirements of Rule 23(c)(2)(B). *See, e.g.*, 5 *Moore's Federal Practice* (3d Ed. 2003) at §23.63[8][a] ("Notice of the class action is normally sent to the identified individual class member by first-class mail."); *see also, Id.* at §23.63[8][b] ("Publication of notice is often the best notice practicable for Class members who cannot be identified or located specifically through reasonable efforts."); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-77 (1974) (due process is satisfied by mailed notice to all Class members who reasonably can be identified).

---

[4]/ All references to Exhibits are to those attached to the [Proposed] Preliminary Order in Connection with Settlement Proceedings.

[5]/ A "transfer agent" is an agent appointed by a company to maintain records of stock and bond owners, to cancel and issue certificates of ownership, and to resolve problems arising from lost or destroyed certificates of ownership.

The content of the Settlement Notice and the Summary Notice fulfill the requirements of Rule 23, the PSLRA, and due process. Accordingly, the Settlement Notice, Publication Notice, and Proof of Claim and Release form should be approved by the Court.[6]

## 6. PROPOSED SCHEDULE

Plaintiffs suggest the following timetable for events leading to a final approval hearing:

Number of Days from Preliminary And
Final Approval of By the Bankruptcy Court
Approving the Use of D&O Proceeds to

| Fund the Settlement | Event |
|---|---|
| 10 | Mail the Settlement Notice and Proof of Claim and Release form. |
| 20 | Publish the Publication Notice. |
| 55 | Last day to request exclusion and/or object to Settlement. |
| 70 | Lead Counsel to file papers in support of final approval of Settlement, Plan of Allocation, and Petition for Attorneys' Fees and Expenses. |
| 80 | Final approval hearing. |
| 100 | Last day for Class and Subclass members to file Proof of Claim and Release forms. |

## 7. CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court enter the Preliminary Approval Order.

Dated: May 23, 2006

---

[6] In addition, the Preliminary Approval Order authorizes Lead Counsel to retain Gilardi & Co. LLC, a highly experienced notice and claims administration firm, to assist with the notice program and processing of claims forms.

Respectfully submitted,
GILMAN AND PASTOR, LLP
DAVID PASTOR (BBO #391000)
60 State Street, 37th Floor

/s/ David Pastor
---
DAVID PASTOR
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: 617/742-9700
617/742-9701 (fax)

Liason Counsel


LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone:  212/687-7230
212/490-2022 (fax)

Co-Lead Counsel for Plaintiffs and the Class

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James
F. Howard and Chris Brown