UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, et al.,<br><br>　　　　　　　　　Defendants. | ) No. 04-12263-PBS<br>)<br>) [PROPOSED] ORDER PRELIMINARILY<br>) APPROVING SETTLEMENT AND<br>) PROVIDING FOR NOTICE<br>)<br>)<br>) EXHIBIT A<br>)<br>)<br>)<br>) |

WHEREAS, this consolidated class action, entitled *Bobbitt v. Filipowski, et al.*, Case No. 12263-PBS (the "Litigation") is pending before the Court;

WHEREAS, the Court has received the Stipulation of Settlement dated as of May __, 2006 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application with supporting and supplemental memoranda, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement only, a Class of all Persons who purchased or otherwise acquired the publicly traded securities of divine on the open market during the period September 17, 2001 through February 14, 2003, inclusive.  The Court also preliminarily certifies, for purposes of effectuating this settlement only, the following subclasses: (1) all persons or entities who exchanged their shares of eShare Communications, Inc. ("eShare") for shares of divine in connection with divine's acquisition of eShare; (2) all persons or entities who exchanged their shares of Data Return, Inc. ("Data Return") for shares of divine in connection with divine's acquisition of Data Return; (3) all persons or entities who exchanged their shares of Delano

Technology ("Delano") for shares of divine in connection with divine's acquisition of Delano; and (4) all persons or entities who exchanged their shares of Viant Corporation ("Viant") for shares of divine in connection with divine's acquisition of Viant. The eShare SubClass, the Data Return SubClass, the Delano SubClass and the Viant SubClass are, collectively, the "SubClasses." Excluded from the Class and the SubClasses are Defendants, members of the immediate family of the Individual Defendants, the directors, officers, subsidiaries and affiliates of divine, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has an interest which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class and the SubClasses are those Persons who will timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing.

2.      This Court preliminarily finds that the prerequisites for a class action have been satisfied in that: (a) the Members of the Class and SubClasses are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class and SubClasses which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the members of the Class and SubClasses in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class and SubClasses, (iii) the desirability or

undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

3. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4. A hearing (the "Settlement Hearing") shall be held before this Court, at a date and time to be set by the Court, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel in the Litigation. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

      (a)    Defendants shall cooperate with Plaintiffs' Settlement Counsel and the Claims Administrator to provide transfer agent and class member information such that Notice may be provided to the Class.

      (b)    Pursuant to ¶3.1 of the Stipulation, within thirty days after entry of this Order and the issuance of an Order by the Bankruptcy Court permitting the use of the applicable insurance policy proceeds to fund this Settlement, and both orders are final (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

      (c)    Not later than seven days after the Notice Date, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investors' Business Daily*; and

      (d)    At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

      7.    Nominees who purchased or otherwise acquired the publicly traded securities of divine during the period beginning September 17, 2001 through February 14, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such divine securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which

expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

10. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

12. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall

be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before a date to be later set by the Court, by: Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101; Howard T. Longman, Stull, Stull & Brody, 6 East 45th Street, 4th Floor, New York, New York 10017; Thomas D. Brooks, Sperling & Slater, 55 West Monroe Street, Suite 3200, Chicago, Illinois 60603, Joseph Collins, DLA Piper Rudnick Gray Cary US LLP, 203 N. LaSalle Street, Suite 1900, Chicago, Illinois 60601; Joel G. Chefitz, Howry LLP, 321 North Clark Street, Suite 3400, Chicago, Illinois 60610; and Michael A. Duffy, Kirkland & Ellis, LLP, 200 E. Randolph Drive, Chicago, Illinois, 60601, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Massachusetts, on or before a date to be later set by the Court. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

      13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be fully distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

15. Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the

settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____

                THE HONORABLE PATTI B. SARIS
                UNITED STATES DISTRICT JUDGE

Submitted by:

GILMAN AND PASTOR, LLP
DAVID PASTOR (BBO #391000)
225 Franklin Street, 16th Floor

    /s/  David Pastor
        DAVID PASTOR

Boston, MA  02110
Telephone:  617/742-9700
617/742-9701 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone:  212/687-7230
212/490-2022 (fax)

Co-Lead Counsel for Plaintiffs and the Class

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James F. Howard and Chris Brown