# STULL, STULL & BRODY
ATTORNEYS AT LAW
6 EAST 45th STREET
NEW YORK, N.Y. 10017

TELEPHONE
212-687-7230

TELECOPIER
212-490-2022

April 2, 2007

<u>VIA ELECTRONIC FILING</u>

The Honorable Patti B. Saris
United States District Judge
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

     Re:    *Bobbit v. Filopowski*
             <u>04 cv 12263 (PBS)</u>

Dear Judge Saris:

     I am one of the co-lead counsel for plaintiffs in the above referenced case. I am writing on behalf of plaintiffs to update the Court on the status of the proceedings in the Bankruptcy Court. On March 16, 2007, Judge Feeney of the United States Bankruptcy Court, District of Massachusetts (Eastern Division), granted plaintiffs' motion to approve the use of insurance proceeds to fund the proposed settlement in the instant action. In this same decision, Judge Feeney also denied the motion of the Trustee and Trust Representative of the Liquidating Trust (collectively, the "Trust") for a preliminary injunction staying consummation of the proposed settlement. (A copy of that decision is enclosed herewith.)

     On August 25, 2006, this Court signed an Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") regarding the proposed settlement between plaintiffs and the defendants totaling $6.5 million. This settlement is being funded from various insurance carriers that provided Director's and Officer's Liability insurance on behalf of the individual defendants. Paragraph 3.1 of the Stipulation of Settlement requires that the Bankruptcy Court approve the use of these insurance proceeds in funding the proposed settlement with the plaintiffs before Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") can be disseminated and a final settlement hearing set. Although the Trustee and the Trust Representative have filed Notices of Appeal of Judge

{00011252.DOC ; 1}

The Honorable Patti B. Saris, April 2, 2007
Page 2

Feeney's decision, the parties are prepared to move forward with the consummation of the proposed Settlement.

      Plaintiffs also require transfer records containing class member information which we have been informed is in the possession of the Trust. These records are necessary for mailing of the Notice. If necessary, we will subpoena those records.

      In view of this significant development, plaintiffs respectfully request that this Court set a status conference at which plaintiffs will propose that this Court set a date for a final hearing on the proposed settlement and permit the Notice to be disseminated and at which counsel can address any questions the Court may with respect to moving forward with the settlement proceedings. Plaintiffs also respectfully request that any conference be scheduled after the Passover and Easter holidays, or after April 10.

      Respectfully,

      /s/ Howard T. Longman

      Howard T. Longman

cc:    All Counsel (via electronic filing)

{00011252.DOC ; 1}