UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW J. FILIPOWSKI, et al.<br><br>Defendants. | Civ. No. 1:04 CV 12263 (PBS) |

**DEFENDANTS' STATUS REPORT**

At a status conference in this matter on January 3, 2008, this Court, among other things, instructed the parties to a settlement agreement regarding two related cases pending in the Bankruptcy Court of this District to file one or more status reports with this Court indicating whether that settlement agreement has been executed by all parties and submitted to the Bankruptcy Court for approval.[1]  Defendants Andrew Filipowski, Michael Cullinane and Paul Humenansky hereby submit such a status report and state as follows:

1.  As the Court may recall from the January 3 status conference, the trustee plaintiffs in the bankruptcy actions had previously presented the settlement agreement to the Bankruptcy Court on November 1, 2007, and the defendants had already signed the agreement. Subsequently, shortly before Christmas, the trustee plaintiffs proposed certain changes in the agreement's language to defendants.  While not bound to do so, defendants, in the interest of finally resolving these matters, considered these proposed changes and, after further negotiations, understand that they and the trustee plaintiffs are now in agreement regarding them.

---

[1] The related cases are those styled *James Boles, The Liquidating Trust Representative, as Liquidating Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, Paul Humenansky,*

2. One of the trustee plaintiffs (the Divine, or "Enivid," trustee, Mr. Boles) further proposed essentially revisiting that plaintiff's agreed-upon full release of claims pertaining to certain retainers the debtor had previously paid. The Divine trustee had, in 2004, previously sought to recover those amounts via preference claims, which the trustee specifically agreed to release in the settlement agreement the parties subsequently negotiated at length. Defendants believe the parties are very close to resolving this issue, and await word from the Divine trustee.

3. Three insurers are also party to the bankruptcy settlement agreement. On January 15, one of those insurers, Underwriters at Lloyds ("Lloyds"), purported to request that the defendants negotiate and agree to a separate release with Lloyds – notwithstanding the fact that Lloyds had, months beforehand, already agreed to a release with the defendants contained in the bankruptcy settlement agreement. Defendants have objected to this move on Lloyds' part, and await a response – or signature – from Lloyds.

4. Defendants will advise as to further progress.

Dated: January 17, 2008                                   Respectfully submitted,


                                                          /s/ Thomas D. Brooks_____

                                                          Bruce S. Sperling
                                                          Thomas D. Brooks
                                                          SPERLING & SLATER
                                                          55 W. Monroe Street, Suite 3200
                                                          Chicago, IL 60603
                                                          Tel.: (312) 641-3200

                                                          *Counsel for Defendant Andrew J. Filipowski*

---

*Michael Cullinane and Jude M. Sullivan*, Adversary Proceeding No. 04-01439, and *Christopher J. Panos, Trustee of the RoweCom Liquidating Trust v. Jude M. Sullivan*, Adversary Proceeding No. 05-1019-JNF.

2

/s/ Joseph E. Collins_____

Joseph E. Collins
DLA PIPER
203 North La Salle Street, Suite 1800
Chicago, IL 60601
Tel.: (312) 368-4000

*Counsel for Defendant Michael P. Cullinane*


/s/ Joel G. Chefitz_____
Joel G. Chefitz
McDermott Will & Emery
227 West Monroe Street
Chicago, Illinois 60606
312-984-6484
312-984-7700 (fax)

*Counsel for Defendant Paul Humenansky*

## CERTIFICATE OF SERVICE

I, Thomas D. Brooks, do hereby certify that on the 17th day of January, 2008, I caused a copy of the **DEFENDANTS' STATUS REPORT** to be served by ECF electronic case filing to counsel of record in this matter.

Dated:   January 17, 2008              /s/ Thomas D. Brooks
                                       Thomas D. Brooks
                                       Sperling & Slater, P.C.
                                       55 West Monroe Street
                                       Suite 3200
                                       Chicago, Illinois 60603