UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>ENIVID, INC. (f/k/a<br>  DIVINE, INC.) et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 03-11472-JNF and<br>03-11474-JNF through 03-11478-JNF and<br>03-12681-JNF through 03-12715-JNF<br><br>(Substantively Consolidated) |
| In re:<br><br>SABINE, INC. (*f/k/a*<br>  ROWECOM, INC. *et al.*),<br><br>Debtors. | Chapter 11<br>Case Nos. 03-10668-JNF and<br>03-10670-JNF through 03-10672 and<br>03-10674-JNF through 03-10676<br>(Substantively Consolidated) |

**SUPPLEMENT TO AND REQUEST FOR HEARING ON THE MOTION
OF THE LIQUIDATING TRUSTEE AND THE LIQUIDATING TRUST
REPRESENTATIVE FOR AUTHORIZATION AND APPROVAL TO
ENTER INTO AMENDED SETTLEMENT AGREEMENTS WITH
ANDREW J. FILIPOWSKI, PAUL HUMENASKY, MICHAEL P. CULLINANE,
JUDE SULLIVAN, THE UNDERWRITERS AT LLOYD'S, THE SAINT PAUL
TRAVELERS COMPANIES, INC., FEDERAL INSURANCE COMPANY, AND
THE SHAREHOLDER PLAINTIFFS**

On November 1, 2007, Christopher J. Panos, as Trustee of the Sabine, Inc.

Liquidating Trust (the "Liquidating Trustee") and James Boles, as Liquidating Trust

Representative of the Enivid, Inc. Liquidation Trust (the "Liquidating Trust

Representative") (the Liquidating Trustee and the Liquidating Trust Representative are

collectively referred to herein as the "Trustees") submitted, pursuant to Federal Rule of

Bankruptcy Procedure 9019(a) and MLBR 9019-1(c), a motion (the "Motion")[1] seeking

entry of an order (i) approving and authorizing the Trustees to execute and perform

under a Settlement Agreement (the "Settlement Agreement"), between the Trustees and

Andrew J. Filipowski, Paul Humenasky, Michael P. Cullinane, and Jude Sullivan

(Filipowski, Humenasky, Cullinane and Sullivan are collectively referred to herein as

the "Directors and Officers"), the Underwriters at Lloyd's ("Lloyd's"), and Saint Paul

Travelers Companies, Inc. ("St. Paul"), which Settlement Agreement contains an Exhibit

(the "Federal Release") evidencing a separate Agreement by the Trustees releasing

certain claims against  Federal Insurance Company ("Federal"), (Lloyd's, St. Paul and

Federal are collectively referred to herein as the "Insurers") and (ii) approving the

Letter Agreement (the "Letter Agreement") by and between the Trustees and counsel to

James Tito, Frank Wadell, Mike Turner, James F. Howard, Chris Brown, (collectively,

the "Shareholder Plaintiffs") memorializing a settlement by and between the Trustees

and the shareholder Plaintiffs.

The Trustees hereby submit this *Supplement to and Request for Hearing on the Motion of
the Liquidating Trustee and the Liquidating Trust Representative for Authorization and
Approval to Enter into Settlement Agreements with Andrew J. Filipowski, Paul Humenasky,
Michael P. Cullinane, Jude Sullivan, The Underwriters at Lloyd's, The Saint Paul Travelers
Companies, Inc., Federal Insurance Company, and the Shareholder Plaintiffs* (the "Supplement
to Motion").  Annexed to this Supplement to Motion are final, executed copies of (i) the

Settlement Agreement; (ii) the Letter Agreement; and (iii) the Federal Release.  By this

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Supplement to Motion, the Trustees request that this Court enter an order scheduling a hearing on the Motion, as supplemented hereby, and establishing a deadline for filing of objections to the Motion. In support of this Supplement to Motion, the Trustees state as follows:

1.  As set forth in the Motion and pursuant to the Settlement Agreement, the Insurers shall pay to the Trustees (the "Settlement Payments") the remaining proceeds under the D&O Policies less (i) $6.3 million to be paid to the Shareholders pursuant to the Stipulation of Settlement, and (ii) reasonable defense costs incurred through the date of a final order of this Court approving the Settlement Agreement (the "Defense Costs"). In connection with the foregoing and pursuant to the Letter Agreement, the Shareholder Plaintiffs have agreed to reduce the amount payable to them under the Stipulation of Settlement from $6.5 million to $6.3 million, in consideration of which the Trustees have agreed to dismiss the Shareholder Appeals. Based on the representations by the insurers, the Trustees believe the remaining proceeds under the D&O Policies are approximately $17,237,000.

2.  The Settlement Agreement provides that certain adversary proceedings styled as *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan,* Adv. Pro. No. 05-01019 JNF and *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, Paul Humenansky, Michael Cullinane and Jude Sullivan,* Adv. Pro. No. 04-01439 JNF shall be dismissed with prejudice. After deducting the amount to be paid under the Stipulation of Settlement to the Shareholder Plaintiffs, the Defense Costs and the Tax Invoices (as defined below), the balance to be paid to the

Trustees will be approximately $10 to $10.5 million.  The Settlement Agreement also provides for the dismissal with prejudice of the adversary proceedings the Liquidating Trust Representative had previously filed against McDermott Will & Emery, LLC, Sperling & Slater, P.C., and Cotsirilos, Tighe, & Streicker, Ltd. and captioned as *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. McDermott Will & Emery, LLC,* Adv. Pro. No. 04-01447-JNF, *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Sperling & Slater, P.C.,* Adv. Pro. No. 04-01446-JNF and *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Cotsirilos, Tighe, & Streicker, Ltd.,* Adv. Pro. No. 04-01449-JNF.  By these actions the Liquidating Trust Representative asserted claims to recover certain retainers paid by Divine for the benefit of various officers and directors.  Defense Counsel asserted that under applicable Illinois law, the retainers were fully earned when paid.  As part of the settlement, the Liquidating Trust Representative requested information from Sperling and Slater and McDermott Will & Emory (the "Law Firms") in order to confirm the balance of the retainer amounts, and to further confirm that there has been no double payment by way of insurer reimbursement and retainer use. The Law Firms have provided information in spreadsheet form confirming invoice amounts and dates for both insurer and retainer billings.  The Law Firms specifically declined to provide any description of services based on an assertion of attorney client privilege.  Given the amount of the retainers in relation to the total settlement and the costs to the Liquidating Trust of continuing to pursue this matter further, the Liquidating Trust Representative has relied on representations by the Law Firms

regarding, among other things, the total amounts billed to and paid by the insurers and the total amounts applied to and paid from retainers supplied to the Law Firms, and the amounts were properly billed for appropriate legal services.

3.    The Trustees have assented to the payment of certain tax invoices in the amount of approximately $22,800 plus interest and penalties accruing from and after January 15, 2008, if any, (the "Tax Invoices") by the Law Firms from the retainers.

4.    The Law Firms have further agreed, within seven business days of receipt of final payments from the insurers for invoiced fees and expenses as provided in the Settlement Agreement and after application of any retainer amounts to said invoiced amounts not paid by the Insurers, to deliver to the balance, if any, of any retainer amounts to the Liquidating Trust Representative.

5.    Several minor modifications have been made to the form of Settlement Agreement, the Release provided to Federal by the Trustee, and the Escrow Agreement as filed with the Court in November.  The modifications are summarized as follows:[2]

- The Federal Release was revised to clarify that the release provided to the Trustees includes a release of their respective beneficiaries, agents, advisors, legal or other representatives in addition to the parties already described in paragraph 3.2 of the Federal Release. An executed copy of the Federal Release is annexed hereto as Exhibit A.

---

[2] No provision of this summary or any other provision of this Motion shall be deemed to alter, amend or contradict the terms of the Settlement Agreement, Federal Release or Escrow Agreement.

- The Escrow Agreement was revised to remove Federal as a party to the document. An executed copy of the Escrow Agreement is annexed hereto as Exhibit B.

- The Settlement Agreement was revised to include a description of the flow of funds set forth in paragraphs 1 through 4 above. An executed copy of the Settlement Agreement is annexed hereto as Exhibit C.

6.    Because the Escrow Agreement contemplates a March 1, 2008 release date of the funds in escrow, the Trustees request an order approving the Settlement Agreement and authorizing the immediate disbursement of $2 million to the Trustees from escrow upon the order approving the Settlement Agreement becoming a Final Order (as defined in the Settlement Agreement).

WHEREFORE, the Trustees respectfully request that this Court enter an order (i) establishing a deadline for filing an objection to the Motion, (ii) scheduling a hearing on the Motion, (iii) granting the Motion as modified hereby and (iv) granting such other and further relief as is just and proper.

Dated: March 24, 2008

                                   Respectfully submitted,

CHRISTOPHER J. PANOS, TRUSTEE          JAMES BOLES, THE LIQUIDATING
OF THE SABINE, INC. LIQUIDATING        TRUST REPRESENTATIVE OF THE
TRUST                                  ENIVID, INC. LIQUIDATING TRUST


By his Attorneys,                      By his Attorneys,

CRAIG AND MACAULEY                     WARNER STEVENS L.L.P.
   PROFESSIONAL CORPORATION


/s/ Brendan C. Recupero                /s/ Lewis T. Stevens
Christopher J. Panos (BBO# 555273)     Michael D. Warner
Brendan C. Recupero (BBO# 645032)      Lewis T. Stevens
CRAIG AND MACAULEY                     Jeffrey R. Erler
   PROFESSIONAL CORPORATION            WARNER STEVENS, LLP
Federal Reserve Plaza                  1700 City Center Tower II
600 Atlantic Avenue                    301 Commerce Street
Boston, Massachusetts 02210            Fort Worth, Texas 76102
(617) 367-9500                         (817) 810-5250

Exhibit A
Federal Release
(see attached)

## EXHIBIT A

### RELEASE

1.     This Release is executed by Christopher J. Panos, in his capacity as the

Trustee of the RoweCom Liquidating Trust, acting pursuant to the terms of a Liquidating

Trust Agreement dated December 20, 2004, the effective date of the Sabine, Inc.

Liquidation Plan, and James B. Boles, in his capacity as the Liquidating Trust

Representative for the Enivid, Inc. Liquidating Trust, acting pursuant to the terms of the

Liquidation Trust Agreement dated December 20, 2004, the effective date of the Enivid,

Inc. Liquidation Plan (collectively, the "Trustees"), on their own behalf and on behalf of

the RoweCom Liquidating Trust and Enivid, Inc. Liquidating Trust, respectively,

including their respective beneficiaries, agents, advisors, legal or other representatives,

successors and assigns (the "Trustee Related Parties"), in favor of Federal Insurance

Company ("Federal") and its past, present and future predecessors, successors, parents,

subsidiaries, affiliates, assigns, transferees, receivers, agents, attorneys, directors,

officers, employees, shareholders and reinsurers (the "Federal Related Parties").

