UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHARON BOBBITT, Individually and On
Behalf of All Others Similarly Situated,

               Plaintiff,

    vs.

ANDREW J. FILIPOWSKI, et al.,

               Defendants.

No. 04-12263-PBS

JAMES F. HOWARD, Individually and On
Behalf of All Others Similarly Situated,

               Plaintiff,

    vs.

ANDREW J. FILIPOWSKI, et al.,

               Defendants.

No. 06-11072-PBS

## [PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, this consolidated class action, entitled *Bobbitt v. Filipowski, et al.*, Case No. 12263-PBS (the "Litigation") is pending before the Court;

WHEREAS, on August 25, 2006, the Court entered an order preliminarily approving settlement of this action (the "Preliminary Approval Order") set forth in the Stipulation of Settlement dated May 22, 2006 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants;

WHEREAS, the Stipulation and Preliminary Approval Order required that the Bankruptcy Court approve the use of the applicable insurance proceeds to fund the within settlement and that such order become "Final" before Notice and Summary Notice could be disseminated and a final hearing set;

WHEREAS, On March 16, 2007 Judge Feeney of the United States Bankruptcy Court, District of Massachusetts (Eastern Division) granted Plaintiffs' motion to approve the use of the insurance proceeds to fund this settlement (the "March 16 Order");

WHEREAS, on March 26, 2007, Christopher J. Panos, Trustee of the Sabine Liquidating Trust and James B. Boles as Liquidating Trust Representative for the Liquidating Trust of Envid (collectively, the "Estate Representatives") filed a notice of appeal from the March 16 Order, thus preventing it from becoming Final;

WHEREAS, on October 31, 2007 the Estate Representatives and the Plaintiffs signed a letter agreement whereby the Estate Representatives agreed to withdraw their appeal of the March 16 Order in exchange for Plaintiffs' agreement to reduce the consideration the class will receive in the settlement, from $6.5 million to $6.3 million, subject to approval of this compromise by the Bankruptcy Court (the "Letter Agreement" which is annexed as Exhibit 1 hereto);

WHEREAS, the Plaintiffs and Defendants have signed an Amended Stipulation of Settlement (the "Amended Stipulation") submitted herewith, reflecting the slight modification to the settlement amount and which is submitted for this Court's preliminary approval;

WHEREAS, the Bankruptcy Court must still approve the compromise set forth in the Letter Agreement, but the parties desire to move forward with notice to the Class while the motion for approval of that compromise is pending;

WHEREAS, submitted herewith are a modified Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), a Proof of Claim and Release form (the "Proof of Claim") and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto which modify the Notice and Summary Notice previously preliminarily approved by this Court to the extent the gross settlement amount is reduced from $6.5 million to $6.3 million and addresses and firm names are updated;

WHEREAS, the parties having made application pursuant to Federal Rule of Civil Procedure 23(e), for an Amended Order preliminarily approving the settlement of the Litigation,

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation;

WHEREAS, the term "Stipulation," including in the Preliminary Approval Order, shall be deemed to refer to the Amended Stipulation and the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and to the Summary Notice shall be deemed to refer to the modified Notice and Summary Notice; and

WHEREAS, except for the modifications set forth herein, the Preliminary Approval Order shall remain in full force and effect,

NOW, THEREFORE, THE COURT AMENDS ITS PRIOR ORDER AND ORDERS:

1.      The Court preliminary approves the Amended Stipulation and the modification to the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Settlement Hearing shall be held before this Court on _____ to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Amended Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel in the Litigation.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3.      The Court approves, as to form and content, the modified Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and the notice procedure shall be implemented as follows:

(a)      Within ten (10) calendar days hereof, divine's Estate Representative shall, at its own cost and expense, provide the Claims Administrator with the Company's transfer records for the Class Period in a form and manner requested by the Claims Administrator.

(b)      Not later than twenty-one days following entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at _____;

(c)     Not later than seven days following the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(d)     Not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

4.     Nominees who purchased or otherwise acquired the publicly traded securities of divine during the period beginning September 17, 2001, through February 14, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such divine securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class and Administrator Fund, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such compensation.

