**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-12263-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) | |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | No. 06-11072-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |

[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, this consolidated class action, entitled *Bobbitt v. Filipowski, et al.*, Case No. 12263-PBS (the "Litigation") is pending before the Court;

WHEREAS, on August 25, 2006, the Court entered an order preliminarily approving settlement of this action (the "Preliminary Approval Order") set forth in the Stipulation of Settlement dated May 22, 2006 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants;

WHEREAS, the Stipulation and Preliminary Approval Order required that the Bankruptcy Court approve the use of the applicable insurance proceeds to fund the within settlement and that such order become "Final" before Notice and Summary Notice could be disseminated and a final hearing set;

WHEREAS, On March 16, 2007 Judge Feeney of the United States Bankruptcy Court, District of Massachusetts (Eastern Division) granted Plaintiffs' motion to approve the use of the insurance proceeds to fund this settlement (the "March 16 Order");

WHEREAS, on March 26, 2007, Christopher J. Panos, Trustee of the Sabine Liquidating Trust and James B. Boles as Liquidating Trust Representative for the Liquidating Trust of Envid (collectively, the "Estate Representatives") filed a notice of appeal from the March 16 Order, thus preventing it from becoming Final;

WHEREAS, on October 31, 2007 the Estate Representatives and the Plaintiffs signed a letter agreement whereby the Estate Representatives agreed to withdraw their appeal of the March 16 Order in exchange for Plaintiffs' agreement to reduce the consideration the class will receive in the settlement, from $6.5 million to $6.3 million, subject to approval of this compromise by the Bankruptcy Court (the "Letter Agreement" which is annexed as Exhibit 1 hereto);

WHEREAS, the Plaintiffs and Defendants have signed an Amended Stipulation of Settlement (the "Amended Stipulation") submitted herewith, reflecting the slight modification to the settlement amount and which is submitted for this Court's preliminary approval;

WHEREAS, the Bankruptcy Court must still approve the compromise set forth in the Letter Agreement, but the parties desire to move forward with notice to the Class while the motion for approval of that compromise is pending;

WHEREAS, submitted herewith are a modified Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), a Proof of Claim and Release form (the "Proof of Claim") and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto which modify the Notice and Summary Notice previously preliminarily approved by this Court to the extent the gross settlement amount is reduced from $6.5 million to $6.3 million and addresses and firm names are updated;

WHEREAS, the parties having made application pursuant to Federal Rule of Civil Procedure 23(e), for an Amended Order preliminarily approving the settlement of the Litigation,

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation;

WHEREAS, the term "Stipulation," including in the Preliminary Approval Order, shall be deemed to refer to the Amended Stipulation and the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and to the Summary Notice shall be deemed to refer to the modified Notice and Summary Notice; and

WHEREAS, except for the modifications set forth herein, the Preliminary Approval Order shall remain in full force and effect,

NOW, THEREFORE, THE COURT AMENDS ITS PRIOR ORDER AND ORDERS:

1.      The Court preliminary approves the Amended Stipulation and the modification to the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Settlement Hearing shall be held before this Court on _____ to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Amended Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel in the Litigation. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3.      The Court approves, as to form and content, the modified Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and the notice procedure shall be implemented as follows:

(a)     Within ten (10) calendar days hereof, divine's Estate Representative shall, at its own cost and expense, provide the Claims Administrator with the Company's transfer records for the Class Period in a form and manner requested by the Claims Administrator.

(b)     Not later than twenty-one days following entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at _____;

  (c) Not later than seven days following the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

  (d) Not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

  4. Nominees who purchased or otherwise acquired the publicly traded securities of divine during the period beginning September 17, 2001, through February 14, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such divine securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class and Administrator Fund, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such compensation.

DATED: _____  _____
                  THE HONORABLE PATTI B. SARIS
                  UNITED STATES DISTRICT JUDGE

Submitted by:

GILMAN AND PASTOR, LLP
DAVID PASTOR (BBO #391000)
225 Franklin Street, 16th Floor

_____
DAVID PASTOR

Boston, MA  02110
Telephone: 617/742-9700
617/742-9701 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

STULL, STULL & BRODY
JULES BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY  10017
Telephone: 212/687-7230
212/490-2022 (fax)

Co-Lead Counsel for Plaintiffs and the Class

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James
F. Howard and Chris Brown

C:\DOCUME~1\dscott\LOCALS~1\Temp\7\MetaSave\V4 EA 00027548.doc