# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, et al.,<br><br>Defendants. | No. 04-12263-PBS |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, et al.,<br><br>Defendants. | No. 06-11072-PBS |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEY FEES AND SETTLEMENT FAIRNESS HEARING

*IF YOU PURCHASED OR OTHERWISE ACQUIRED DIVINE, INC. SECURITIES ON THE OPEN MARKET BETWEEN SEPTEMBER 17, 2001 AND FEBRUARY 14, 2003, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court in the United States authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** divine, Inc. ("divine" or the "Company") securities purchased or acquired on the open market between September 17, 2001 and February 14, 2003 (the "Class Period"). This includes holders of shares of the following companies who acquired their divine shares in connection with divine's acquisition of: eShare Communications, Inc. ("eShare"), Data Return, Inc. ("Data Return"), Delano Technology ("Delano") and Viant Corporation ("Viant").

**Settlement Fund:** $6,300,000 in cash. Your recovery will depend on type and amount of securities purchased or acquired and the timing of your purchases or acquisitions and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased or acquired and sold, the estimated average recovery per share will be approximately $0.28 before deduction of Court-approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit an acceptable Proof of Claim and Release form (the "Claim Form").

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides disagree on both liability and the amount of money that could have been won if Plaintiffs prevailed at trial. The parties disagree, among other things, about: (1) the method for determining whether divine securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Plaintiffs were materially false or misleading; (4) the extent that various facts alleged by Plaintiffs influenced the trading price of divine securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**EXHIBIT A**

**Attorney Fees and Expenses:** Court-appointed Plaintiffs' Counsel in the litigation will ask the Court for attorney fees not to exceed 33% of the Settlement Fund and expenses not to exceed $425,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share will be $0.11. Plaintiffs' Counsel have not received any payment for their considerable work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Plaintiffs and the Class, and have advanced the expenses of the litigation, in the expectation that if

they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorney fees.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | July 9, 2008 |
| Request Exclusion: | June 2, 2008 |
| File Objection: | June 2, 2008 |

**Court Hearing on Fairness of Settlement:** June 24, 2008

**More Information:** www.gilardi.com or

Claims Administrator:

divine Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912

Plaintiffs' Counsel:

Rick Nelson
Shareholder Relations
Coughlin Stoia Geller
  Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
or

Howard T. Longman
Stull, Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017

- Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and the other Released Persons relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

### BASIC INFORMATION

**1. Why Did I Get This Notice Package?**

You or someone in your family may have purchased or acquired securities of divine on the open market between September 17, 2001 and February 14, 2003.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Bobbitt v. Filipowski, et al.*, Case No. 04-12263-PBS.  The people who sued are called Plaintiffs, and the individuals

they sued, Andrew J. Filipowski, Michael P. Cullinane, Paul Humenansky, Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau are called the Defendants.[1]

### 2. What Is This Lawsuit About?

divine, originally named divine InterVentures, Inc., was founded in 1999 as an internet holding company engaged in business-to-business e-commerce through a community of associated companies. On February 25, 2003, divine and several of its subsidiaries filed a voluntary petition to reorganize under Chapter 11 of the United States Bankruptcy Code.

This case was brought as a class action alleging that the Defendants issued false and misleading information to divine's stockholders and the investing public regarding the Company's growth-by-acquisition strategy and financial condition, resulting in the artificial inflation of the price of divine securities between September 17, 2001 and February 14, 2003. Plaintiffs further allege that investors purchased or acquired divine securities during the Class Period at prices artificially inflated as a result of Defendants' alleged misrepresentations, in violation of the securities laws. Defendants deny that they did anything wrong. Defendants also deny the allegations that the Plaintiffs or the Class have suffered damage, or that the price of divine securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise.

Defendants moved to dismiss Plaintiffs' Second Amended Consolidated Complaint, and Plaintiffs opposed those motions. While the motions were pending, the parties engaged in settlement discussions with a retired federal judge acting as a mediator. The Court had not ruled on the motions at the time this settlement was reached. This settlement resolves not only this action but also two other actions which have been consolidated into this action.

