**EXHIBIT A**

# GILMAN AND PASTOR, LLP

## *FIRM RESUME*

***GILMAN AND PASTOR, LLP*** is a law firm which concentrates in class action litigation on behalf of investors, consumers and small businesses. The firm has broad experience in the areas of securities, consumer protection, products liability, antitrust and other types of complex litigation. The firm litigates cases throughout the country, including both federal and state courts. Many of the firm's cases have involved complex multi-district litigation, including appearances before the Judicial Panel on Multi District Litigation. The attorneys in the firm are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation, and the substance and procedure of class certification. The firm has recovered hundreds of millions of dollars for the clients it has represented.

## *REPRESENTATIVE CASES BY AREA OF PRACTICE*

### Consumer Protection and Antitrust

The firm is actively involved in litigation involving price-fixing and other anti-competitive conduct, deceptive sales practices, and unfair and deceptive trade practices.

In In re Carbon Fibers Antitrust Litigation, No. 02-2385A (Middlesex Superior Court, Mass.) Gilman and Pastor served as Lead Class Counsel in the antitrust suit alleging a price-fixing conspiracy by the manufacturers of carbon fiber. After extensive litigation, the firm reached settlements totaling in excess of $2.7 million on behalf of a class of Massachusetts end-users of carbon fiber products.

Gilman and Pastor, LLP has been appointed by the Trial Court in the consolidated Massachusetts Indirect Purchaser Actions. The firm was also appointed by the District Court to the Indirect Purchaser Plaintiffs' Executive Committee in In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, No. M 02-1486 (N.D. Cal.) and is currently litigating the case on behalf of indirect purchasers nationwide.

In In re Microsoft Massachusetts Consumer Protection Litigation, No. 00-2456 (Middlesex Superior Court), Gilman and Pastor, LLP was co-lead counsel and obtained a settlement valued at $34 million, which was approved by the Court.

Gilman and Pastor, LLP served as sole Class Counsel in Fortin v. Ajinomoto, et al, (Civil Action No. 02-2345C, Middlesex Superior Court, Mass.), and obtained class settlements totaling $8.2 million.

Gilman and Pastor, LLP served as a member of the Plaintiffs Steering Committee in <u>Ciardi v. F. Hoffman-LaRoche, Ltd., et al.</u>, (Civil Action No. 99-03244, Middlesex Superior Court, Mass.), a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts.

Gilman and Pastor, LLP served as sole counsel in <u>Boos v. Abbott Laboratories</u>, No. 95-10091 (D.Mass.), which was the first case in which indirect purchasers in Massachusetts ever recovered damages arising from a price-fixing conspiracy. The case was settled in 1997 for $2.5 million.

Gilman and Pastor, LLP served as lead counsel in <u>Muccioli v. Sony Computer Entertainment America, Inc.</u>, No. 413148 (San Mateo Cty. California Superior Court) and obtained a substantial nationwide class settlement that provided free service and repairs during an extended warranty period and partial refunds of past repair costs to purchasers of Sony Playstation Models 1001 and 5501 in an action arising out of alleged product defects, breaches of warranty, and deceptive trade practices.

The firm was lead counsel in <u>Hardy v. Sears Roebuck & Co.</u>, Civil Action No. 98-CH-06305 (Cook County, Illinois) obtaining a nationwide class settlement which provided warranty repairs to consumers who purchased home improvement services from Sears and its authorized contractors.

The firm was a member of the Plaintiffs' Counsels' Steering Committee in <u>In re High Fructose Corn Syrup Antitrust Litigation</u>, MDL No. 1083, (C.D. Ill.), an antitrust suit alleging a price fixing conspiracy on the part of manufacturers of high fructose corn syrup. As a member of the Steering Committee, the firm litigated the case for over five years. That case has now resulted in settlements totaling approximately $500 million.

Gilman and Pastor, LLP served as sole counsel for the class in <u>Anslono v. Thorn Americas, Inc.</u> (Civil Action No. 98-0049, Suffolk Superior Court Department, Mass.), and obtained a class settlement of claims for false advertising of "rent to own" contracts.