2.     Upon the receipt by the Trustees of the Settlement Payment (as that term

is defined in the Settlement Agreement and Release by and among Federal, Andrew J.

Filipowski, Paul Humenansky, Michael P. Cullinane, Jude Sullivan, Tommy Bennett,

John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas I. Meredith,

J. Kevin Nater and John Rau), the Trustees, on their own behalf and on behalf of the

Trustee Related Parties, absolutely and forever release and discharge Federal and the

Federal Related Parties from any and all claims, potential claims, rights, damages, debts,

liabilities, accounts, attorneys' fees, reckonings, obligations, costs, expenses, liens,

Page 1 of 4

actions and causes of action of every kind and nature whatsoever, whether now known or unknown, which any of them respectively now has, owns or holds, or at any time heretofore had, owned or held, or could, shall or may hereafter have, own, or hold arising out of, related to, based upon, by reason of, or in any way involving:

(i)    Federal Excess Indemnity Policy No. 7023-2449 issued to divine, Inc. ("Divine") for the policy period of July 12, 2001 to July 12, 2002 and subsequently placed in run off pursuant to Endorsement No. 1 for the period from July 12, 2002 to July 12, 2004 (the "Federal Policy");

(ii)    any claim for coverage under the Federal Policy whatsoever;

(iii)    any payment of any kind under the Federal Policy, including but not limited to settlements, judgments, defense fees, costs or expenses;

(iv)    any claim relating to *James B. Boles, Liquidating Trust Representative of the Liquidating Trust of Enivid, Inc. ("Boles") v. Andrew J. Filipowski, et al.*, Case No. 04-01439-JNF, filed in the bankruptcy proceeding captioned *In re Enivid, Inc., et al.*, Case No. 03-11472-JNF (substantively consolidated), filed in the United States Bankruptcy Court for the District of Massachusetts (the "Divine Adversary Litigation"), or *Christopher J. Panos, Trustee of the RoweCom Liquidating Trust ("Panos") v. Jude M. Sullivan*, Case No. 05-01019-JNF, filed in the bankruptcy proceeding captioned *In re Sabine Inc., f/k/a RoweCom, Inc., et al.*, Case No. 03-10668-JNF, filed in the United States Bankruptcy Court for the District of Massachusetts (the "RoweCom Adversary Litigation"), or any matter that arises from, is based upon or attributable to the same or related facts, circumstances, transactions or events or series of facts, circumstances, transactions or events at issue in the Divine Adversary Litigation or

the RoweCom Adversary Litigation, or any other past, present or future matter that may

exist, whether known or unknown, that may have been tendered or could in the future be

tendered under the Federal Policy for coverage; or

(v)  any claim for misrepresentation, fraud, indemnity, contribution,

breach of contract, breach of duty, negligence, "bad faith," violation of statute or

regulation, unfair claims handling, or damages of any kind whatsoever arising out of or

relating to coverage under the Federal Policy or the handling of any claim under the

Federal Policy.

3. Each of the Trustees acknowledges that each respectively may have

sustained damages, losses, fees, costs or expenses that are presently unknown or

unsuspected; this Release has been negotiated and agreed upon in light of such possible

damages, losses, fees, costs or expenses. Each of the Trustees agrees that,

notwithstanding any statute or provision of the common law that provides that a general

release does not extend to claims that a releasor does not know or suspect to exist at the

time of executing the release, the releases provided for in this Release shall be deemed to

constitute a full release in accordance with their terms. The foregoing waiver includes,

without limitation, the waiver of all rights provided by California Civil Code Section

1542, or by any other similar provision of federal, state or territorial law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE
> MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR.

The Trustees knowingly, voluntarily and expressly waive, to the fullest extent permitted

by law, any and all rights they may have under any statute or common law principle that

would limit the effect of the foregoing releases based upon their knowledge at the time

they execute this Release.

4.    The Trustees declare, warrant and represent that they have been authorized

by each of their respective Post-Effective Date Committees to enter into this Release and

to present this Release for Bankruptcy Court approval.

Executed by:

**Christopher J. Panos, as the Trustee of the
RoweCom Liquidating Trust**

                         DATE:_____

**James B. Boles, Liquidation Trust Representative
for the Enivid, Inc. Liquidating Trust**

_____    DATE:_____

would limit the effect of the foregoing releases based upon their knowledge at the time they execute this Release.

4.      The Trustees declare, warrant and represent that they have been authorized by each of their respective Post-Effective Date Committees to enter into this Release and to present this Release for Bankruptcy Court approval.

Executed by:

**Christopher J. Panos, as the Trustee of the**
**RoweCom Liquidating Trust**

_____        DATE:_____

**James B. Boles, Liquidation Trust Representative**
**for the Enivid, Inc. Liquidating Trust**

_____        DATE:_____

372791v1

Exhibit B
Escrow Agreement
(see attached)

## ESCROW AGREEMENT

THIS ESCROW AGREEMENT (the "Agreement") is made and entered into as of
_____, 2008 (the "Effective Date"), by and among Andrew Filipowski
("Filipowski"), Paul Humenansky ("Humenansky"), Michael Cullinane ("Cullinane"),
Jude Sullivan ("Sullivan"), Kenneth Mueller ("Mueller") (Filipowski, Humenansky,
Cullinane, Sullivan, and Mueller are at times collectively referred to herein as "the D&O
Parties"), James B. Boles, Liquidation Trust Representative, for the benefit of the Enivid,
Inc. Liquidation Trust (the "Divine Liquidation Representative"), and Christopher J.
Panos, Trustee, for the benefit of the RoweCom Liquidating Trust (the "RoweCom
Liquidating Trustee"), enivid, inc. as debtor and debtor-in-possession and its legal
successors and assigns (the "Divine Estate"), Sabine, Inc., as debtor and debtor-
in-possession and its legal successors and assigns (the "RoweCom Estate" and,
together with the Divine Estate, the "Estates"), and Christopher J. Panos, in his
capacity as Escrow Agent as provided herein (the "Escrow Agent").

WHEREAS, the parties have entered into this Agreement pursuant to the
provisions of the Settlement Agreement.[1]

NOW, THEREFORE, in consideration of the mutual promises contained herein
and other good and valuable consideration, the receipt and sufficiency of which are
hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I
## ESTABLISHMENT OF ESCROW

1.1    Within the time period set forth in Paragraph 13 of the Settlement
Agreement, the following will occur:

(a) The Insurer shall cause to be deposited with the Escrow Agent a sum of
$2,000,000.00, which the Escrow Agent shall immediately deposit into an escrow account
("Escrow Account E"). These deposited funds shall be held by the Escrow Agent upon
the terms and conditions contained herein.

(b) The property and/or funds to be deposited by the Insurer as specified in
paragraph 1.1(a) above, plus all interest and dividends derived therefrom, less any
property and/or funds distributed or paid in accordance with this Agreement, are
collectively referred to herein as the "Escrow Property."

---

[1] The Stipulation and Agreement of Settlement ("Settlement Agreement") was entered by and among
Christopher J. Panos, as Trustee of the Sabine, Inc. Liquidating Trust, James Boles, as Liquidating Trust
Representative of the Enivid, Inc. Liquidation Trust, Andrew J. Filipowski, Paul Humenasky, Michael P.
Cullinane, and Jude Sullivan, Underwriters at Lloyd's, The St. Paul Travelers Companies, Inc., enivid, inc.
as debtor and debtor-in-possession and its legal successors and assigns, and Sabine, Inc., as debtor and
debtor-in-possession and its legal successors and assigns, by and through their respective counsel. The
Settlement Agreement is attached hereto as Exhibit 1.

(c) The above-named parties hereby appoint the Escrow Agent, and the Escrow Agent hereby agrees to serve as the escrow agent and depositary subject to the terms and conditions set forth herein.

## ARTICLE II
## INVESTMENT OF ESCROW FUND

2.1     The Escrow Property shall be invested as soon as reasonably practicable, including income earned on said investment, in any of the following: (i) marketable direct obligations issued or unconditionally guaranteed by the United States of America or any agency thereof maturing or redeemable within 180 days from the date of acquisition thereof; (ii) certificates of deposit, maturing no more than 180 days from the date of creation thereof, issued by commercial banks incorporated under the laws of the United States of America or any state thereof or the District of Columbia having membership in the Federal Deposit Insurance Corporation and in amounts not exceeding the maximum amounts insured thereunder; (iii) time deposits, maturing no more than 30 days from the date of creation thereof with commercial banks or savings banks each having membership in the Federal Deposit Insurance Corporation and in amounts not exceeding the maximum amounts insured thereunder; (iv) money market funds managed by nationally recognized firms and making only investments qualified under (i), (ii), (iii) or (v) herein; (v) variable rate demand notes with a rating from Standard & Poor's of "A-1" or better or from Moody's of "P-1" or better; or (vi) demand deposits at any bank or savings institution organized under the laws of the United States of America or any state thereof or the District of Columbia having membership in the Federal Deposit Insurance Corporation; *provided, however*, such demand deposits shall be in amounts not to exceed the maximum amounts insured by the Federal Deposit Insurance Corporation.

2.2     The Insurer and the Escrow Agent shall have no responsibility for any investment losses resulting from the investment, reinvestment, or liquidation of the Escrow Property except for any losses resulting from an investment that is inconsistent with the restrictions imposed by Section 2.1 above or some other breach of this contract. Any interest or other income received on such investment and reinvestment of the Escrow Property shall become part of the Escrow Property. Any losses incurred on such investment and reinvestment of the Escrow Property shall be debited against the Escrow Property.

## ARTICLE III
## DISBURSEMENTS FROM THE ESCROW ACCOUNT

3.1     The Escrow Agent shall have the power to sell or liquidate the foregoing investments whenever the Escrow Agent shall be required to release all or any portion of the Escrow Property pursuant to the terms and conditions of the Agreement.

3.2     The Escrow Agent shall hold the Escrow Property in its possession until the Escrow Agent is requested, authorized, or instructed to disburse all or any part of the Escrow Property pursuant to Sections 3.3, 3.4, 3.5, or 3.8 below.