DATED: _____     _____
                                   THE HONORABLE PATTI B. SARIS
                                   UNITED STATES DISTRICT JUDGE

Submitted by:

GILMAN AND PASTOR, LLP
DAVID PASTOR (BBO #391000)
225 Franklin Street, 16th Floor


_____
            DAVID PASTOR

Boston, MA  02110
Telephone:  617/742-9700
617/742-9701 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone:  212/687-7230
212/490-2022 (fax)

Co-Lead Counsel for Plaintiffs and the Class

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James
F. Howard and Chris Brown

S:\Settlement\Divine.set\Email-pdf\Amended Order - Ex A (00017037).DOC

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-12263-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 06-11072-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION
FOR ATTORNEY FEES AND SETTLEMENT FAIRNESS HEARING

EXHIBIT A-1

***IF YOU PURCHASED OR OTHERWISE ACQUIRED DIVINE, INC. SECURITIES ON THE OPEN MARKET BETWEEN SEPTEMBER 17, 2001 AND FEBRUARY 14, 2003, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court in the United States authorized this Notice.  This is not a solicitation from a lawyer.

**Security and Time Period:**  divine, Inc. ("divine") securities purchased or acquired between September 17, 2001 and February 14, 2003 (the "Class Period").  This includes holders of shares of the following companies who acquired their divine shares in connection with divine's acquisition of: eShare Communications, Inc. ("eShare"), Data Return, Inc. (Data Return"), Delano Technology ("Delano") and Viant Corporation ("Viant").

**Settlement Fund:**  $6,300,000 in cash.  Your recovery will depend on type and amount of securities purchased or acquired and the timing of your purchases or acquisitions and any sales. Depending on the number of eligible shares that participate in the settlement and when those share were purchased or acquired and sold, the estimated average recovery per share will be approximately $0.28 before deduction of court-approved fees and expenses.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimants' Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial.  The two sides disagree on both liability and the amount of money that could have been won if Plaintiffs prevailed at trial.  The parties disagree, among other things, about: (1) the method for determining whether divine securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Plaintiffs were materially

false or misleading; (4) the extent that various facts alleged by Plaintiffs influenced the trading price of divine securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorney Fees and Expenses:** Court-appointed Counsel in the Litigation will ask the court for attorney fees not to exceed 33% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $425,000.00 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.11.  Plaintiffs' Counsel have not received any payment for their considerable work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Plaintiffs and the Class, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorney fees.

**Deadlines:**

Submit Claim:            _____, 2008

Request Exclusion:        _____, 2008

File Objection:            _____, 2008

**Court Hearing on Fairness of Settlement:** _____, 2008

**More Information:**  www.gilardi.com or

Claims Administrator:                      Plaintiffs' Counsel:

Gilardi & Co. LLC                          Rick Nelson
P.O. Box 8040                              Shareholder Relations
San Rafael, CA 94912                       Coughlin Stoia Geller
                                             Rudman & Robbins LLP
                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101

                                           or

                                           Howard T. Longman
                                           Stull, Stull & Brody
                                           6 East 45th Street
                                           New York, NY 10017

- Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM**    The only way to get a payment.

**EXCLUDE YOURSELF**    Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and the other Released Persons relating to the legal claims in this case.

**OBJECT**    You may write to the Court if you do not like this settlement.

**GO TO A HEARING**    You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**    Get no payment.  Give up rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.     Why Did I Get This Notice Package?

You or someone in your family may have purchased or acquired securities of divine between September 17, 2001 and February 14, 2003.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case in the United States is the United States District Court for the District of Massachusetts, and the case is known as *Bobbitt v. Filipowski, et al.*, Case No. 04-12263-PBS.  The people who sued are called Plaintiffs, and the individuals they sued, Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Foster, Arthur W. Hahn, Thomas I. Meredith, J. Kevin Nater and John Rau are called the Defendants.[1]

### 2.     What Is This Lawsuit About?

divine, originally named divine InterVentures, Inc., was founded in 1999 as an internet holding company engaged in business-to-business e-commerce through a community of associated

---

[1]     divine is not a defendant in the litigation because it has filed for bankruptcy protection.

companies.  On February 25, 2003, divine and several of its subsidiaries filed a voluntary petition to reorganize under Chapter 11 of the United States Bankruptcy Code.