### 3. Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Plaintiffs, James Tito, Frank Waddell, Jeffrey A. Hoover, Patricia Diamantouros, Mike Turner, James F. Howard and Chris Brown) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court will resolve the issues for all Class Members except for those who exclude themselves from the Class. Judge Saris is in charge of this class action.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make a valid claim will get compensation. The Plaintiffs and their attorneys think the settlement is best for all Class Members, especially because there are competing claims to the limited funds available to settle this litigation.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Class includes **all persons who purchased or acquired divine securities on the open market between September 17, 2001 and February 14, 2003, except those persons and entities that are excluded, as described below.** The Class also includes four subclasses: (1) all persons or entities who exchanged their shares of eShare for shares of divine in connection with divine's acquisition of eShare (the "eShare SubClass"); (2) all persons or entities who exchanged their shares of Data Return for shares of divine in connection with divine's acquisition of Data Return (the "Data Return SubClass"); (3) all persons or entities who exchanged their shares of Delano for shares of divine in connection with divine's acquisition of Delano (the "Delano SubClass"); and (4) all persons or entities who exchanged their shares of Viant for shares of divine in connection with divine's acquisition of Viant (the "Viant SubClass").

### 6. What Are The Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a member of a Defendant's immediate family, a Defendant's legal representative, any entity in which any Defendant is a trustee or has a controlling interest to the extent such entity's ownership of divine stock inured or inures to the benefit of a Defendant or members of their immediate family, and their legal representatives, heirs, predecessors, successors or assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice, as set forth in Questions 13-15 hereof.

---

[1] divine is not a defendant in the litigation because it has filed for bankruptcy protection.

If you sold divine securities between September 17, 2001 and February 14, 2003, that alone does not make you a Class Member. You are a Class Member only if you **purchased or acquired** divine securities on the open market between September 17, 2001 and February 14, 2003.

### 7. I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619/231-1058 for more information. Or you can fill out and return the Claim Form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $6,300,000 in cash to be divided among all eligible Class and SubClass Members who send in valid Claim Forms, after payment of Court-approved attorney fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

### 9. How Much Will My Payment Be?

Your share of the fund will depend on the number of valid Claim Forms that Class Members and SubClass Members send in and how many shares of stock you purchased or acquired during the relevant period and when you bought or acquired and sold them relative to all Class Members. A claim will be calculated as follows:

**A. Section 11 Claims**

(a) For shares acquired pursuant to the Company's acquisition of eShare, the claim per share shall be the lesser of: (i) $12.50 less the sales price per share, or (ii) $12.50 less $0.03 ($12.47);

(b) For shares acquired pursuant to the Company's acquisition of Data Return, the claim per share shall be the lesser of: (i) $21.00 less the sales price per share, or (ii) $21.00 less $0.03 ($20.97);

(c) For shares acquired pursuant to the Company's acquisition of Delano, the claim per share shall be the lesser of: (i) $3.19 less the sales price per share, or (ii) $3.19 less $0.03 ($3.16);

(d) For shares acquired pursuant to the Company's acquisition of Viant, the claim per share shall be the lesser of: (i) $2.65 less the sales price per share, or (ii) $2.65 less $0.03 ($2.62).

**B. Section 10(b) Claims**

(a) For shares of divine common stock **purchased or otherwise acquired on September 17, 2001 through January 16, 2003**, and

   (i) sold prior to January 17, 2003, the claim per share is $0;

   (ii) sold from January 17, 2003 through January 28, 2003, the claim per share is the lesser of: (1) the purchase price less the sales price, or (2) $0.09 (January 17, 2003 Price Decline);

   (iii) sold from January 29, 2003 through February 14, 2003, the claim per share is the lesser of: (1) the purchase price less the sales price, or (2) $0.20 (January 17, 2003 and January 29, 2003 Price Declines);

   (iv) retained at the end of February 14, 2003, the claim per share is $0.43 (January 17, 2003, January 29, 2003 and February 18, 2003 Price Declines).

(b) For shares of divine common stock **purchased or otherwise acquired on January 17, 2003 through January 28, 2003**, and

   (i) sold prior to January 29, 2003, the claim per share is $0;

   (ii) sold from January 29, 2003 through February 14, 2003, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.11 (January 29, 2003 Price Decline);

   (iii) retained at the end of February 14, 2003, the claim per share is $0.34 (January 29, 2003 and February 18, 2003 Price Declines).

(c) For shares of divine common stock **purchased or otherwise acquired on January 29, 2003 through February 14, 2003**, and

   (i) sold prior to February 15, 2003, the claim per share is $0;

   (ii) retained at the end of February 14, 2003, the claim per share is $0.23 (February 18, 2003 Price Decline).

The payment you get will reflect your *pro rata* share after deduction of Court-approved fees and expenses. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.11 for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a Claim Form, you could get more money.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on each Authorized Claimant's "Recognized Claims" compared to the total Recognized Claims of all accepted claimants. The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

In the event a Class Member has more than one purchase, acquisition or sale of divine securities, all purchases, acquisitions and sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any divine securities held at the beginning of the Class Period and then against purchases or acquisitions in chronological order. A purchase, acquisition or sale of divine securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a gain from his, her or its overall transactions in divine securities during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in divine securities during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10. How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a Claim Form. A Claim Form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than July 9, 2008.