In <u>In re Packard Bell Consumer Class Action Litigation</u>, No. BC 125671 (California Superior Court), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of "reconditioned" personal computer systems which were falsely advertised as "new."

In <u>In re Miracle Ear Consumer Litigation</u>, No. 94-1696 (Dist. Ct. Minn.), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of hearing aids which had been falsely advertised.

Gilman and Pastor, LLP has been actively involved in litigation arising from life insurance sales practices, including <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (NY.Sup.Ct., Albany County), 1997 N.Y.Misc. LEXIS 171 (1996) (approving class settlement); <u>Natal v. Transamerica Occidental Life Insurance Company</u>, Index No. 694829 (CA.Sup.Ct., San Diego County, 1997) (approving class settlement); <u>In re: Manufacturers Life Insurance Company Premium Litigation</u>, MDL No. 1109 (S.D.Cal.) (substantial settlement for class); <u>In re: Sun Life Assurance Company of Canada Insurance Litigation</u>, MDL No. 1102 (D.N.J.) (substantial settlement for class); <u>In re: New England Mutual Life Insurance Company Sales Practices Litigation</u>, MDL No. 1105 (D.Mass.) (court appointed Gilman and Pastor, LLP as liaison counsel in MDL proceeding; court subsequently approved substantial class settlement); <u>Duhaine v. John Hancock Mutual Life Insurance Company</u> (Civil Action No. 96-10706-GAO, D.Mass.) (substantial class settlement).

Gilman and Pastor, LLP has developed unique expertise in litigation involving pyramid marketing schemes, including obtaining significant decisions in <u>Webster v. Omnitrition</u>, 79 F.3d 776, 782 (9th Cir. 1996) (holding that multi-level marketing firm could be found to be a pyramid scheme and an investment security where there was no evidence that it actually enforced "anti-pyramid" requirements; class settlement approved following successful appeal by Gilman and Pastor); <u>Capone v. Nu Skin Canada, Inc.</u> (Case No. 93-C-2855, D.Utah) (Gilman and Pastor obtained court approval of settlement of class claims against multi-level marketing firm after successfully opposing multiple motions to dismiss and for summary judgment and after extensive discovery); <u>Rhodes v. Consumers' Buyline, Inc.</u>, 868 F.Supp. 368 (D.Mass. 1993) (case settled after Gilman and Pastor obtained court ruling that contractual arbitration clause was unenforceable because distributorship agreement violated public policies against pyramid marketing schemes).

### Defective Products

Gilman and Pastor, LLP is actively involved in litigation involving defective products, including defective building products, pharmaceutical products, motor vehicles, electronics and other products.

In <u>In re Shake Roof Cases</u>, Judicial Council Coordination Proceeding No. 4208, (Contra Costa Cty, California Superior Court), the Court granted final approval to a $61,420,000 partial settlement fund for owner's of properties on which certain manufactured cement composite roofing products were installed. Gilman and Pastor, LLP was one of four firms that represented the class members. After extensive litigation on all fronts, the case was partially settled during trial against certain defendants for over $61 million dollars.

In Sebago, Inc., et al. v. Beazer East, Inc., et al., No. 96-10069 (D. Mass.), Gilman and Pastor, LLP served as lead class counsel in a suit on behalf of owners of buildings with corrosive phenolic foam roof insulation. The litigation was extremely contentious, involved numerous potentially dispositive motions, discovery motions and extensive class certification proceedings. The defendants ultimately produced hundreds of thousands of documents as well as hundreds of depositions. To prepare for hearings on class certification, summary judgment and trial, Gilman and Pastor marshaled testimony from experts in a variety of disciplines, including roof engineering, structural engineering, materials science and corrosion, and financial analysis. The firm obtained a significant decision upholding RICO claims against the manufacturers. See Sebago, Inc. v. Beazer East, Inc., 18 F. Supp. 2d 70 (D.Mass. 1998). The Court recently approved nationwide class settlements with the two manufacturers of the phenolic foam insulation, worth a combined estimated present value of more than $240 million.