3.3     Sperling & Slater, PC ("Sperling & Slater"), McDermott Will & Emery LLP ("McDermott"), DLA Piper US LLP ("DLA Piper"), Goodwin Procter LLP ("Goodwin Procter"), and the Law Office of Mark L. Rotert ("Rotert") (or such other law firm as any of the D&O Parties might retain as his counsel) (Sperling & Slater, McDermott, DLA Piper, Goodwin Procter, Rotert, and any such successor firm each, a "D&O Submitting Party") from time to time after the Effective Date may submit to the attention of the Escrow Agent invoices, redacted as necessary to preserve any applicable privilege, for legal fees and costs incurred in connection with representing each of their respective D&O Party clients in connection with actual communications that occur after the Effective Date with the United States Securities and Exchange Commission ("SEC"), the United States Department of Justice ("DOJ"), including without limitation the office of any United States Attorney, or other regulatory agency of the United States or any State with respect to matters concerning Divine, Inc. or RoweCom, Inc.   Before incurring any fees and costs for which reimbursement may be sought pursuant to this paragraph, the D&O Submitting Party shall represent in writing to the Escrow Agent, providing a copy to counsel to the Enivid Liquidation Representative and RoweCom Liquidating Trustee, that one of the following events has occurred with respect to a D&O Party's involvement with Divine, Inc. or RoweCom, Inc.: (i) the SEC or DOJ or other regulatory agency has requested that a D&O Party appear for an interview or provide other information in connection with an investigation; (ii) a D&O Party has received an SEC or grand jury subpoena; (iii) a D&O Party has received a Wells notice or advice that he is a target of a grand jury or other regulatory investigation or action; or (iv) a D&O Party has been indicted by the DOJ, States' Attorney, or similar authority, or named as a defendant in an SEC enforcement proceeding.

3.4     Warner Stevens LLP, as counsel to the Divine Liquidation Representative ("Warner Stevens"), or such other law firm as the Divine Liquidation Representative might retain as his counsel, from time to time after the Effective Date may submit to the attention of the Escrow Agent invoices or other documents evidencing payment obligations, redacted as necessary to preserve any applicable privilege, for legal fees, costs, agreements, or judgments incurred in connection with defending the CFTB Tax Claim as defined in the Settlement Agreement.   The Divine Liquidation Representative is hereby authorized to pay from Escrow Account E an amount not to exceed the CFTB Tax Claim Cap to satisfy the CFTB Tax Claim as defined in the Settlement Agreement.

3.5     The Escrow Agent shall, within 30 days of receipt of each such invoice submitted pursuant to paragraph **3.3** or **3.4** above, disburse funds from the Escrow Account E in the amount of the invoice either to the D&O Submitting Party (in the case of a submission pursuant to paragraph 3.3) or to Warner Stevens (in the case of a submission pursuant to paragraph 3.4), unless the Escrow Agent determines, either on his own or based upon a written objection by the Enivid Liquidation Representative , the RoweCom Liquidating

Trustee, or any D&O Party that any such invoice is not related to items set forth in either paragraphs **3.3** or **3.4** above. In such event, the Escrow Agent shall promptly notify the D&O Submitting Party or Warner Stevens of the disputed invoice and reasons for any dispute, and shall promptly pay all undisputed amounts to the D&O Submitting Party. The Escrow Agent, the D&O Submitting Party, and both or either of the Enivid Liquidation Representative or RoweCom Liquidating Trustee, then shall attempt to resolve such dispute, and should they be unable to do so, shall jointly submit the dispute to Judge Joan N. Feeney of the United States Bankruptcy Court for the District of Massachusetts (or any judge sitting in her stead) requesting a resolution. Upon the resolution of any such dispute, the Escrow Agent shall immediately pay any additional amounts determined to be due to the D&O Submitting Party.

3.6     Each D&O Party shall be entitled to 1/5 of the Escrow Property, less any amount payable pursuant to paragraph 3.4, for the claims described in paragraph **3.3** above (the "Individual Reimbursement Amount"), provided that such reimbursement request is made pursuant to paragraph **3.3** above and not disputed by the Escrow Agent pursuant to paragraph **3.5** above. Any time after the Effective Date, Filipowski, Humanensky, Cullinane, Sullivan or Mueller may provide written notice to the parties set forth in paragraph **8.1** disclaiming his respective right to receive the remainder of his Individual Reimbursement Amount, if any, remaining as of the time of such notice (the "Disclaimed Individual Reimbursement Amount"). In such event, the Disclaimed Individual Reimbursement Amount, if any, shall be made available to the other D&O Submitting Parties on a *pro rata* basis in accordance with this Article III. Further, any time after the Effective Date, Filipowski, Humanensky, Cullinane, Sullivan or Mueller may provide written notice to the parties set forth in paragraph **8.1** agreeing to any D&O Party receiving more than his Individual Reimbursement Amount remaining as of the time of such notice (the "Additional Reimbursement Amount"). In such event, the Additional Reimbursement Amount shall be applied on behalf of the D&O Party in accordance with this Article III.

3.7     If, by March 1, 2008, no D&O Party has been indicted or named as a defendant or respondent in an SEC enforcement proceeding, then the Escrow Property shall no longer be used to reimburse any D&O Submitting Party for fees or costs incurred in connection therewith. Accordingly, if, as of March 1, 2008, any D&O Submitting Party has previously provided written notice pursuant to paragraph **3.3** of its intent to incur fees to be reimbursed from the Escrow, it shall promptly notify the Escrow Agent whether it intends to submit any further invoices in connection therewith and if so, the basis for its belief that any such fees will be incurred and invoiced. If any party to this Agreement contests whether it is reasonably likely that any fees reimbursable under paragraph **3.3** will indeed be incurred, he or it may petition the United States Bankruptcy Court for the District of Massachusetts for an order prohibiting further reimbursement of fees in connection therewith.

3.8     If, as of March 1, 2008 (i) none of the events enumerated in paragraph **3.3** has occurred, or any such events have been resolved to the satisfaction of the D&O Parties, (ii) no D&O Submitting Party has provided written notice of its intent to incur further

fees reimbursable under paragraph **3.3,**, and (iii) none of the events enumerated in paragraph **3.4** has occurred, then the Escrow Agent shall distribute the Escrow Property (after payment of all invoices and fees incurred pursuant to this agreement) then remaining, if any, in equal parts to the Enivid Liquidation Representative and the RoweCom Liquidating Trustee.

3.9     The Escrow Agent shall be entitled to payment for reasonable fees and expenses incurred hereunder. Expenses incurred by the Escrow Agent shall be released from the Escrow Property within 10 calendar days of the Escrow Agent's delivery of notice of incurrence of any fees and/or expenses hereunder to the authorized representatives of Filipowski, Humanensky, Cullinane, Sullivan, Mueller, the Enivid Liquidation Representative and the RoweCom Liquidating Trustee. In the event that any of those persons contests the reasonableness of the Escrow Agent's fees and expenses, he or it may seek relief before Judge Joan N. Feeney of the United States Bankruptcy Court for the District of Massachusetts, which court shall have continuing jurisdiction over the administration of this Escrow Agreement, as set forth more fully in paragraph 9.1 below.

## ARTICLE IV
## EXPENSES

4.1     The Escrow Agent shall be entitled to the reimbursement of all reasonable out-of-pocket costs and expenses actually incurred by the Escrow Agent in the performance of his duties hereunder, including, but not limited to, any legal fees the Escrow Agent incurs if, in his sole discretion, he is required to retain counsel in connection with any dispute under the this Agreement. It is understood by the parties that the ongoing expenses for administration of Escrow Account E will be deducted from the Escrow Property deposited into Escrow Account E. All Escrow Agent expenses and other bank charges in connection with this Escrow Account E shall be payable to the Escrow Agent. The Escrow Agent shall provide monthly statements for Escrow Account E to the parties by the tenth day of the following month. In the event that any of those persons contests the reasonableness of the Escrow Agent's expenses, he or it may seek relief before Judge Joan N. Feeney of the United States Bankruptcy Court for the District of Massachusetts, which court shall have continuing jurisdiction over the administration of this Agreement, as set forth more fully in paragraph **9.1** below.

## ARTICLE V
## EXCULPATION AND INDEMNIFICATION

5.1     The obligations and duties of the Escrow Agent are confined to those specifically set forth in this Agreement. The Escrow Agent is not a party to the Settlement Agreement. However, the other parties to this Agreement agree that this Agreement is consistent with the Settlement Agreement, and is not intended to supersede the provisions of the Settlement Agreement. The Escrow Agent shall not be subject to, nor be under any obligation to ascertain or construe the terms and conditions of any other instrument, whether or not now or hereafter deposited with or delivered to the Escrow Agent or

372028v2

referred to in this Agreement, nor shall the Escrow Agent be obligated to inquire as to the form, execution, sufficiency, or validity of any such instrument nor to inquire as to the identity, authority, or rights of the person or persons executing or delivering same.

5.2     The Escrow Agent shall not be personally liable for any act that it may do or omit to do hereunder in good faith and in the exercise of its own best judgment. Any act done or omitted to be done by the Escrow Agent pursuant to the advice of its attorneys shall be deemed conclusively to have been performed or omitted in good faith by the Escrow Agent.

5.3     In the event of any dispute, ambiguity or uncertainty hereunder or in any notice, instruction, or other communication received by the Escrow Agent hereunder, the Escrow Agent may, in its sole discretion, refrain from taking any action other than to retain possession of the Escrow Property, unless the Escrow Agent receives written instructions, jointly signed by the parties to this Agreement, which resolves or eliminates such dispute, ambiguity or uncertainty. In the event that the Escrow Agent believes that there is any ambiguity or uncertainty in the terms of this Agreement, or in any notice, instruction, or other communication received by the Escrow Agent hereunder, the Escrow Agent shall request clarification from the parties. In the event the Escrow Agent retains or consults counsel, the Escrow Agent shall not demand reimbursement of its legal fees from the parties, or reimburse itself for its legal fees from the Escrow Property, before first allowing the parties a reasonable opportunity to provide clarification as to the ambiguity or uncertainty identified by the Escrow Agent including (if and to the extent deemed necessary by the parties) allowing them the opportunity to submit such issue to Judge Joan N. Feeney of the United States Bankruptcy Court for the District of Massachusetts (or any judge sitting in her stead) for clarification of the issue before the Escrow Agent incurs any expenses, including but not limited to legal fees. No joint and several liability shall attach to the parties for legal fees and expenses incurred by the Escrow Agent. Instead, attorney fees and expenses, if charged, will be deducted as administrative expenses from Escrow Account E.