This case was brought as a class action alleging that the Defendants issued false and misleading information to divine's stockholders and the investing public regarding the Company's growth-by-acquisition strategy and financial condition, resulting in the artificial inflation of the price of divine securities between September 17, 2001 and February 14, 2003.  Plaintiffs further allege that investors purchased or acquired divine securities during the Class Period at prices artificially inflated as a result of Defendants' alleged misrepresentations, in violation of the securities laws.  Defendants deny that they did anything wrong.  Defendants also deny the allegations that the Plaintiffs or the Class has suffered damage, or that the price of divine securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise.

Defendants moved to dismiss Plaintiffs' Second Amended Consolidated Complaint, and Plaintiffs opposed those motions.  While the motions were pending, the parties engaged in settlement discussions with a retired federal judge acting as a mediator.  The Court had not ruled on the motions at the time this settlement was reached.  This settlement resolves not only this action but also two other actions which have been consolidated into this action.

**3.      Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Lead Plaintiffs, James Tito and Frank Waddell, in addition to plaintiffs Jeffrey A. Hoover, Patricia Diamantouros, Mike Turner, James F. Howard and Chris Brown) sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions.  One court will resolve the issues for

all Class Members except for those who exclude themselves from the Class. Judge Saris is in charge of this class action.

**4.      Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make a valid claim will get compensation. The Plaintiffs and their attorneys think the settlement is best for all Class Members, especially because there are competing claims to the limited funds available to settle this litigation.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes ***all persons who purchased or acquired divine securities on the open market between September 17, 2001 and February 14, 2003, except those persons and entities that are excluded, as described below.*** The Settlement Class also includes four subclasses: (1) all persons or entities who exchanged their shares of eShare for shares of divine in connection with divine's acquisition of eShare (the "eShare SubClass"); (2) all persons or entities who exchanged their shares of Data Return for shares of divine in connection with divine's acquisition of Data Return (the "Data Return SubClass"); (3) all persons or entities who exchanged their shares of Delano for shares of divine in connection with divine's acquisition of Delano (the "Delano SubClass"); and (4) all persons or entities who exchanged their shares of Viant for shares of divine in connection with divine's acquisition of Viant (the "Viant SubClass").

**6.       What Are The Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a member of a Defendant's immediate family, a Defendant's legal representative, any entity in which any Defendant is a trustee or has a controlling interest, to the extent such entity's ownership of divine stock inured or inures to the benefit of a Defendant or, members of their immediate family, and their legal representatives, heirs, predecessors, successors or assigns.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice, as set forth in Questions 13-15 hereof.

If you sold divine securities between September 17, 2001 and February 14, 2003, that alone does not make you a Class Member.  You are a Class Member only if you ***purchased or acquired*** divine securities on the open market between September 17, 2001 and February 14, 2003.

**7.       I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Rick Nelson at 619/231-1058 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.       What Does the Settlement Provide?**

Defendants have agreed to pay $6,300,000 in cash to be divided among all eligible Class and SubClass Members who send in valid claim forms, after payment of court-approved attorney fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

**9.       How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid claim forms that Class Members and SubClass Members send in and how many shares of stock you purchased or acquired during the

relevant period and when you bought or acquired and sold them relative to all Class Members.  A claim will be calculated as follows:

A.    Section 11 Claims

(a)    For shares acquired pursuant to the Company's acquisition of eShare, the claim per share shall be the lesser of, i) $12.50 less the sales price per share or, ii) $12.50 less $0.03 ($12.47);

(b)    For shares acquired pursuant to the Company's acquisition of Data Return, the claim per share shall be the lesser of, i) $21.00 less the sales price per share or, ii) $21.00 less $0.03 ($20.97);

(c)    For shares acquired pursuant to the Company's acquisition of Delano, the claim per share shall be the lesser of, i) $3.19 less the sales price per share or, ii) $3.19 less $0.03 ($3.16);

(d)    For shares acquired pursuant to the Company's acquisition of Viant, the claim per share shall be the lesser of, i) $2.65 less the sales price per share or, ii) $2.65 less $0.03 ($2.62).