### 11. When Will I Get My Payment?

The Court will hold a hearing on June 24, 2008, to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably to the Class, and resolving them can take time, perhaps several years. Everyone who sends in a Claim Form will be informed of the determination with respect to their claim. Please be patient.

### 12. What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the Claim Form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Bobbitt v. Filipowski, et al.*, No. 04-12263-PBS. You must include your name, address, telephone number, your signature, and the number and type of shares of divine securities you purchased or acquired on the open market between September 17, 2001 and February 14, 2003, including those shares obtained in exchange for shares of eShare, Data Return, Delano or Viant, the number and type of shares sold during this time period, if any, and the dates of such purchases, acquisitions and sales. You must mail your exclusion request postmarked no later than June 2, 2008 to:

> *divine* Securities Litigation
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is June 2, 2008.

### 15. If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, do not send in a Claim Form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court asked the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Stull, Stull & Brody to represent you and other Class Members in the litigation.

These lawyers are called Plaintiffs' Counsel or Plaintiffs' Settlement Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Plaintiffs' Settlement Counsel will ask the Court for attorney fees. Counsel in the litigation will request attorney fees of 33% of the Settlement Fund (a total average of $0.09 per share) and for expenses up to $425,000 which were advanced in connection with the litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorney fees and expenses requested will be the only payment to Plaintiffs' Settlement Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Settlement Counsel have not been paid for their services for conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial expenses. The fee requested will compensate Plaintiffs' Settlement Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, and do not wish to exclude yourself, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object in the litigation, you must send a letter saying that you object to the settlement in *Bobbitt v. Filipowski, et al.*, No. 04-12294-PBS. Be sure to include your name, address, telephone number, your signature, the number of shares of divine securities purchased or acquired on the open market and sold between September 17, 2001 and February 14, 2003, and the reasons you object to the settlement. Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than June 2, 2008:

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

*Counsel for Plaintiffs in the Litigation:*

Ellen Gusikoff Stewart
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street, 5th Floor
New York, NY 10017

*Attorneys for Defendant Michael P. Cullinane:*

Samuel B. Isaacson
Joseph Collins
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

*Attorneys for Defendant Andrew J. Filipowski:*

Bruce S. Sperling
Thomas D. Brooks
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, IL 60603

*Attorneys for Defendant Paul L. Humenansky:*

Joel G. Chefitz
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606

*Attorneys for Defendants Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau:*

John F. Hartman
Michael A. Duffy
KIRKLAND & ELLIS, LLP
200 E. Randolph Drive
Chicago, IL 60601

**19. What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object **only if** you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**20. When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 3:00 p.m., on June 24, 2008, at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts in Courtroom 19 on the 7th Floor. At the hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The presiding judge will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21. Do I have to Come to the Hearing?**

No. Plaintiffs' Settlement Counsel will answer questions Judge Saris may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter to the Court saying that it is your intention to appear at the hearing. Be sure to include your name, address, telephone number, your signature, and the number and type of shares of divine securities purchased or acquired on the open market between September 17, 2001 and February 14, 2003, including the shares that you received in exchange for shares of eShare, Data Return, Delano or Viant. Your notice of intention to appear must be postmarked no later than June 2, 2008, and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defendants' counsel, at the addresses listed in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

**23.  What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

**24.  Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement. More details are in the Amended Stipulation of Settlement dated as of March 20, 2008. You can get a copy of the Amended Stipulation of Settlement by writing to Rick Nelson, c/o Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or Howard T. Longman, c/o Stull, Stull & Brody, 6 East 45th Street, 5th Floor, New York, NY 10017 or from the Clerk's office at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts, during regular business hours.

**25.  How Do I Get More Information?**

You can call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or call 1-800-337-4983 or write to Howard T. Longman, Stull, Stull & Brody, 6 East 45th Street, 5th Floor, New York, NY 10017, or visit the Claims Administrator's website at www.gilardi.com.

*PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

**SPECIAL NOTICE TO NOMINEES**

If you hold any divine securities purchased or acquired on the open market between September 17, 2001 and February 14, 2003 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*divine Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:  April 8, 2008                                                                                          BY ORDER OF THE COURT
                                                                                                                                UNITED STATES DISTRICT COURT
                                                                                                                                DISTRICT OF MASSACHUSETTS