In Coleman, et al. v. GAF Building Materials Corporation, No. CV-96-0954-GALANOS (Circuit Court of Mobile County, Alabama), Gilman and Pastor, LLP served as lead counsel for a nationwide class of persons who owned properties with defective roofing shingles. The firm recently obtained a settlement with benefits estimated at a present value in excess of $75 million.

In Paradis v. Bird Incorporated, No. 00-C-0235 (Merrimack, N.H. Superior Court), Gilman and Pastor, LLP served as lead counsel on behalf of purchasers of Bird defective roofing shingles. The settlement obtained was valued at approximately $9.6 million.

Other cases handled by the firm involving defective building products include Foster v. ABTco, Inc. (Civil Action No. CV95-151-M, Choctaw County, Alabama) (defective hardboard siding; nationwide class certified and class settlement approved); In re Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation, (Master File No. C-95-3178-VRW, N.D.Cal.) (defective oriented strand board (OSB); nationwide class certified and settlement approved).

**Securities**

The firm is actively involved in litigation on behalf of defrauded individual and institutional investors in both class action and shareholder derivative litigation.

In In re Transkaryotic Therapies, Inc. Securities Litigation, No. 03-10165-RWZ (D. Mass.), Gilman and Pastor is one of the firms representing the lead plaintiff in a securities fraud case involving the company's misrepresentations about correspondence from the FDA with respect to prospects for approval of one of the company's key products. The court has denied the defendants' motion to dismiss, and the case is now in the discovery phase.

In Brumbaugh v. Wave Systems Corporation, No. 04-30022-MAP (D. Mass.), the firm represents the court-appointed lead plaintiffs. This is a securities case arising out of the company's misrepresentations and omissions concerning two purported license agreements with major corporations for the company's digital security products.

The firm served as Co-Lead Counsel in In re Blech Securities Litigation, 94-CIV-7696-RWS (S.D. N.Y.) asserting market manipulation claims against the brokerage firm of D. Blech & Co., its principals, its clearing broker, and several other alleged participants in connection with an

alleged scheme to inflate the prices of various biotechnology securities. In a vigorously litigated case, the firm and its co-counsel obtained certification of a class of purchasers of 22 separate securities, successfully opposed various motions to dismiss, and, subsequently, motions for summary judgment, and after extensive discovery and trial preparation, negotiated over $15 million in cash settlements on behalf of the class. This case resulted in several reported opinions, including one that has been frequently cited and referred to by commentators on the issue of clearing broker liability. In re Blech Securities Litigation, 961 F. Supp. 569 (S.D.N.Y. 1997).

Gilman and Pastor, LLP served as Co-Lead Counsel in Hynes v. The Enstar Group, Inc., et al. 90-C-1204-N (M.D. Alabama). In the face of substantial risks of an unsuccessful outcome due to the bankruptcy (and consequent immunity from suit) of Enstar and the bankruptcy of Enstar's chairman who was the chief architect of the fraud, Gilman and Pastor, LLP aggressively litigated the case on behalf of the Class and obtained settlements totaling in excess of $19 million from several defendants, including a major accounting firm, a major law firm, and former outside directors after the conclusion of extensive discovery and immediately prior to the scheduled trial. Subsequently, Gilman and Pastor, LLP won an additional $4.1 million for the class in collateral litigation against Michael Milken and related entities.

The firm was Co-Lead Counsel in Cooper v. Kana, et al. Civil Action No. 3:98-CV-2804-M (N.D. Texas) on behalf of purchasers of CPS Systems, Inc. ("CPS") stock in connection with its $8.74 million initial public offering ("IPO") and trading on the American Stock Exchange thereafter, against CPS, its officers and directors, the underwriters for its IPO, and CPS's independent auditors, alleging misstatements in the IPO Prospectus and subsequent press releases and SEC filings concerning CPS's revenue recognition methods and reported revenues and earnings. After CPS restated its earnings and filed bankruptcy, the firm and its co-counsel obtained class certification, defeated various motions to dismiss, conducted discovery, engaged in two separate mediations, and ultimately recovered $3.44 million in cash settlements on behalf of the class against the remaining defendants.