5.4     Each of the parties hereby agree, jointly and severally, to indemnify and hold the Escrow Agent, and its directors, officers, employees, and agents, harmless from and against all costs, damages, judgments, attorneys' fees (whether such attorneys shall be regularly retained or specifically employed), expenses, obligations and liabilities of every kind and nature which the Escrow Agent, and its directors, officers, employees, and agents, may incur, sustain, or be required to pay in connection with or arising out of this Agreement, unless the aforementioned results from the Escrow Agent's negligence or willful misconduct, and to pay the Escrow Agent on demand the amount of all such costs, damages, judgments, attorneys' fees, expenses, obligations, and liabilities. The costs and expenses of enforcing this right of indemnification also shall be paid from the property held in escrow hereunder. The foregoing indemnities in this paragraph shall survive the resignation or substitution of the Escrow Agent or the termination of this Agreement.

5.5     The Escrow Agent does not have any interest in the Escrow Property deposited
hereunder but is serving as escrow holder only and having only possession thereof.

## ARTICLE VI
## TERMINATION OF AGREEMENT

6.1     This Agreement shall terminate upon the distribution of all Escrow Property from
the account established hereunder.

## ARTICLE VII
## RESIGNATION OF ESCROW AGENT

7.1     The Escrow Agent may resign at any time upon giving at least thirty (30) days
prior written notice to the authorized representatives of each other party provided,
however, that no such resignation shall become effective until the appointment of a
successor escrow agent which shall be accomplished as follows:  the other parties shall
use their best efforts to select a successor escrow agent within thirty (30) days after
receiving such notice.  If the other parties fail to appoint a successor escrow agent within
such time, the Escrow Agent shall have the right to appoint a successor escrow agent.
The successor escrow agent shall execute and deliver an instrument accepting such
appointment and it shall, without further acts, be vested with all the estates, properties,
rights, powers, and duties of the predecessor escrow agent as if originally named as
escrow agent.  Upon delivery of such instrument, the Escrow Agent shall be discharged
from any further duties and liability under this Agreement.  The Escrow Agent shall be
paid any outstanding fees and expenses prior to transferring assets to a successor escrow
agent.

## ARTICLE VIII
## NOTICES

8.1     All notices and other communications under the Agreement shall be in writing in
English and shall be deemed given when delivered personally, on the next Business Day
after delivery to a recognized overnight courier or mailed first class (postage prepaid) or
when sent by facsimile to the parties (which facsimile copy shall be followed, in the case
of notices or other communications sent to the Escrow Agent, by delivery of the original)
at the following addresses:

**If to the Escrow Agent, to:**

Christopher J. Panos, Esq.
Craig and Macauley
Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500 Telephone
(617) 742-1788 Facsimile

**If to Filipowski, to:**

Thomas D. Brooks, Esq.
Sperling & Slater, PC
55 West Monroe Suite 3200
Chicago, IL 60603
Tel: 312-641-3200
FAX: 312-641-6492

**If to Humanensky, to:**

Joel G. Chefitz, Esq.
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Tel: 312.984.6484
FAX: 312.984.7700

**If to Cullinane, to:**

Samuel B. Isaacson, Esq.
DLA Piper US LLP
203 North LaSalle Street, 19th Floor
Chicago, IL 60601-1293
Tel: 312-368-4000
FAX: 312-236-7516

**If to Sullivan, to:**

John J. Falvey, Jr., Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Tel: 617-570-1000
FAX: 617-523-1231

**If to Mueller, to:**

Mark L. Rotert, Esq.
Law Office of Mark L. Rotert
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel:  312-236-8115
FAX: 312-236-8116

**If    to    the    Divine    Liquidation
Representative to:**

James Boles                     Lewis T. Stevens, Esq.
[ADDRESS]                       Warner Stevens LLP
                                1700 City Center Tower II
                                301 Commerce Street
                                Forth Wroth, Texas 76102
                                Telephone: 817.810.5250
                                Facsimile: 817.810.5255

**If   to   the   RoweCom   Liquidating
Trustee to:**

Christopher J. Panos, Esq.       Thomas S. Vangel, Esq.
Craig and Macauley              Murtha Cullina LLP
Professional Corporation        99 High Street
Federal Reserve Plaza           Boston, MA 02110
600 Atlantic Avenue             (617) 457-4000 Telephone
Boston, MA 02210                (617) 482-3868 Facsimile
(617) 367-9500 Telephone
(617) 742-1788 Facsimile

Upon receipt of any written instructions received from the parties, the Escrow Agent shall
call the signatories of the written instructions to confirm the genuineness and authenticity
of the instructions.

372028v2

## ARTICLE IX
## GOVERNING LAW

9.1    This Agreement shall be governed by the law of the Commonwealth of
Massachusetts in all respects. The parties hereto irrevocably and unconditionally submit
to the personal and subject matter jurisdiction of the United States Bankruptcy Court for
the District of Massachusetts, consistent with the Settlement Agreement, in connection
with any proceedings commenced regarding this Agreement, including but not limited to,
any interpleader proceeding or proceeding for the appointment of a successor escrow
agent the Escrow Agent may commence pursuant to this Agreement, and all parties
irrevocably submit to the personal jurisdiction of aforesaid court for the determination of
all issues in such proceedings, without regard to any principles of conflicts of laws, and
irrevocably waive any objection to venue or inconvenient forum. This Agreement is a
part of the administration and consummation of the Settlement as embodied in the
Settlement Agreement, and the Bankruptcy Court, as defined in the Settlement
Agreement, shall retain jurisdiction with respect to enforcing the terms of the Settlement,
consistent with the provisions of the Settlement Agreement.

## ARTICLE X
## AUTOMATIC SUCCESSION

10.1    Any bank or corporation into which the Escrow Agent may be merged or with
which it may be consolidated, or any bank or corporation to whom the Escrow Agent may
transfer a substantial amount of its Escrow business, shall be the successor to the Escrow
Agent without the execution or filing of any paper or any further act on the part of any of
the parties, anything herein to the contrary notwithstanding.

## ARTICLE XI
## AMENDMENT AND MODIFICATION

11.1    This Agreement may not be amended, supplemented or otherwise modified
without the prior written consent of all the parties hereto.

## ARTICLE XII
## COUNTERPARTS

12.1    This Agreement may be executed in one or more counterparts, each of which shall
be deemed an original, but all of which together shall constitute but one and the same
Agreement.

## ARTICLE XIII
## INTERPRETATION

13.1   The headings used in this Agreement are for convenience only and shall not constitute a part of this Agreement.

13.2   As used in this Agreement, "Business Day" means a day other than a Saturday, Sunday, or other day when banking institutions in Boston, Massachusetts are authorized or required by law or executive order to be closed.

13.3   Capitalized terms not defined herein shall be given the same meanings as ascribed to such terms in the Settlement Agreement.

## ARTICLE XIV
## SEVERABILITY

14.1   The parties agree that if any provision of this Agreement shall under any circumstances be deemed invalid or inoperative this Agreement shall be construed with the invalid or inoperative provisions deleted and the rights and obligations of the parties shall be construed and enforced accordingly.

## ARTICLE XV
## AUTHORIZED REPRESENTATIVES

15.1   [Intentionally Omitted]

15.2   Filipowski has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the Escrow Account E subject to and governed by the Agreement:

   Thomas D. Brooks, Esq.
   Sperling & Slater, PC
   55 West Monroe Suite 3200
   Chicago, IL 60603
   Tel: 312-641-3200
   FAX: 312-641-6492

15.3   Humanensky has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the Escrow Account E subject to and governed by the Agreement:

   Joel G. Chefitz, Esq.
   McDermott Will & Emery LLP

227 West Monroe Street
Chicago, IL 60606-5096
Tel: 312.984.6484
FAX: 312.984.7700

15.4    Cullinane has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the Escrow Account E subject to an governed by the Agreement:

Samuel B. Isaacson, Esq.
DLA Piper US LLP
203 North LaSalle Street, 14th Floor
Chicago, IL 60601-1293
Tel: 312-368-4000
FAX: 312-236-7516

15.5    Sullivan has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the Escrow Account E subject to an governed by the Agreement:

John J. Falvey, Jr., Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Tel: 617-570-1000
FAX: 617-523-1231

15.6    Mueller has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the Escrow Account E subject to an governed by the Agreement:

Mark L. Rotert, Esq.
Law Office of Mark L. Rotert
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: 312-236-8115
FAX: 312-236-8116

15.7    The Divine Liquidation Representative has designated the following individuals to serve as his duly authorized agents concerning the Agreement and the escrow account subject to an governed by the Agreement:

Lewis T. Stevens, Esq.
Warner Stevens, LLP
1700 City Center Tower II

301 Commerce Street
Forth Worth, Texas 76102
Telephone: 817.810.5250
Facsimile: 817.810.5255

15.8    The RoweCom Liquidation Representative has designated the following
individuals to serve as his duly authorized agents concerning the Agreement and the
escrow account subject to an governed by the Agreement:

Christopher J. Panos, Esq.
Craig and Macauley
Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500 Telephone
(617) 742-1788 Facsimile

*[The next page is the signature page]*

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the day and year first above written.

Christopher J. Panos, as Escrow Agent

By
Name: Christopher J. Panos

Andrew Filipowski

By
Name: Andrew Filipowski
Title:

Paul Humanensky

By
Name:
Title:

Michael Cullinane

By
Name:
Title:

Jude Sullivan

By
Name:
Title:

Kenneth Mueller
By
Name:
Title:

372028v2

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

Christopher J. Phipps, as Escrow Agent

By: _____
Name: Christopher S. Phipps

Andrew Filipowski

By: _____
Name:
Title:

Paul Humanansky

By: _____
Name:
Title:

Michael Cullinane

By: _____
Name:
Title:

Dale Sullivan

By: _____
Name:
Title:

Kenneth Mueller

By: _____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the day and year first above written.

Christopher J. Panos, as Escrow Agent

By

Name: CHRISTOPHER J. PANOS

Andrew Filipowski

By
Name:
Title:

Paul Humanensky

By
Name:
Title:

Michael Cullinane

By
Name:
Title:

Jude Sullivan

By
Name:
Title:

Kenneth Mueller
By
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the day and year first above written.

Christopher J. Panos, as Escrow Agent

By

Name: CHRISTOPHER J. PANOS

Andrew Filipowski

By

Name:

Title:

Paul Humanensky

By

Name:

Title:

Michael Cullinane

By

Name:

Title:

Jude Sullivan

By

Name: John J. Falvey, Jr.

Title: Partner, Goodwin Procter LLP

Kenneth Mueller

By

Name:

Title:

03/05/2008  10:14   312-236-7516          RECEIVED  03/05/2008  08:10
                                        DLA PIPER                          PAGE  02/02

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the day and year first above written.