B.    Section 10(b) Claims

(a)    For shares of Divine common stock *purchased or otherwise acquired on September 17, 2001 through January 16, 2003*, and

(i)    sold prior to January 17, 2003, the claim per share is $0;

(ii)    sold from January 17, 2003 through January 28, 2003, the claim per share is the lesser of (1) the purchase price less the sales price, or (2) $0.09 (January 17, 2003 Price Decline)

(iii)     sold from January 29, 2003 through February 14, 2003, the claim per share is the lesser of (1) the purchase price less the sales price, or (2) $0.20 (January 17, 2003 and January 29, 2003 Price Declines)

(iv)     retained at the end of February 14, 2003, the claim per share is $0.43 (January 17, 2003, January 29, 2003 and February 18, 2003 Price Declines)

(b)     For shares of Divine common stock *purchased or otherwise acquired on January 17, 2003 through January 28, 2003*, and

(i)     sold prior to January 29, 2003, the claim per share is $0,

(ii)     sold from January 29, 2003 through February 14, 2003, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $0.11 (January 29, 2003 Price Decline);

(iii)     retained at the end of February 14, 2003, the claim per share is $0.34 (January 29, 2003 and February 18, 2003 Price Declines)

(c)     For shares of Divine common stock *purchased or otherwise acquired on January 29, 2003 through February 14, 2003*, and

(i)     sold prior to February 15, 2003, the claim per share is $0,

(ii)     retained at the end of February 14, 2003, the claim per share is $0.23 (February 18, 2003 Price Decline)

The payment you get will reflect your pro rata share after deduction of court-approved fees and expenses.  Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.11 for each share before deduction of court-approved fees and expenses.  The number of

claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in a claim form, you could get more money.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on each Authorized Claimant's "Recognized Claims" compared to the total Recognized Claims of all accepted claimants. The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

In the event a Class Member has more than one purchase, acquisition or sale of divine securities, all purchases, acquisitions and sales shall be matched on a First In-First Out ("FIFO") basis, and Class Period sales will be matched first against any divine securities held at the beginning of the Class Period and then against purchases or acquisitions in chronological order. A purchase, acquisition or sale of divine securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a gain from his, her or its overall transactions in divine securities during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in divine securities during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form,

include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2008.

**11.    When Will I Get My Payment?**

The Court will hold a hearing on _____, 2008, to decide whether to approve the settlement.  If the Court approves the settlement, there may be an appeal.  It is always uncertain whether these appeals can be resolved favorably to the Class, and resolving them can take time, perhaps several years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

**12.    What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.    How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class.  Write to *Bobbitt v. Filipowski, et al.*, Case No. 04-12263-PBS, at the address below.  You must include your name, address, telephone number, your signature, and the number and type of shares of divine securities you purchased or acquired on the open market

between September 17, 2001 and February 14, 2003, including those shares obtained in exchange for

shares of eShare, Data Return, Delano or Viant, the number and type of shares sold during this time

period, if any, and the dates of such purchases, acquisitions and sales.  You must mail your exclusion

request postmarked no later than _____, 2008 to:

> *divine Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are

not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be

legally bound by anything that happens in this lawsuit.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims

resolved by this settlement.  If you have a pending lawsuit against any of the Defendants, speak to

your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2008.

### 15.    If I Exclude Myself, Can I Get Money from This Settlement?

No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue,

or be part of a different lawsuit against the Defendants.

### THE LAWYERS REPRESENTING YOU

### 16.    Do I Have a Lawyer in This Case?

The Court asked the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Stull,

Stull & Brody to represent you and other Class Members in the Litigation.

These lawyers are called Lead Counsel or Plaintiffs' Settlement Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Plaintiff's Settlement Counsel will ask the court for attorney fees.  Counsel in the Litigation will request attorney fees of 33% of the Settlement Fund (a total average of $0.09 per share) and for expenses up to $425,000.00, which were advanced in connection with the Litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorney fees and expenses requested will be the only payment to Plaintiffs' Settlement Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiff's Settlement Counsel have not been paid for their services for conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial out-of-pocket expenses.  The fee requested will compensate Plaintiffs' Settlement Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

**18.     How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, and do not wish to exclude yourself, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object in the Litigation, you must send a letter saying that you object to the settlement in *Bobbitt v. Filipowski, et al.*, Case No. 04-12294-PBS.  Be

sure to include your name, address, telephone number, your signature, the number of shares of divine

securities purchased or acquired on the open market and sold between September 17, 2001 and

February 14, 2003, and the reasons you object to the settlement.  Any objection to the settlement

must be mailed or delivered such that it is received by each of the following no later than

_____, 2008:

*Court:*

Clerk of the Court
UNITED STATES OF DISTRICT COURT
DISTRICT OF MASSACHUSETTS
United States Courthouse
[address]