The firm served as Co-Lead Counsel in Lynn v. Infinity Investors Limited, et al. 3:97-CV-226 (E.D. Tenn.), a case asserting claims for open market securities fraud and for breach of contract arising out of an alleged complex scheme to evade the requirements of Regulation S of the Securities Act of 1933 and to manipulate the market prices of United Petroleum Corporation ("UPET") stock. The firm obtained class certification, successfully objected to UPET's bankruptcy plan in another jurisdiction that would have otherwise dismissed the action with prejudice, and overcame other significant obstacles in a vigorously litigated case to ultimately obtain a $4 million cash settlement, recovering a very substantial portion of actual losses claimed by class members.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>In re Hallwood Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.) in which a $9.1 million settlement was obtained after five years of intensive litigation. This class action arose out of a complex merger and exchange offer transaction involving several publicly traded oil and gas limited partnership entities. The litigation challenged the fairness of the exchange and involved highly complex oil and gas valuations and methodologies. Gilman and Pastor, LLP effectively managed the litigation and diligently prosecuted the case on behalf of a Class of approximately forty thousand unitholders.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>Caven v. Miller, et al</u>. No. H-96-CV-3464 (EW) (S.D. Tex.), a shareholder derivative action arising out of the merger of a publicly held hospital company with and into a firm in the same industry that had been privately held. After the merger, the successor firm downwardly restated its financial results due to its own previously undisclosed accounting irregularities and losses. After defeating motions to dismiss on various grounds, conducting discovery, and engaging in mediations, Plaintiffs recovered over $18 million in benefits on behalf of the successor company from various insiders of both companies involved.

The firm served as one of four co-lead counsel representing a class of securities purchasers in <u>In re Immunex Securities Litigation</u>, No. C92-548 (W.D. Wash.), and obtained a settlement of $14 million.

The firm served as one of three co-lead counsel representing a class of limited partners in <u>In re Oxford Tax Exempt Fund Securities Litigation</u>, No. 95-3643 (D. Md.), a case asserting federal securities and related common law claims arising out of a complex partnership restructuring transaction, and obtained a settlement valued in excess of $11 million.

Gilman and Pastor, LLP served as lead counsel in <u>Sullivan, et al. v. Shearson California Radisson Plaza Partners, Limited Partnership, et al.</u>, No. 89-5472-JMI (C.D. Cal.), a case arising out of a publicly offered limited partnership wherein claims under the 1934 Exchange Act and the 1933 Securities Act were asserted on behalf of the investors. The case involved complex issues of hotel appraisal and valuation, and resulted in a settlement valued in excess of $11 million on behalf of the class.

In <u>Hartley v. Stamford Towers Limited Partnership, et al.</u>, No. C-90-2146-JPV (N.D. Cal.), another action arising out of a public limited partnership offering, the firm served as co-lead counsel for the investor class and obtained a settlement of $6.5 million. In that litigation the plaintiffs engaged in extensive discovery and negotiations and consultation with real estate valuation experts, in the face of several challenging obstacles.

The firm served as co-lead counsel representing a class of more than 4,000 investors in a series of oil and gas drilling programs in the <u>Woodlands Energy and Development Corporation/ Intercomex Financial Corp. Litigation</u> (encompassing several related civil actions in various federal and state courts in Texas and California). That litigation involved complicated securities issues, as well as certain novel insurance liability questions, and was also contested vigorously by the defendants with respect to every aspect of the case. In that case, plaintiffs' counsel overcame several rounds of briefing on motions to dismiss the pleadings and a vigorous opposition to class certification. Counsel then engaged in a long series of merits discovery, and eventually took part in intense negotiations that led to several partial settlements. Ultimately,

Gilman and Pastor, LLP, together with their co-counsel, recovered in excess of $11 million for investors.