Christopher J. Panos, as Escrow Agent

By_____

Name: Christopher J. Panos

Andrew Filipowski

By_____
Name:
Title:

Paul Humanensky

By_____
Name:
Title:

Michael Cullinane

By_____
Name:
Title:

Jude Sullivan

By_____
Name:
Title:

Kenneth Mueller

By_____
Name: Kenneth Mueller
Title:

373028v2

James B. Boles, Liquidation Trust Representative, for
the benefit of the Enivid, Inc. Liquidation Trust

By_____
Name:
Title:

Christopher J. Panos, Trustee, for the benefit of the
RoweCom Liquidating Trust

By_____
Name:
Title:

372028v2

James B. Boles, Liquidation Trust Representative, for the benefit of the Enivid, Inc. Liquidation Trust

By_____

Name:

Title:

Christopher J. Panos, Trustee, for the benefit of the RoweCom Liquidating Trust

By_____

Name: CHRISTOPHER J. PANOS

Title: TRUSTEE

Exhibit C
Settlement Agreement
(see attached)

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is made as of _____, 2008, between Christopher J. Panos, as Trustee of the Sabine, Inc. Liquidating Trust ("Panos"), James Boles, as Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust ("Boles") (Boles and Panos are collectively referred to herein as the "Trustees"), Andrew J. Filipowski, Paul Humenasky, Michael P. Cullinane, and Jude Sullivan (Filipowski, Humenansky, Cullinane, and Sullivan are collectively referred to herein as the "Directors and Officers"), Underwriters at Lloyd's ("Lloyd's"), The St. Paul Travelers Companies, Inc. ("St. Paul" and, together with Federal Insurance Company ("Federal") and Lloyd's, the "Insurers"), enivid, inc. as debtor and debtor-in-possession and its legal successors and assigns (the "Divine Estate") and Sabine, Inc., as debtor and debtor-in-possession and its legal successors and assigns (the "RoweCom Estate" and, together with the Divine Estate, the "Estates").

WHEREAS, Boles brought an adversary proceeding against the Directors and Officers captioned *James B. Boles, Liquidation Trust Representative of the Envid Inc. Liquidation Trust v. Andrew Filipowski, et al.*, Adv. Pro. No. 04-1439-JNF (the "Boles Action"), which adversary proceeding is pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), in which Boles (i) makes certain claims against the Directors and Officers relating to their management and governance of enivid, inc. f/k/a divine, inc. and its related entities and/or subsidiaries ("Divine") and (ii) objects to certain claims the Directors and Officers filed in connection with the Divine bankruptcy case; and

WHEREAS, Panos brought an adversary proceeding against Sullivan captioned *Christopher J. Panos, Trustee of the RoweCom Liquidating Trust v. Jude M. Sullivan*, Adv. Pro. No. 05-01019-JNF (the "Panos Action"), which adversary proceeding is pending in the Bankruptcy Court, in which Panos makes certain claims against Sullivan relating to his management and governance of RoweCom; and

WHEREAS, the Directors and Officers have denied and continue to deny all claims made against them in the Boles Action; and

WHEREAS, Sullivan has denied and continues to deny the claims made against him in the Panos Action; and

WHEREAS, the Directors and Officers have made certain claims against the Estates, including claims for indemnification; and

WHEREAS, the claims asserted by the Estates in the Boles Action and the Panos Action were noticed under one or more directors and officers liability insurance policies ("D&O Policies") issued by certain insurers to Divine; to wit, Policy No. 512CM0289 issued by St. Paul and Policy No. 823/FD0100559 issued by Lloyd's whereby each is severally liable for 50% of the $10 million aggregate limit, and Policy No. 70232449 issued by Federal, and as to which the Insurers have expressly reserved their rights; and

WHEREAS, the primary layer of insurance coverage provided by Illinois National in the amount of $10 million has been fully exhausted through payment of defense costs and the remaining amounts available under the D&O Policies is approximately $17,333,933 as of August 31, 2007, subject to the several obligations of Lloyd's and St. Paul to pay $6.3 million to the Divine shareholder class as referenced in paragraph 3(i) below and the payment of Defense Costs as referenced in paragraph 3(ii) below; and

WHEREAS, the Trustees, the Estates, the Directors and Officers, and the Insurers desire to resolve, without further litigation, any and all claims and disputes among them;

NOW, THEREFORE, in consideration of the mutual covenants and representations contained herein, the Trustees, the Estates, the Directors and Officers, and the Insurers hereby agree as follows:

1. The term "Final Approval Date" shall refer to the date as of which the following conditions to approval or effectiveness of this Settlement Agreement have been satisfied in accordance with the terms hereof: (i) the entry of a Final Order approving this Settlement Agreement, and (ii) the entry of a Final Order by the United States District Court, District of Massachusetts ("District Court") approving the settlement agreement in the case captioned *Bobbitt v. Filipowski, et al.*, Case No. 12263-PBS ("Class Action Settlement Agreement") and dismissing with prejudice any appeals filed in connection therewith.

2. The term "Final Order" shall refer to an order as to which there is no pending appeal, stay, motion for reconsideration or motion to vacate or similar request for relief, and as to which the period of time for a party to seek any such appeal, stay, or motion to vacate or similar request for relief has expired.

3. The term "Settlement Payments" shall refer to the payment to the Trustees by the Insurers of all remaining proceeds under the D&O Policies, less (i) Six Million Three Hundred Thousand Dollars ($6,300,000.00) to be paid to the Divine shareholder class under the terms of the

372029v2

Class Action Settlement Agreement and the Trustees' settlement with the Divine shareholder class, and (ii) defense costs that are reimbursable under the D&O Policies and incurred through the Final Approval Date ("Defense Costs").

The Settlement Payments shall be distributed as follows: (i) Two Million Dollars ($2,000,000.00) shall be placed in escrow pursuant to the Escrow Agreement between the Parties, which is attached as Exhibit _____ hereto and whose terms are incorporated by reference as if fully set forth herein; and (ii) the remaining amounts shall be paid to Boles and Panos jointly, as Trustees, to be thereafter allocated between the Divine and RoweCom Estates pursuant to the D-R Settlement Agreement, which is attached as Exhibit _____ hereto.

4.      Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments by the Insurers as set forth in Paragraph 13 below, the Directors and Officers, for themselves and on behalf of any and all of their successors, assigns, and beneficiaries (collectively, the "D&O Releasors") do hereby fully, finally and forever settle, release, remise, and discharge the Trustees and the Estates, and each of their respective beneficiaries, agents, advisors, legal or other representatives, (collectively, the "Estate Releasees") from any and all actions, claims, proofs of claim, demands, rights, causes or causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not concealed or hidden, asserted or that could have been asserted, including but not limited to any claims filed by the D&O Releasors in the Bankruptcy Case for Enivid, Inc., United States Bankruptcy Court for the District of Massachusetts, Chapter 11 Case No. 03-11472-JNF et al., or in the Bankruptcy Case for Sabine, Inc., United States Bankruptcy Court for the District of Massachusetts, Chapter 11 Case No. 03-10668-JNF; provided, however, that the claims set forth in paragraphs 5, 6 and 7 are excluded from this release.

5.      In further consideration for the Director and Officer releases set forth in paragraph 4 above (the "Director and Officer Releases"), the Estates and the Directors and Officers have entered into the Escrow Agreement for a portion of the Settlement Proceeds. It is understood and agreed by the parties that all claims, rights, or interest arising from or relating to the Escrow Agreement, as well as this Settlement Agreement, are expressly excluded from the Director and Officer Releases and, in all respects, shall be preserved intact in accordance with the terms of the governing documents.

6. Boles, as Trustee of the Divine Estate, agrees to use good faith efforts to resolve any claim made after the Effective Date of this Agreement by the California Franchise Tax Board against the Directors and Officers, or any number of them, for alleged non-payment of Divine or RoweCom taxes up the amount of $31,906.37 as set forth in that certain "Corporation Final Notice Before Levy dated December 15, 2005 (the "CFTB Tax Claim"), plus interest and penalties which accrue from the date of said Notice relative to the tax due for tax year 2002 (the "CFTB Tax Claim Cap"). If Boles is unable to resolve the CFTB Tax Claim, Warner Stevens LLP, or such other firm as Boles might retain as his counsel, shall defend the CFTB Tax Claim, and Boles shall satisfy any liability on such claim from the Escrow Account E up to the CFTB Tax Claim Cap and the provisions in the Escrow Agreement regarding the CFTB Tax Claim shall apply. The costs of defending the CFTB Tax Claim shall not be included for purposes of calculating the CFTB Tax Claim Cap. The parties agree that neither of the Estates is obligated to undertake any efforts with respect to any claims made by any state taxing authority other than the California Franchise Tax Board against any of the Directors and Officers for alleged non-payment of Divine or RoweCom taxes (the "non-CFTB Tax Claims"). The parties further agree that no funds from the Escrow Account established pursuant to the Escrow Agreement shall be used in any manner in connection with defending, compromising, or satisfying in full any non-CFTB Tax Claims.

7. The Director and Officer Releases also shall not include the following claims, which the Divine Estate shall pay as with other unsecured claims, and at the same time as any payments are made in connection with other allowed unsecured claims, except as noted:

A. Filipowski shall have an allowed general unsecured claim for $1,000,000.00 against the Divine Estate based on his employment agreement, but waives any distribution from the proceeds of the Settlement Payments as to this claim, including, but not limited to, any proceeds of Settlement Payments that may be allocated to the reimbursement of legal fees or expenses incurred by the Divine estate in connection with any investigation or litigation of claims against any officers, directors or shareholders of Divine.

B. Cullinane shall have an allowed general unsecured claim for $500,000.00 against the Divine Estate based on his employment agreement, but waives any distribution from the proceeds of the Settlement Payments as to this claim, including, but not limited to, any proceeds of Settlement Payments that may be allocated to the reimbursement of legal fees or expenses incurred by the Divine estate in connection with any investigation or litigation of claims against any officers, directors or shareholders of Divine.

372029v2

C. Humenansky shall have an allowed general unsecured claim for $500,000.00 against the Divine Estate based on his employment agreement, but waives any distribution from the proceeds of the Settlement Payments as to this claim, including, but not limited to, any proceeds of Settlement Payments that may be allocated to the reimbursement of legal fees or expenses incurred by the Divine estate in connection with any investigation or litigation of claims against any officers, directors or shareholders of Divine.

D. Sullivan shall have an allowed general unsecured claim for $375,000.00 against the Divine Estate based on his employment agreement, but waives any distribution from the proceeds of the Settlement Payments as to this claim, including, but not limited to, any proceeds of Settlement Payments that may be allocated to the reimbursement of legal fees or expenses incurred by the Divine estate in connection with any investigation or litigation of claims against any officers, directors or shareholders of Divine.

8. Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments by the Insurers as set forth in Paragraph 13 below, the Trustees and Estates (collectively, the "Estate Releasors") hereby fully and finally and forever settle, release, remise, discharge and acquit all former directors and officers of RoweCom, Inc. and Divine, Inc., and any and all of their subsidiaries, including without limitation, Jude M. Sullivan, Andrew J. Filipowski, Paul Humenansky and Michael P. Cullinane, both personally and in their respective roles and capacities as director, officer or employee of RoweCom, Inc. and/or Divine, Inc., and each of their respective heirs, spouses, beneficiaries, agents, executors, estates, administrators, assigns, partners, advisors, legal or other representatives (collectively the "Director and Officer Releasees"), of and from any and all actions, claims, demands, rights, causes or causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not concealed or hidden, asserted or that could have been asserted, whether or not arising out of, based upon or related to (i) any facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act in their capacity as a director, officer or employee of RoweCom, Inc. or Divine, Inc.; or (ii) any allegations which were asserted or could have been asserted against the Director and Officer Releasees in the Adversary Proceedings captioned *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan,* Adv. Pro. No. 05-01019 JNF and *James B. Boles, Liquidation Trust*

372029v2

*Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, Paul Humenansky, Michael Cullinane and Jude Sullivan,* Adv. Pro. No. 04-01439 JNF.

9.      Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments by the Insurers as set forth in Paragraph 13 below, the Estate Releasors hereby fully and finally and forever settle, release, remise, discharge and acquit St. Paul and Lloyd's from any and all actions, claims, demands, rights, causes or causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not concealed or hidden, asserted or that could have been asserted, arising out of, based upon or related to (i) claims asserting facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures of the Director and Officer Releasees; (ii) claims which were asserted or could have been asserted against the Director and Officer Releasees in the Adversary Proceeding captioned *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, et al.,* Adv. Pro. No. 04-01439-JNF and *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan,* Adv. Pro. No. 05-01019-JNF; and (iii) claims which are based, in whole or in part, upon the D&O Policies. The Estate Releasors have also entered into a Release with Federal Insurance Company attached hereto as Exhibit ____. These releases shall not be construed as general releases. These releases shall not be construed to release any claims for a breach by St. Paul or Lloyd's of the Settlement Agreement or any other failure by St. Paul or Lloyd's to perform according to any term(s) of the Settlement Agreement, nor shall it be construed to release any claims against the Insurers for any failure by the Insurers to make payment of any or all of the Settlement Payments according to the terms and conditions of the Settlement Agreement.

10.     Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments and Defense Costs by the Insurers as set forth in Paragraph 13 below, the Directors and Officers hereby fully and finally and forever settle, release, remise, discharge and acquit St. Paul and Lloyd's from any and all actions, claims, demands, rights, causes or causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not

372029v2

concealed or hidden, asserted or that could have been asserted, arising out of, based upon or related to (i) claims which were asserted or could have been asserted against the Director and Officer Releasees in the Adversary Proceeding captioned *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, et al.,* Adv. Pro. No. 04-01439-JNF and *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan*, Adv. Pro. No. 05-01019-JNF; and (ii) claims which are based, in whole or in part, upon the St. Paul and Lloyd's D&O Policies. Upon the payment of all Settlement Payments and exhaustion of the St. Paul and Lloyd's D&O Policies, the Directors and Officers further agree that the St. Paul and Lloyd's D&O Policies are null and void and of no further force or effect. These releases shall not be construed as general releases. These releases shall not be construed to release any claims for a breach by St. Paul or Lloyd's of the Settlement Agreement or any other failure by St. Paul or Lloyd's to perform according to any term(s) of the Settlement Agreement, nor shall it be construed to release any claims against the Insurers for any failure by the Insurers to make payment of any or all of the Settlement Payments according to the terms and conditions of the Settlement Agreement.

11.     Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments by the St. Paul and Lloyd's as set forth in Paragraph 13 below, St. Paul and Lloyd's hereby fully and finally and forever settle, release, remise, discharge and acquit the Directors and Officers from any and all actions, claims, demands, rights, causes or causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not concealed or hidden, asserted or that could have been asserted, arising out of, based upon or related to (i) claims which were asserted or could have been asserted against the Director and Officer Releasees in the Adversary Proceeding captioned *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, et al.,* Adv. Pro. No. 04-01439-JNF and *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan*, Adv. Pro. No. 05-01019-JNF; and (ii) claims which are based, in whole or in part, upon the D&O Policies. This shall not be construed as a general release. This release shall not be construed to release any claims for a breach by the Directors and Officers of the Settlement Agreement or any other failure by the Directors and Officers to perform according to any term(s) of the Settlement Agreement.

372029v2

12.     Upon the occurrence of the Final Approval Date and contemporaneously with the payment of all Settlement Payments by the St. Paul and Lloyd's as set forth in Paragraph 13 below, St. Paul and Lloyd's hereby fully and finally and forever settle, release, remise, discharge and acquit the Estate Releasees from any and all actions, claims, demands, rights, causes of action, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, controversies, judgments, taxes, attorneys' fees, executions, costs or expenses, of any nature whatsoever, past, present or future, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, whether or not concealed or hidden, asserted or that could have been asserted, arising out of, based upon or related to (i) claims which were asserted or could have been asserted against the Estate Releasees in the Adversary Proceeding captioned *James B. Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust v. Andrew J. Filipowski, et al.*, Adv. Pro. No. 04-01439-JNF and *Christopher J. Panos, Trustee of the RoweCom Liquidation Trust v. Jude M. Sullivan*, Adv. Pro. No. 05-01019-JNF; and (ii) claims which are based, in whole or in part, upon the D&O Policies.

13.     Within seven (7) days after the Final Approval Date and the receipt by the Insurers of payment/wiring instructions, the Insurers shall pay in immediately negotiable funds (i) all Defense Costs to counsel for the Directors and Officers which are submitted to the Insurers within two (2) business days of the Final Approval Date; and (ii) each Insurer's allocable share of the Settlement Payments in the manner set forth in paragraph 3, above; provided, however, that Federal shall have an additional ten (10) business days to fund its allocable share of the Settlement Payments following its receipt of written confirmation from St. Paul and Lloyds that they have exhausted their entire policy balances. No interest shall be due thereon provided that the payments of the Settlement Payments and Defense Costs are timely made, as set forth above, after the Final Approval Date.

14.     Contemporaneously with the execution of this Settlement Agreement, the Trustees shall execute a Release of Assignment form in connection with the life insurance policies insuring Cullinane, Filipowski and Humenansky ("Releases of Assignment") in the form attached as Exhibit ___, and (ii) stipulations of dismissal with prejudice (the "Stipulations of Dismissal with Prejudice") in the form attached as Exhibits ___ and ___. Counsel for the Trustees shall hold in escrow the executed Releases of Assignment and Stipulations of Dismissal until the Insurers make the Settlement Payments pursuant to paragraph ___ above. Upon the Trustees' receipt of the Settlement Payments, counsel for the Trustees shall cause immediately the Stipulations of Dismissal with Prejudice to be filed with the Bankruptcy Court, and shall deliver immediately the Releases of

Assignment to counsel for Cullinane, Filipowski and Humenansky. The Parties agree that unless and until the Insurers make the Settlement Payments, the Releases of Assignment and Stipulations of Dismissal with Prejudice shall be of no force or effect.

15.     It is expressly understood by the parties that neither this Settlement Agreement nor any of the negotiations, transactions, or proceedings connected in any way with this Settlement Agreement shall be construed or deemed to be an admission of or evidence of any liability or any wrong-doing on the part of any of the parties hereto or their representatives or those individuals and entities released herein, whether or not alleged in the pleadings in the Boles or Panos Actions. The parties hereby acknowledge, agree and understand that the giving up of other consideration, by or on behalf of the Directors and Officers in connection with the execution of this Settlement Agreement and the settlement of the Boles and Panos Actions, is not intended to be, and is not to be construed as, an admission of liability by the Directors and Officers. By their execution of this Settlement Agreement, the Estates hereby acknowledge that the Directors and Officers have expressly denied any liability, and that none of the Directors and Officers has admitted or conceded any liability. The parties acknowledge that the purpose of the settlement embodied in this Settlement Agreement is to avoid the expense and uncertainty of litigation. Nor shall this Settlement Agreement or any negotiations, transactions, or proceedings connected in any way with this Settlement Agreement or with any claim or dispute between the parties hereto, be used, offered, or received in evidence in any proceeding to prove any liability, or any wrong-doing, or an admission on the part of any of the parties or any of the individuals and entities released herein or for any other purpose; provided, however, that nothing herein shall prevent this Settlement Agreement, the releases herein, or any of the terms of the foregoing documents from being used, offered, or received in evidence in any proceeding, to enforce any or all of the terms of this Settlement Agreement or to obtain approval of the Bankruptcy Court for this Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure or other applicable requirements of the United States Bankruptcy Code or the Bankruptcy Rules.

16.     Boles and Panos each represent and warrant that he has been authorized by his respective Post Effective Date Committee to enter into this Settlement Agreement and to present this Settlement Agreement for Bankruptcy Court approval. In addition, Boles and Panos each represent and warrant to the Directors and Officers that (a) each Trustee and his respective Estate has not and will not sell, assign, grant, or transfer to any individual or entity any of the claims that are released by the Estate Releasors; and (b) each Trustee and his respective Estate has not relied upon any

372029v2

representation by or on behalf of the Directors and Officers other than those specifically set forth in this Settlement Agreement (including, without limitation, those set forth in the recitals and exhibits to this Settlement Agreement), in executing, delivering, and performing this Settlement Agreement, or in undertaking to execute and file the Stipulations of Dismissal with Prejudice.

17. The Directors and Officers represent and warrant to the Estates that (a) each of the Directors and Officers has full authority to execute this Settlement Agreement and to present this Settlement Agreement for Bankruptcy Court approval; (b) the D&O Releasors have not and will not sell, assign, grant, or transfer to any individual or entity any of the claims released by them herein; and (c) the Directors and Officers have not relied upon any representation by or on behalf of the Estates other than those specifically set forth in this Settlement Agreement (including, without limitation, those set forth in the recitals and exhibits to this Settlement Agreement), in executing, delivering, and performing this Settlement Agreement, or in undertaking to execute the Stipulations of Dismissal with Prejudice.

18. The Trustees agree, from and after the Final Approval Date, that neither the Trustees nor the Estates, or any of their representatives, will maintain, cause to be maintained, or assist in maintaining (either individually or in concert with another) any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Director and Officer Releasees.

19. This Settlement Agreement is made under the laws of the Commonwealth of Massachusetts, constitutes the entire agreement of the Trustees, the Estates and the Directors and Officers with respect to the matters referred to herein, supersedes any and all prior agreements or understandings relative to said matters, and may not be modified or waived in any respect except by a writing signed by each of the Parties.