*Lead Counsel for Plaintiffs in the Litigation:*

Ellen Gusikoff Stewart
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street, 5th Floor
New York, NY  10017

*Attorneys for Defendant Michael P. Cullinane:*

Samuel B. Isaacson
Joseph Collins
DLA Piper LLP
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601

*Attorneys for Defendant Andrew J. Filipowski:*

Bruce S. Sperling
Thomas D. Brooks
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, IL 60603

Attorneys for Defendant Paul L. Humenansky:

Joel G. Chefitz
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606

Attorneys for Defendants Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau:

John F. Hartman
Michael A. Duffy
KIRKLAND & ELLIS, LLP
200 E. Randolph Drive
Chicago, IL 60601

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object **only if** you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ a.m., on _____, 2008, at the Joseph Coakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts in Courtroom 19 on the 7th Floor.  At the hearing the court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the court will consider them.  The presiding judge will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to

Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 21. Do I have to Come to the Hearing?

No. Plaintiffs' Settlement Counsel will answer questions Judge Saris may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 22. May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter to the Court saying that it is your intention to appear at the hearing. Be sure to include your name, address, telephone number, your signature, and the number and type of shares of divine securities purchased or acquired on the open market between September 17, 2001 and February 14, 2003, including the shares that you received in exchange for shares of eShare, Data Return, Delano or Viant. Your notice of intention to appear must be postmarked no later than _____, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated as of March __, 2008. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, c/o Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or Howard T. Longman, c/o Stull, Stull & Brody, 6 East 45th Street, New York, NY 10017 or from the Clerk's office at the United States District Court for the District Of Massachusetts, during regular business hours.

### 25.    How Do I Get More Information?

You can call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or call 1-800-337-4983 or write to Howard T. Longman, Stull, Stull & Brody, 6 East 45th Street, New York, NY 10017, or visit the Claims Administrator's website at www.gilardi.com.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

If you hold any divine securities purchased or acquired on the open market between September 17, 2001 and February 14, 2003 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*divine Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2008        BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          DISTRICT OF MASSACHUSETTS

S:\Settlement\Divine.set\Email-pdf\Notice of Pendency - Ex A-1 (00017038).DOC

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) | No. 04-12263-PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW J. FILIPOWSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated, | ) | No. 06-11072-PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW J. FILIPOWSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

{00017040.DOC ; 1}

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the class based on your claims in the action entitled *Bobbitt v. Filipowski, et al.*, Case No. 04-12263-PBS (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS:

> *divine Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     DEFINITIONS

1.      "Defendants" means Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas I, Meredith, J. Kevin Nater and John Rau.

2.      "Related Parties" means each director or officer of Divine (other than the Defendants) as well as Aleksander Szlam ("Szlam") and Jude Sullivan ("Sullivan"), and such director's, officer's, Szlam's, Sullivan's or the Defendant's partners, insurers, co-insurers, reinsurers, agents, attorneys, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, any entity in which such director, officer, Szlam, Sullivan, or Defendant has a controlling interest, any members of such director's, officer's, Szlam's, Sullivan's or Defendant's immediate family, or any trust of which such director, officer, Szlam, Sullivan or Defendant, is the settlor or which is for the benefit of the director, officer, Szlam, Sullivan or Defendant, or his family.

3.      "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased or acquired divine securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of divine securities which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE DIVINE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must

be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in divine Securities" to supply all required details of your transaction(s) in divine securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of divine securities which took place at any time beginning September 17, 2001 through February 14, 2003, inclusive (the "Class Period"), including, the acquisition of divine shares in exchange for shares of eshare, Data Return, Delano or Viant shares, and whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      Broker confirmations or other documentation of your transactions in divine securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class

with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*Bobbitt v. Filipowski, et al.*

Case No. 04-12263-PBS

PROOF OF CLAIM

Must be Postmarked No Later Than:

_____, 2008

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                State              Zip Code

_____        _____

Foreign Province                              Foreign Country

_____        _____        Individual

Social Security Number or
Taxpayer Identification Number        _____        Corporation/Other

_____        _____ (work)

Area Code                                      Telephone Number

_____        _____ (home)

Area Code                                      Telephone Number

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:      SCHEDULE OF TRANSACTIONS IN DIVINE SECURITIES

A.      Number and type of shares of divine securities held at the beginning of trading on September 17, 2001:     Type of Security     _____
                                Number of Shares     _____