The firm was one of four firms actively involved in <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150 (D. Colo.) a securities class action brought against promoters of a series of limited partnerships, their auditors and other parties. After extensive discovery, a settlement was reached valued at $60 million.

Gilman and Pastor, LLP, as lead class counsel, achieved a successful settlement in the case of <u>Hutson, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al.</u>, No. 89 Civ. 8358 (L.M.M.) (S.D.N.Y.). That case, which arose out of the offering of limited partnership interests, involved mortgage revenue bonds issued by many state and local government agencies which were secured by participating non-recourse mortgage loans on fourteen apartment projects and retirement communities. As lead counsel, Gilman and Pastor, LLP was responsible for and managed all aspects of the complex litigation which also involved the subject areas of real estate financing and valuation, secured lending and foreclosure. In addition, because the case involved a 1985 offering, there were serious statute of limitations questions facing plaintiffs and plaintiffs' counsel. Despite these momentous problems, the firm obtained a settlement valued at $14 million for the class. Judge McKenna, in approving the settlement, praised plaintiffs' counsel for their efficient work.

Gilman and Pastor, LLP was one of five firms actively involved in the <u>In re Granada Partnership Securities Litigation</u>, MDL No. 837 (S.D. Tex.), in which a partial settlement in excess of $14 million was reached with certain of the defendants. This was an extremely contentious lawsuit in which every procedural step was a pitched battle. After protracted litigation with extensive motion practice, the partial settlement was reached, which accounted for virtually all of the available financial resources of the settling defendants.

Other examples of the firm's litigation ability are the dual settlements achieved in the related cases styled <u>In re Permian Partners, L.P. Securities Litigation</u>, No. 11373 (Del. Ch. Ct.) and <u>Rodgers v. National Intergroup, Inc., et al.</u> No. 90-11653-Z (D. Mass.). Gilman and Pastor, LLP was designated as lead counsel and directed and participated in every aspect of the cases. The first settlement, valued at $6.1 million, plus non-monetary benefits, arose out of an action in the Delaware Chancery Court challenging a merger of limited partnership interests. Gilman and Pastor, LLP conducted extensive discovery in that litigation, most of which was done on an expedited basis, and consulted with experts, including authorities on oil and gas. The litigation involved many complex issues, including issues relating to the valuation of interstate and intrastate pipeline assets. The settlement was reached after the conclusion of expedited discovery and prior to a hearing on our motion for preliminary injunction. The second settlement successfully concluded litigation in the U.S District Court in Massachusetts arising out of the 1987 public offering of the partnership interests which later became the subject of the merger proposal.

Gilman and Pastor, LLP has also played a major role in significant litigation challenging limited partnership roll-ups, restructurings, exchanges and mergers, including the Hallwood Energy, Oxford and Permian cases described above, Adam et al. v. Berkshire Realty Corporation, No. 90-12864 WF (D. Mass), where the firm served as co-lead counsel and achieved a settlement consisting of cash and warrants valued at $7.5 million, In re Equitec Rollup Litigation, Master File No. C-90-2064 (N.D. Cal); Laurence v. Brewer, No. 97-15464 (Del. Ch. Ct.), where the firm served as co-lead counsel (challenging a tender offer by general partners for publicly traded master limited partnership, and obtaining settlement with establishment of dividend payments to limited partners); LLOV Partners v. INCO Limited, No. 00-4999 (NHP) (D.N.J.) (challenging tender offer by parent company for tracking stock of subsidiary); and Rosenblum v. Equis Financial Group, No. 98-8030 (S.D. Fla.) (class and derivative settlements on behalf of three sub-classes).