20. The effectiveness and enforceability of this Settlement Agreement are expressly subject to and conditioned upon issuance by the Bankruptcy Court of a Final Order approving this Settlement Agreement and the form of Stipulations of Dismissal with Prejudice attached hereto as Exhibits ___ and ___, and issuance by the District Court of a Final Order approving the Class Action Settlement Agreement without any material modification or amendment. The Trustees agree to request, and to support the Directors' and Officers' efforts to obtain, Bankruptcy Court approval of the form of Order Approving Trustees' Motion to Obtain Approval of Settlement Agreement with Directors and Officers attached hereto as Exhibit ___; provided, however, that entry of Final Order approving the Settlement Agreement and authorizing the Trustees to enter into such Agreement shall

not have to be in the form of Exhibit ___ for the Agreement to be effective. In the event that the Bankruptcy Court declines to enter a Final Order approving the Settlement Agreement, the Bankruptcy Court materially modifies or amends either the Settlement Agreement or the form of Stipulations of Dismissal with Prejudice, the District Court declines to enter a Final Order approving the Class Action Settlement Agreement, or the District Court materially modifies or amends either the Class Action Settlement Agreement or the form of Stipulations of Dismissal with Prejudice, then in that case and within ten (10) days of such declination, modification or amendment, any Party may in its sole discretion terminate this Settlement Agreement, whereupon all of the terms, conditions and provisions of this Settlement Agreement shall be void and of no force or effect.

21.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

IN WITNESS TO THE TERMS OF THIS AGREEMENT, the parties have executed and delivered this Settlement Agreement as of _____, 2008.

Accepted and Agreed to,

_____
JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST


_____
CHRISTOPHER J. PANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST


_____
ANDREW J. FILIPOWSKI


_____
PAUL HUMENANSKY


_____
MICHAEL P. CULLINANE


_____
JUDE SULLIVAN


_____
UNDERWRITERS AT LLOYD'S
By: _____

372029v2

IN WITNESS TO THE TERMS OF THIS AGREEMENT, the parties have executed and delivered this Settlement Agreement as of _____ ____, 2008.

Accepted and Agreed to,

_____

JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST

_____

CHRISTOPHER J. PANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST

_____

ANDREW J. FILIPOWSKI

_____

PAUL HUMENANSKY

_____

MICHAEL P. CULLINANE

_____

JUDE SULLIVAN

_____

UNDERWRITERS AT LLOYD'S
By: _____

372029v2

IN WITNESS TO THE TERMS OF THIS AGREEMENT, the parties have executed and

delivered this Settlement Agreement as of _____, 2008.

Accepted and Agreed to,

_____
JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST

_____
CHRISTOPHER J. PANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST

_____
ANDREW J. FILIPOWSKI

_____
PAUL HUMENANSKY

_____
MICHAEL P. CULLINANE

_____
JUDE SULLIVAN

_____
UNDERWRITERS AT LLOYD'S
By: _____

372029v2

IN WITNESS OF THE TERMS OF THIS AGREEMENT, the parties have executed and

have authorized this Agreement as of _____ 2008.

Accepted and Agreed to.

JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST

CHRISTOPHER J. PANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST

ANDREW J. FILIPOWSKI

PAUL HUMENANSKY

MICHAEL P. CULLINANE

JUDE SULLIVAN

UNDERWRITERS AT LLOYD'S
By

IN WITNESS TO THE TERMS OF THIS AGREEMENT, the parties have executed and delivered this Settlement Agreement as of _____, 2008.

Accepted and Agreed to,

_____

JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST

_____

CHRISTOPHER J. BANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST

_____

ANDREW J. FILIPOWSKI

_____

PAUL HUMENANSKY

_____

MICHAEL P. CULLINANE

_____

JUDE SULLIVAN

_____

UNDERWRITERS AT LLOYD'S
By: _____

172029v2

IN WITNESS TO THE TERMS OF THIS AGREEMENT, the parties have executed and

delivered this Settlement Agreement as of _____, 2008.

Accepted and Agreed to,

_____

JAMES BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST


_____

CHRISTOPHER J. PANOS, TRUSTEE OF THE
SABINE, INC. LIQUIDATING TRUST


_____

ANDREW J. FILIPOWSKI


_____

PAUL HUMENANSKY


_____

MICHAEL P. CULLINANE


_____

JUDE SULLIVAN

UNDERWRITERS AT LLOYD'S
By: _____, Wilson Elser, LLP

372029v2

THE ST. PAUL TRAVELERS COMPANIES, INC.
By: Ronald G. Munde, Senior Claim Counsel

# EXHIBIT A

# ESCROW AGREEMENT

**EXHIBIT B**

**D-R SETTLEMENT AGREEMENT**

**EXHIBIT C**

**ESTATE RELEASORS' RELEASE**

**OF FEDERAL INSURANCE COMPANY**

## EXHIBIT D

## RELEASES OF ASSIGNMENT

 Northwestern Mutual®
720 East Wisconsin Avenue
Milwaukee, WI 53202

## RELEASE OF ASSIGNMENT

| POLICY NUMBER(S) | INSURED(S) |
|---|---|
| (458456) 13103856 | Michael P. Cullinane |

For value received, all rights, title and interest of the undersigned in and to the above policy(ies) are hereby relinquished and released.

_____ OR _____

| SIGNATURE OF PERSONAL ASSIGNEE(S) | DATE SIGNED | SIGNATURE OF BUSINESS/ENTITY/TRUST ASSIGNEE(S) |
|---|---|---|
| | 3/6/08 MM/DD/YYYY | (Please PRINT name of Business/Entity/Trust) enivid, inc., f/k/a divine, inc., f/k/a Divine interVentures, Inc. When signing on behalf of business or entity, the signer must be someone other than insured. Authorized Company Representative/Trustee Signature Authorized Company Representative/Trustee Signature |

50-0510 (0703)                                                                FEISI

 Northwestern Mutual®

720 East Wisconsin Avenue
Milwaukee, WI 53202

# RELEASE OF ASSIGNMENT

| POLICY NUMBER(S) | INSURED(S) |
|---|---|
| (458458) 13103828 | Andrew J. Filipowski |

For value received, all rights, title and interest of the undersigned in and to the above policy(ies) are
hereby relinquished and released.

―――――――――――― OR ――――――――――――

| SIGNATURE OF PERSONAL ASSIGNEE(S) | DATE SIGNED | SIGNATURE OF BUSINESS/ENTITY/TRUST ASSIGNEE(S) |
|---|---|---|
| | 3/6/08 | Please PRINT name of Business/Entity/Trust |
| | MM/DD/YYYY | enivid, inc., f/k/a divine, inc., f/k/a Divine interVentures, Inc. |
| | | When signing on behalf of business or entity, the signer must be someone other than insured. |
| | | Authorized Company Representative/Trustee Signature |
| | | Authorized Company Representative/Trustee Signature |

50-05°S (0703)

FE/81

 Northwestern Mutual®
720 East Wisconsin Avenue
Milwaukee, WI 53702

## RELEASE OF ASSIGNMENT

| POLICY NUMBER(S) | INSURED(S) |
|---|---|
| 13103895 | Paul L. Humenansky |

For value received, all rights, title and interest of the undersigned in and to the above policy(ies) are
hereby relinquished and released.

───── OR ─────

| SIGNATURE OF PERSONAL ASSIGNEE(S) | DATE SIGNED | SIGNATURE OF BUSINESS/ENTITY/TRUST ASSIGNEE(S) |
|---|---|---|
| | 3/6/08 MM/DD/YYYY | Please PRINT name of Business/Entity/Trust<br>enivid, inc., f/k/a divine, inc., f/k/a<br>Divine interVentures, Inc.<br>When signing on behalf of business or entity, the signor must be someone other than insured.<br>Authorized Company Representative/Trustee Signature<br>Authorized Company Representative/Trustee Signature |

99-0515 (0703)

PE/SI

EXHIBIT ___

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

In re: ENIVID, INC.,

                Debtor.

 

JAMES B. BOLES, LIQUIDATION TRUST
REPRESENTATIVE OF THE ENVID, INC.
LIQUIDATION TRUST

                Plaintiff,

v.

SPERLING & SLATER, P.C.,

                Defendant.

Chapter 11
Case No. 03-11472-JNF et al.
(Substantively Consolidated)

Adversary Proceeding
No. 04-01446-JNF

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, all parties hereby stipulate and agree that the above-captioned adversary proceeding, including all claims asserted therein, be and hereby is dismissed with prejudice, without costs, and waiving all rights of appeal.

| THE ENIVID, INC. LIQUIDATION TRUST, BY THE LIQUIDATION TRUST REPRESENTATIVE<br><br>By its attorneys,<br><br><br>Michael D. Warner, Esq.<br>Lewis T. Stevens, Esq.<br>Jeffrey R. Erler, Esq.<br>WARNER STEVENS, L.L.P.<br>1700 City Center Tower II<br>301 Commerce Street<br>Fort Worth, Texas 76102<br>Telephone: 817.810.5250<br>Facsimile: 817.810.5255 | |
| --- | --- |
| | |

Dated: _____, 2008

EXHIBIT ___

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| In re: ENIVID, INC., | |
| Debtor. | Chapter 11<br>Case No. 03-11472-JNF et al.<br>(Substantively Consolidated) |
| JAMES B. BOLES, LIQUIDATION TRUST<br>REPRESENTATIVE OF THE ENVID, INC.<br>LIQUIDATION TRUST<br><br>Plaintiff,<br><br>v.<br><br>COTSIRILOS, TIGHE & STREICKER,<br>LTD.,<br>Defendant. | Adversary Proceeding<br>No. 04-01449-JNF |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, all parties hereby stipulate and agree that the above-captioned adversary proceeding, including all claims asserted therein, be and hereby is dismissed with prejudice, without costs, and waiving all rights of appeal.

| THE ENIVID, INC. LIQUIDATION TRUST, BY THE LIQUIDATION TRUST REPRESENTATIVE<br><br>By its attorneys,<br><br><br>Michael D. Warner, Esq.<br>Lewis T. Stevens, Esq.<br>Jeffrey R. Erler, Esq.<br>WARNER STEVENS, L.L.P.<br>1700 City Center Tower II<br>301 Commerce Street<br>Fort Worth, Texas 76102<br>Telephone: 817.810.5250<br>Facsimile: 817.810.5255 | |
|---|---|
| | |

Dated: _____, 2008

EXHIBIT ___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ENIVID, INC.,<br><br>                              Debtor. | Chapter 11<br>Case No. 03-11472-JNF et al.<br>(Substantively Consolidated) |
| JAMES B. BOLES, LIQUIDATION TRUST<br>REPRESENTATIVE OF THE ENVID, INC.<br>LIQUIDATION TRUST<br>                              Plaintiff,<br><br>v.<br><br>MCDERMOTT, WILL & EMERY, LLC,<br><br>                              Defendant. | Adversary Proceeding<br>No. 04-01447-JNF |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, all parties hereby stipulate and agree that the above-captioned adversary proceeding, including all claims asserted therein, be and hereby is dismissed with prejudice, without costs, and waiving all rights of appeal.