B.      divine securities Purchased or Acquired (September 17, 2001 – February 14, 2003, inclusive):

| Trade Date Mo. Day Year | Type of Securities Purchased or Acquired | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

C.      Shares exchanged for divine shares

     1.      Number of shares of eshare Communications, Inc. exchanged for divine common shares:   _____.

     2.      Number of shares of Data Return, Inc. exchanged for divine common shares:   _____.

     3.      Number of shares of Delano Technology exchanged for divine common shares:   _____.

     4.      Number of shares of Viant Corporation exchanged for divine common shares:   _____.

D.      divine securities Sales (September 17, 2001 – February 14, 2003, inclusive):

| Trade Date Mo. Day Year | Type of Securities Sold | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

E.      Number and type of shares of divine securities held at close of trading on February 14, 2003:     Type of Security     _____
                                Number of Shares     _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

## V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of March __, 2008 ("Amended Stipulation") described in the Notice.  I also submit to the jurisdiction of the United States District Court for the District of Massachusetts, with respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I agree to furnish additional information to Plaintiffs' Settlement Counsel to support this claim if required to do so.  I have not submitted any other claim covering the same purchases, acquisitions or sales of divine securities during the Class Period and know of no other Person having done so on my behalf.

## VI.    RELEASE

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of the Related Parties.

2.      "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), disputes, demands, rights, liabilities and causes of action of every nature and description whatsoever, (including but not limited to any claim for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses or liability whatsoever) known or unknown, liquidated or unliquidated, contingent or non-contingent, accrued or unaccrued, in law or in equity, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, reckless or intentional misconduct, breach of duty of care, good faith and/or breach of duty of loyalty, fraud, or violations of any state or federal

statutes, rules or regulations, by Plaintiffs or any Class Member against Defendants or the Related

Parties arising out of, based upon or related in any way to both the purchase, acquisition or sale of

divine publicly traded securities by the Plaintiffs or any Class Member during the Class Period or

pursuant to any of the acquisitions set forth in the Litigation, and the facts, transactions ,events,

occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been

alleged in the Litigation.

3.    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and

causes of action of every nature and description which any Plaintiff or any Class Member does not

know or suspect to exist in his, her or its favor at the time of the release of the Released Persons

which, if known by him, her or it, might have affected his, her or its settlement with and release of

the Released Persons, or might have affected his, her or its decision not to object to this settlement.

With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the

Effective Date, the Plaintiffs shall expressly waive, and each of the Class Members shall be deemed

to have waived, and by operation of the Judgment shall have waived, the provisions, rights and

benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and

by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits

conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class

Members may hereafter discover facts in addition to or different from those which they know or

believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall

expressly fully, finally and forever settle and release, and upon the Effective Date, each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and each Class Member shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in divine securities that occurred during the Class Period as well as the number and type of shares of divine securities held by me (us) at the opening of trading on September 17, 2001, and at the close of trading on February 14, 2003.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐   Individual/Sole Proprietor      ☐   Pension Plan
☐   Corporation      ☐   Partnership      ☐   Trust
☐   IRA      ☐   Other

      Enter TIN on appropriate line.

        o     For individuals, this is your Social Security Number ("SSN").

        o     For sole proprietors, you must show your individual name, but your may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

        o     For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _    or    _ _ - _ _ _ _ _ _ _
Social Security Number            Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

    1.     The number shown on this form is my correct TIN; and

    2.     I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or

dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                           (Month/Year)

in _____, _____.
      (City)                        (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      Remember to attach supporting documentation, if available.

3.      Do not send original stock certificates.

4.      Keep a copy of your claim form for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

S:\Settlement\Divine.set\Email-pdf\Proof of Claim and Release - Ex A-2 (00017040).DOC

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-12263-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 06-11072-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED DIVINE, INC. ("DIVINE") SECURITIES ON THE OPEN MARKET BETWEEN SEPTEMBER 17, 2001 AND FEBRUARY 14, 2003, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Massachusetts, that a hearing will be held on _____, 2008, at ____ _.m., before the Honorable Patti B. Saris at the United States Courthouse, Boston, Massachusetts, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $6,300,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Amended Stipulation of Settlement dated as of _____, 2008, (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this litigation should be approved.