Gilman and Pastor, LLP has also been actively involved in numerous other class actions arising under the federal securities laws, including In re Painewebber Inc. Limited Partnership Litigation, No. 94-CV-8547 (S.D.N.Y.); In re The One Bancorp Securities Litigation, No. 89-0315-P (D. Me.); In re VMS Securities Litigation, No. 89C 9448 (N.D. Ill.); In re Shearson Union Square Associates Securities Litigation, (Del. Ch. Ct.); In re Software Publishing Securities Litigation, C-93-20246 (N.D. Cal.); In re Prudential-Bache Energy Income Partnerships Litigation, MDL No. 888 (E.D. LA); In Re: T$^2$ Medical Inc. Shareholder Litigation, 92-CIV-1564 (N.D. Ga.); In re Interneuron Pharmaceuticals Securities Litigation; 97-12254 (D. Mass.); In re UDC Homes Securities Litigation, 95-08941 (Maricopa County, AZ Superior Ct.); and In re Towers Financial Securities Litigation, 93-0810 (S.D.N.Y.).

## ATTORNEYS

**KENNETH GILMAN** is a graduate of Suffolk University Law School (J.D., 1979) and Boston University (B.A.,1976). Mr. Gilman is a member of the bars of the Commonwealth of Massachusetts, the State of Florida, the U.S. District Court for the District of Massachusetts and the U.S. District Court for the Southern District of Florida. He is a member of the Massachusetts Bar Association, the Florida Bar and the American Bar Association. Mr. Gilman has served, and currently serves as lead or co-counsel in various types of complex litigation, including cases in the areas of antitrust, consumer protection, insurance, dangerous and defective products, environmental law, personal injury and securities fraud.

Representative cases which have produced significant legal developments, include: Sebago, Inc., et. al. v. Beazer East, Inc., et. al., No. 96-10069- Wolf (D. Mass.) (Nationwide Class Settlements with two manufacturers of phenolic insulation with a value in excess of $240 million; 18 F.Supp.2d 70 (D.Mass. 1998); Coleman, et. al. v. GAF Building Materials Corporation, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with GAF defective roofing shingles with settlement value in excess of $75 million); In re: Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation; Ciardi v. F. Hoffman-LaRoche Ltd, et. al.,(Civil Action No. 99-03244, Middlesex Superior Court Department Mass.), (a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims of price-fixing or other anti-competitive conduct. Settlement funds obtained of over $22.5 million); Michaels v. Phoenix Home Life Mutual Insurance Company, Index No. 5318-95 (N.Y.Sup.Ct. Albany County) 1997 N.Y. misc. LEXIS 171 (1996); Agnes v. The Enstar Group, Inc., et. al., 90-C-1204-N (M.D. Alabama)(Settlement obtained of over $23

million); In re Hallwod Energy Partners L.P. Securities Litigation, 90-Civ-1555-JFK (S.D.N.Y.)(In which a $9.1 million settlement was obtained after five years of intensive litigation arising out of a complex oil and gas merger; Sullivan, et. al. v. Shearson California Radison Plaza Partners Limited Partnership, et. al., No. 89-5472 (C.D.Cal.)(Securities fraud action resulting in settlement in excess of $11 million); and Alert Income Partners Securities Litigation, No. 92-2-9150(D.Colo.)(Securities fraud action resulting in settlement valued at $60 million).

Mr. Gilman was previously associated with Gilman, McLaughlin and Hanrahan in Boston, Massachusetts and with the firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl in Miami, Florida. In 1985, Mr. Gilman was appointed by the United States District Court for the Southern District of Florida as the Equity Receiver in the Intercontinental Commodities litigation. During the period from 1980 through 1984, he participated as counsel to the Equity Receiver in the Lloyd Carr and Company commodities fraud litigation. In that capacity, he prosecuted complex litigation in Federal and state courts in Massachusetts and Florida, resulting in significant recoveries for defrauded investors. Also as part of this litigation, Mr. Gilman acted as special counsel for the Department of Justice.