372029v2

| THE ENIVID, INC. LIQUIDATION TRUST, BY THE LIQUIDATION TRUST REPRESENTATIVE<br><br>By its attorneys,<br><br>_____<br>Michael D. Warner, Esq.<br>Lewis T. Stevens, Esq.<br>Jeffrey R. Erler, Esq.<br>WARNER STEVENS, L.L.P.<br>1700 City Center Tower II<br>301 Commerce Street<br>Fort Worth, Texas 76102<br>Telephone: 817.810.5250<br>Facsimile: 817.810.5255 | |
| --- | --- |
| | |

Dated: _____, 2008

EXHIBIT ___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: SABINE, INC., f/k/a<br>ROWECOM, INC., et al.,<br><br>Debtor. | Chapter 11<br>Case No. 03-10668-JNF |
| CHRISTOPHER J. PANOS, TRUSTEE OF THE<br>ROWECOM LIQUIDATION TRUST,<br>Plaintiff,<br><br>v.<br><br>JUDE M. SULLIVAN<br>Defendant. | Adversary Proceeding<br>No. 05-01019-JNF |

### STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, all parties hereby stipulate and agree that the above-captioned adversary proceeding, including all claims asserted therein, be and hereby is dismissed with prejudice, without costs, and waiving all rights of appeal.

372029v2

| CHRISTOPHER J. PANOS, AS TRUSTEE OF THE SABINE, INC. LIQUIDATING TRUST, By his attorneys, |   |
|---|---|
| Thomas S. Vangel, BBO #552386<br>Michael P. Connolly, BBO #637642<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110<br>(617) 457-4000 Telephone<br>(617) 482-3868 Facsimile |   |
|   |   |

Dated: _____, 2008

EXHIBIT ___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ENIVID, INC., <br><br> Debtor. | Chapter 11 <br> Case No. 03-11472-JNF et al. <br> (Substantively Consolidated) |
| JAMES B. BOLES, LIQUIDATION TRUST <br> REPRESENTATIVE OF THE ENVID, INC. <br> LIQUIDATION TRUST <br><br> Plaintiff, <br><br> v. <br><br> ANDREW J. FILIPOWSKI, PAUL <br> HUMENANSKY, MICHAEL CULLINANE and <br> JUDE SULLIVAN <br><br> Defendants. | Adversary Proceeding <br> No. 04-01439-JNF |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, all parties hereby stipulate and agree that the above-captioned adversary proceeding, including all claims asserted therein, be and hereby is dismissed with prejudice, without costs, and waiving all rights of appeal.

372029v2

| THE ENIVID, INC. LIQUIDATION TRUST, BY THE LIQUIDATION TRUST REPRESENTATIVE<br><br>By its attorneys,<br><br>Michael D. Warner, Esq.<br>Lewis T. Stevens, Esq.<br>Jeffrey R. Erler, Esq.<br>WARNER STEVENS, L.L.P.<br>1700 City Center Tower II<br>301 Commerce Street<br>Fort Worth, Texas 76102<br>Telephone: 817.810.5250<br>Facsimile: 817.810.5255 |  |
|---|---|
|  |  |

Dated: _____, 2008

372029v2

EXHIBIT ____

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| In re: ENIVID, INC.,<br><br>       Debtor. | Chapter 11<br>Case No. 03-11472-JNF et al.<br>(Substantively Consolidated) |
| JAMES B. BOLES, LIQUIDATION TRUST<br>REPRESENTATIVE OF THE ENVID, INC.<br>LIQUIDATION TRUST<br>       Plaintiff,<br><br>v.<br><br>ANDREW J. FILIPOWSKI, PAUL<br>HUMENANSKY, MICHAEL CULLINANE and<br>JUDE SULLIVAN<br>       Defendants. | Adversary Proceeding<br>No. 04-01439-JNF |
| In re: SABINE, INC., f/k/a<br>ROWECOM, INC., et al.,<br>       Debtor. | Chapter 11<br>Case No. 03-10668-JNF |
| CHRISTOPHER J. PANOS, TRUSTEE OF THE<br>ROWECOM LIQUIDATION TRUST,<br>       Plaintiff,<br><br>v.<br><br>JUDE M. SULLIVAN<br>       Defendant. | Adversary Proceeding<br>No. 05-01019-JNF |

372029v2

## ORDER APPROVING TRUSTEES' MOTION TO OBTAIN
## APPROVAL OF SETTLEMENT AGREEMENT WITH DIRECTORS AND OFFICERS

Upon the motion of Christopher J. Panos, Trustee of the Sabine, Inc. Liquidating Trust, and James Boles, Liquidation Trust Representative of the Enivid, Inc. Liquidation Trust ("Boles") (Boles and Panos are collectively referred to herein as the "Trustees"), and with the agreement of certain former officers and directors of Divine and RoweCom and certain other parties for an order (the "Order") approving a settlement of the claims asserted in the above-captioned actions (the "Motion for Approval"); the Court having reviewed the Motion for Approval and the Settlement Agreement attached hereto as Exhibit 1 (the "Settlement Agreement"); the Court having considered all papers filed in connection with such Motion for Approval and the record herein; appropriate notice and opportunity for a hearing on the Motion for Approval having been given; and the Court being otherwise fully advised in the premises and having determined that the legal and factual basis set forth in the Motion for Approval and at the Hearing establish just cause for the relief granted herein; it appearing that the relief requested in the Motion for Approval is in the best interests of the Debtors and their respective estates, creditors and other parties in interest; this proceeding constituting a core proceeding pursuant to 28 U.S.C. § 157(b); and this Order constituting a final order pursuant to 28 U.S.C. § 158(a);

IN ADDITION TO THE COURT'S FINDINGS ON THE RECORD AT THE HEARING, IT IS HEREBY FOUND THAT:

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.   Notice of the Motion was appropriate under the circumstances.

C.   The Settlement Agreement is fair and equitable and in the best interest of the Debtors and their respective estates, creditors and other parties in interest.

372029v2

D.    The Settlement Agreement was made after arms-length negotiations, the terms of the settlement are non-collusive, and the Settlement Agreement was made in good faith.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted in its entirety.

2.    Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, the Trustees are hereby authorized and directed to enter into the Settlement Agreement attached hereto as Exhibit A, which Settlement Agreement is approved in its entirety as if expressly stated herein.

3.    Without limiting the generality of the foregoing, the Trustees are authorized and directed to take all actions required by them under the terms of the Settlement Agreement. The Court further authorizes the use of the proceeds from the D&O Policies as set forth in the Settlement Agreement.

4.    Upon the disbursement of the Settlement Funds to the Trustees, any and all persons and entities which have held or asserted, which hold or assert, or which may in the future hold or assert any claims against the Directors and Officers arising out of, related to, based upon or in any way connected to Divine, Inc. or RoweCom, Inc., including any matters underlying the Settlement Agreement, shall be hereby permanently barred, enjoined and restrained from commencing or continuing any such action against the Directors and Officers, however styled, whether for indemnification, contribution, damages or otherwise.

5.    This Order is effective immediately upon its entry by the clerk.

6.    This Court shall retain exclusive jurisdiction over all matters arising from or related to the implementation of this Order, including resolving any and all disputes that may arise relating to the Settlement Agreement or the enforcement thereof.

Dated: ____ _____, 2008          ORDERED AND APPROVED:

372029v2

_____
JUDGE JOAN FEENEY
UNITED STATES BANKRUPTCY JUDGE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 8, 2008.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

# Mailing Information for a Case 1:04-cv-12263-PBS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bruce S. Barnett**
  bruce.barnett@dlapiper.com,janine.medina@dlapiper.com

- **Thomas David Brooks**
  tdbrooks@sperling-law.com

- **Joel G. Chefitz**
  jchefitz@mwe.com

- **Christopher J. Panos, Trustee of the Sabine, Inc. Liquidating Trust**
  jkoltun@craigmacauley.com

- **Joseph Edward Collins**
  joseph.collins@dlapiper.com

- **Mayeti Gametchu**
  mgametchu@wolfblock.com,mahall@wolfblock.com

- **John A.D. Gilmore**
  john.gilmore@dlapiper.com

- **Ellen Anne Gusikoff Stewart**
  elleng@csgrr.com

- **James E. Hanlon , Jr**
  hanlonj@howrey.com

- **Howard T. Longman**
  tsvi@aol.com

- **Kevin J. O'Connor**
  koconnor@wolfblock.com,mahall@wolfblock.com

- **David Pastor**
  dpastor@gilmanpastor.com,rdambrosio@gilmanpastor.com

- **Stephanie R. Pratt**
  spratt@segalroitman.com,nsmith@segalroitman.com

- **David A. Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel H. Rudman**

SRudman@csgrr.com

- **Anne R. Sills**
  asills@segalroitman.com,sgillin@segalroitman.com,tsullivan@segalroitman.com

- **Bruce S. Sperling**
  bss@sperling-law.com

- **Mary T. Sullivan**
  msullivan@segalroitman.com,sgillin@segalroitman.com,nsmith@segalroitman.com

- **Marc A. Topaz**
  ecf_filings@sbtklaw.com

- **Marc M. Umeda**
  notice@ruflaw.com,zimmer@ruflaw.com,umeda@ruflaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Guri Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Shpetim Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Celiza Patricia Braganca
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

Michael A. Duffy
Kirkland &Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Eugene J. Frett
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

John F. Hartmann
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
```

**Bruce C. Howard**
Law Offices of Robert D. Allison
122 South Michigan Avenue 1850
Chicago, IL 60603

**Douglas Warren Hyman**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Samuel Bayard Isaacson**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Daniel J. Lyne**
Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108-3107

**Marvin Allen Miller**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Christopher B. Sanchez**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Patrick J. Sherlock**
Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey
11 South LaSalle
Suite 1600
Chicago, IL 60606

**Jennifer Winter Sprengel**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Frank Waddell**

**Lawrence A. Wojcik**
Piper Rudnick Gray Cary US LLP
203 N. LaSalle
Suite 1800
Chicago, IL 60601-1293