If you purchased or otherwise acquired divine securities during the period September 17, 2001 through February 14, 2003, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and a copy of the Proof of Claim and Release, you may obtain copies by writing to *divine Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912, or by downloading them at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2008, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by _____, 2008, in the manner and form explained in the detailed Notice referred to

above.  All Members of the Class who have not requested exclusion from the Class will be bound by any Judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than _____, 2008:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
One Courthouse Way
Boston, MA 02210

*Lead Counsel for Plaintiffs in the Litigation*:

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

STULL, STULL & BRODY
HOWARD T. LONGMAN
6 East 45th Street, 5th Floor
New York, NY  10017

*Counsel for Defendant Andrew J. Filipowski*

SPERLING & SLATER
THOMAS D. BROOKS
55 West Monroe Street, Suite 3200
Chicago, IL  60603

*Counsel for Defendant Michael P. Cullinane*

DLA PIPER US LLP
SAMUEL B. ISAACSON
203 North LaSalle Street, Suite 1900
Chicago, IL  60601-1293

*Counsel for Defendant Paul L. Humenansky*

MCDERMOTT WILL & EMERY LLP
JOEL G. CHEFITZ
227 West Monroe Street
Chicago, IL  60606

Counsel for Defendants Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau

KIRKLAND & ELLIS, LLP
MICHAEL A. DUFFY
200 E. Randolph Drive
Chicago, IL  60601

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel at

the address listed above.

DATED: _____          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       DISTRICT OF MASSACHUSETTS

S:\Settlement\Divine.set\Email-pdf\Summary Notice - Ex A-3 (00017041).DOC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on April 8, 2008.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

# Mailing Information for a Case 1:04-cv-12263-PBS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bruce S. Barnett**
  bruce.barnett@dlapiper.com,janine.medina@dlapiper.com

- **Thomas David Brooks**
  tdbrooks@sperling-law.com

- **Joel G. Chefitz**
  jchefitz@mwe.com

- **Christopher J. Panos, Trustee of the Sabine, Inc. Liquidating Trust**
  jkoltun@craigmacauley.com

- **Joseph Edward Collins**
  joseph.collins@dlapiper.com

- **Mayeti Gametchu**
  mgametchu@wolfblock.com,mahall@wolfblock.com

- **John A.D. Gilmore**
  john.gilmore@dlapiper.com

- **Ellen Anne Gusikoff Stewart**
  elleng@csgrr.com

- **James E. Hanlon , Jr**
  hanlonj@howrey.com

- **Howard T. Longman**
  tsvi@aol.com

- **Kevin J. O'Connor**
  koconnor@wolfblock.com,mahall@wolfblock.com

- **David Pastor**
  dpastor@gilmanpastor.com,rdambrosio@gilmanpastor.com

- **Stephanie R. Pratt**
  spratt@segalroitman.com,nsmith@segalroitman.com

- **David A. Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel H. Rudman**

SRudman@csgrr.com

- **Anne R. Sills**
  asills@segalroitman.com,sgillin@segalroitman.com,tsullivan@segalroitman.com

- **Bruce S. Sperling**
  bss@sperling-law.com

- **Mary T. Sullivan**
  msullivan@segalroitman.com,sgillin@segalroitman.com,nsmith@segalroitman.com

- **Marc A. Topaz**
  ecf_filings@sbtklaw.com

- **Marc M. Umeda**
  notice@ruflaw.com,zimmer@ruflaw.com,umeda@ruflaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Guri Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Shpetim Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Celiza Patricia Braganca
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

Michael A. Duffy
Kirkland &Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Eugene J. Frett
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

John F. Hartmann
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
```

**Bruce C. Howard**
Law Offices of Robert D. Allison
122 South Michigan Avenue 1850
Chicago, IL 60603

**Douglas Warren Hyman**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Samuel Bayard Isaacson**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Daniel J. Lyne**
Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108-3107

**Marvin Allen Miller**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Christopher B. Sanchez**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Patrick J. Sherlock**
Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey
11 South LaSalle
Suite 1600
Chicago, IL 60606

**Jennifer Winter Sprengel**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Frank Waddell**

**Lawrence A. Wojcik**
Piper Rudnick Gray Cary US LLP
203 N. LaSalle
Suite 1800
Chicago, IL 60601-1293