***DAVID PASTOR*** is a 1979 graduate of Boston University School of Law and a 1976 graduate of Haverford College. During law school, Mr. Pastor clerked for two Wisconsin state court judges. Mr. Pastor is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association, the American Bar Association and the Association of Trial Lawyers of America. Mr. Pastor has served, and currently serves as class counsel in numerous class actions in various state and federal courts and has substantial experience in various types of complex class action litigation, including cases involving securities fraud and market manipulation, privacy rights, antitrust misconduct, consumer protection claims and defective products. Certain of Mr. Pastor's cases have produced significant legal developments, including In re Blech Securities Litigation, 961 F. Supp. 569 (S.D.N.Y. 1997) and 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)(liability of a clearing broker as a primary violator for a scheme initiated by one of the clearing broker's correspondent broker-dealers) and Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 746 N.E.2d 522 (2001)(certification of class action against several defendants engaged in parallel conduct where certain defendants had no contact with the plaintiff and engaged in no conduct which directly affected the plaintiff).

***JOHN C. MARTLAND*** is a 1978 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Colby College in 1972. Mr. Martland was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts, where he was the senior trial attorney and with the firm of Ring and Rudnick, also located in Boston. Mr. Martland has had experience in a wide variety of complex civil litigation and been trial counsel in complex civil actions in state and federal courts throughout the United States. He has served as counsel in complex business litigation in state courts in Massachusetts, New Hampshire and Maine. He has represented franchisees in arbitration proceedings before the American Arbitration Association in Massachusetts, North Carolina, Illinois and New Jersey. He is a member of the bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the Supreme Court of the United States of America. He is a member of the Massachusetts Bar Association and the American Bar Association and is a member of the ABA Antitrust Section. Mr. Martland was a

speaker at the 1998 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Mediation: An In-Depth Analysis of the Process and the Techniques - the Franchisee Perspective" and has been a frequent speaker at the annual conventions of the American Franchisee Association and the American Association of Franchisees and Dealers on franchise law topics.

**DOUGLAS M. BROOKS** is a 1982 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Northwestern University in 1979. He was a Note Editor for the Suffolk University Transnational Law Journal in 1981-1982. Mr. Brooks was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts. Mr. Brooks has litigated a wide variety of civil cases, including matters involving franchising, dealer and distribution, as well as securities actions. He is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association and a member of the Forum on Franchising and Litigation Section of the American Bar Association. Mr. Brooks was a speaker at the 1995 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Survey Evidence - Use of Collected Data in Encroachment Cases" and has been a frequent speaker at the annual conventions of the American Association of Franchisees and Dealers and the American Franchisee Association. Significant trials and appeals handled by Mr. Brooks include NXIVM Corp. v. Ross Institute, 364 F.3d 471 (2nd Cir. 2004) (affirming denial of preliminary injunction against non-profit anti-cult organization in lawsuit alleging Copyright and Lanham Act violations; Mr. Brooks is representing the defendant pro bono); Wolinetz v. Berkshire Life Insurance Co., 361 F.3d 44 (1st Cir. 2004) (reversing summary judgment in "vanishing premium" case based on statute of limitations); In re: America Online, Inc., 168 F.Supp.2d 1359 (S.D.Fla. 2001) (denying summary judgment); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla. 1991) (denying summary judgment in franchise encroachment litigation), further opinion, 798 F.Supp. 692 (S.D.Fla. 1992); Rhodes v. Consumers' Buyline, Inc., 668 F.Supp. 368 (D.Mass. 1993) (denying motion to compel arbitration in pyramid scheme case); Szymanski v. Boston Mutual Life Ins. Co., 56 Mass.App. 367 (2002), rev. den., 438 Mass. 1106 (2003) (reversing summary judgment in vanishing premium litigation); Oganesov v. GNC Franchising Inc., Bus. Franchise Guide (CCH) ¶11,808 (Pa. Ct. Cmn. Pl., March 3, 2000) (awarding $700,000 judgment for franchisee in encroachment litigation), aff'd, Bus. Franchise Guide (CCH) ¶12,163 (Pa.Super. 2001).

**DANIEL D'ANGELO** is a 1995 cum laude graduate of New England School of Law (J.D.) received a Bachelor of Arts degree from Bucknell University. Mr. D'Angelo was a Case Note Editor for the New England Journal on Criminal & Civil Confinement and published an article entitled Reno v. Flores: What Rights Should Detained Alien Juveniles Be Afforded? He is a member of the bar for the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit. During law school, Mr. D'Angelo clerked for the Honorable Gordon A. Martin, Jr., Associate Justice of the Massachusetts Trial Court.

Mr. D'Angelo's efforts have contributed to numerous multi-million dollar class recoveries for a wide variety of clients. Examples of such cases include: Fortin et. al. v. Ajinomoto U.S.A., Civil Action No. 02-2345C (Middlesex Superior Court Department, Massachusetts) ($8.2 million settlement on behalf of Massachusetts consumers for claims arising from price-fixing conspiracy); Ayala et. al. v. American Honda Motor Co., Inc., No. BC285240 (Los Angeles Superior Court, California) (Settlement of behalf of a nationwide class of motorcycle owners

resulting from an engine overheating defect. The settlement, which provided for a fix to the motorcycles and a two year limited warranty to each class member, was estimated at a value of between $22 and $35 million); Sebago, Inc., et. al. v. Beazer East, Inc., No. 96-10069 (D. Mass.) (Nationwide class settlements with the two manufacturers of phenolic foam insulation, worth a combined estimated value of more than $240 million); Coleman, et. al. v. GAF Building Materials Corporation, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with defective roofing shingles received settlement benefits estimated at a value in excess of $75 million); Ciardi v. F. Hoffman-LaRoche, Ltd., et. al., Civil Action No. 99-03244 (Middlesex Superior Court Department, Massachusetts) (Landmark decision in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts); Paradis v. Bird Incorporated, No. 00-CV-0235 (Merrimack Superior Court, New Hampshire) (Settlement obtained for purchasers of Bird defective roofing shingles valued at approximately $9.6 million); In re: New England Mutual Life Insurance Company Sales Practices Litigation, MDL No. 1105 (D. Mass.) ($180 million nationwide settlement on behalf of six hundred thousand class members to resolve allegations of deceptive sales practices of life insurance policies); and Duhaine v. John Hancock Mutual Life Insurance Company (Civil Action No. 96-10706-GAO, D. Mass.) ($350 million settlement for approximately 3.7 million policyholders to resolve allegations of deceptive sales practices of life insurance policies).

Mr. D'Angelo also is or has been involved in other class actions and complex cases, including: In re OSB Antitrust Litigation, (E.D. Pa.); In re Massachusetts Smokeless Tobacco Litigation (Suffolk Superior Court Department, Mass.); In re Dynamic Random Access Memory (DRAM) Antitrust Litigation (N.D. Cal.); In re Publication Paper Antitrust Ligitation (D. Conn.); In re Compact Disc Minimum Advertised Price Antitrust Litigation(D. Me.); In re Cardizem CD Antitrust Litigation, (E.D. Mich.); In re Ciprofloxacin Hydrochloride Antitrust Litigation, (E.D. N.Y.); In re Relafen Antitrust Litigation (D. Mass.); In re High-Fructose Corn Syrup Antitrust Litigation, (C.D. Ill.) Boos v. Abbott Laboratories, (D. Mass.); In re Blech Securities Litigation (S.D. N.Y.); In re Interneuron Pharmaceuticals Securities Litigation, (D. Mass.); Lynn v. Infinity Investors Limited, et. al., (E.D. Tenn.); In re Insurance Brokerage Antitrust Litigation (D. N.J.); Natal v. Transamerica Occidental Life Insurance Co., (San Diego, CA Superior Court); In re: Manufacturers Life Insurance Company Premium Litigation (D. Mass.); In re Sun Life Assurance Company of Canada Insurance Litigation (D. N.J.); Szymanski v. Boston Mutual Life Ins. Co., C.A. (Suffolk Superior Court Department, Mass.); In re Propulsid Products Liability Litigation, (E.D. La.); In re Zonolite Attic Insulation Products Liability Litigation (D. Mass.); In re Rezulin Products Liability Litigation, (S.D. N.Y.); In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation, (S.D. Ind.).