EXHIBIT A

LAW OFFICES
## ROBERT D. ALLISON & ASSOCIATES

122 SOUTH MICHIGAN AVENUE - SUITE 1850
CHICAGO, ILLINOIS 60603

ROBERT D. ALLISON
BRUCE C. HOWARD
STEVEN P. SCHNECK

TELEPHONE: (312) 427-7600

FAX: (312) 427-1850

## BIOGRAPHICAL STATEMENT
## FOR ROBERT D. ALLISON & ASSOCIATES

Robert D. Allison is a 1974 graduate of Northwestern University School of Law and has specialized in federal class actions since then. Prior to setting up his own law firm, he was a partner at Prins, Flamm & Susman specializing in federal securities law class actions and other complex litigation. He is a member of the Chicago Bar Association Class Litigation Committee and the American Bar Association Committee on Class Actions and Derivative Suits.

In the last 30 years, Mr. Allison has actively participated in over thirty-five federal class actions and other complex federal litigation, as well as over a dozen state court class actions. Among the federal actions which he prosecuted are McLendon v. Continental Can Co., 749 F.Supp. 582 (D.N.J. 1989), affirmed, 908 F.2d 1171 (3d Cir. 1990) (affirming trial judgment for plaintiff class after three-month trial, subsequently settled for $422.5 million, plus interest); U.S. ex rel. Robinson v. Northrop Corporation, 89 C 611 (N.D. Ill.), 149 F.R.D. 142 (1993), 2002 WL 31163734 (qui tam action alleging fraudulent defense contracting, settled in 2005 for $134 million, including a fund of $62 million to the U.S., plus reimbursement by Northrop of its attorneys' fees previously billed to the U.S., separate payments for plaintiffs' individual claims, and payment of plaintiffs' statutory attorneys' fees); Brazen v. Tyco Intl., Ltd., No. 02 CH 11837 (Cook County., Illinois, Chancery Division), affirmed, 218 Ill.2d 536, 850 N.E.2d 806 (1st Dist. 2006)(Co-Lead Counsel in §11 Securities Act of 1933 claim involving Tyco takeover of Mallinckrodt Corp., jointly settled as part of $3.2 billion global settlement of Tyco cases);

Herrington v. Household Int'l, Inc., 2004 WL 719355 (N.D. Ill.)(Co-Liaison Counsel in class action on behalf of Household Tax Reduction Investment Plan settled for $46.5 million); Levitan v. McCoy (In re Bank One Corp.), No. 00 C 5096 (N.D. Ill.) (served as Liaison Counsel in securities class action settled for $39.9 million); Ridings v. Canadian Imperial Bank, 94 F.R.D. 147 (N.D.Ill. 1982) (securities class action settled for $23.5 million); Hess v. Gray, 85 F.R.D. 15 (N.D.Ill 1982) (securities and tender offer contract litigation settled for 100% of damages); Spring v. Continental Ill. Corp., No. 89 C 8596 (N.D.Ill.) (served as Liaison Counsel in securities fraud class action settled for $17.5 million); In re TransOcean Tender Offer Litigation, 427 F.Supp. 1211 (N.D.Ill. 1977) (class action settlement for $17 million in cash and securities); Morse v. Abbott Laboratories, Inc., 756 F.Supp. 1108 (N.D. Ill. 1991) (class action securities fraud jury verdict for $15.3 million, subsequently settled); In re Sears, Roebuck & Co. ERISA Litigation, No. 02 C 8324 (N.D. Ill.)(class action ERISA case settled for $14.5 million); Hedberg v. Schanck, CCH Fed.Sec.L.Rep. ¶92,384 (N.D.Ill. 1985) (class action securities litigation settled for $12 million); Harman v. LyphoMed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988) (served as Liaison Counsel securities fraud class action settled for $10.4 million); In re Nanophase Technologies Corp. Securities Litigation, No. 98 C 3450 (N.D.Ill.) (served as Liaison Counsel in securities fraud class action that settled before trial); In re NextLevel Systems, Inc. Securities Litigation, 1999 WL 387446 (N.D.Ill. Mar. 31, 1999), 2000 WL 15091 (N.D.Ill. Jan. 6, 2000) (served as Liaison Counsel in securities class action that settled before trial); Dollens v. Zionts, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001)(served as Liaison Counsel in derivative securities litigation that settled before trial); Miller v. Material Sciences Corp., 9 F.Supp.2d 925 (N.D.Ill. 1998) (served as Liaison Counsel in securities fraud class action that settled before trial); Good v. Zenith

Electronics Corp., 751 F.Supp. 1320 (N.D.Ill. 1990) (served as Liaison Counsel in securities fraud class action that settled before trial); Liebbard v. Square D Company, 811 F.Supp. 354 (N.D.Ill. 1992) (served as Liaison Counsel in securities fraud class action that settled before trial); Hammond v. Hendrickson, 1986 WL 8437 (N.D. Ill. 1986) (served as Liaison Counsel in securities class action jury trial and settlement); and In re Republic National Life Ins. Co., 73 F.R.D. 658 (S.D.N.Y. 1977) (derivative stockholder litigation that settled before trial).

Among the state court class and representative actions which he has prosecuted are Boynton v. Kusper, 112 Ill.2d 356, 494 N.E.2d 135, 98 Ill.Dec. 208 (Ill. 1986)(affirming 100% recovery in class action challenging the constitutionality of marriage license tax, after trial on merits); and In re Nicor, Inc. Shareholder Derivative Litigation, No. 02 CH 15499 (Cook County, Illinois, Chancery Division)(securing $33 million in monetary relief for Nicor and significant corporate governance changes).

Robert Allison's credentials and abilities have been commented upon by courts and colleagues with whom he has practiced. In Levitan v. McCoy (In re Bank One Corporation), No. 00 C 5096 (N.D. Ill. Mar. 8, 2007), in ruling on fees and expenses in a $39.9 million securities class action settlement, Judge Wayne R. Andersen commented about the work of Mr. Allison and co-lead counsel:

> "The quality of the work of Plaintiffs' Counsel, as witnessed by this Court during the past years of litigation, was exemplary. The Court finds that the claims and defenses in this litigation raised complex questions of law and fact, requiring an unusual and extraordinary amount of time, effort and skill to litigate.
>
> * * *

3

> The Court has reviewed the time records of Plaintiffs' Counsel and
> finds that they are reasonable and credible. Plaintiffs' Counsel has
> demonstrated to the Court that they made significant and
> successful efforts to manage this litigation in an efficient, cost-
> effective manner, and to avoid unnecessary duplication of efforts."

(Slip Op. at 5-6)

Judge Prentice H. Marshall, in awarding fees at the conclusion of a First Amendment case he prosecuted before him (Jackson v. Elrod, 881 F.2d 441 (7th Cir. 1989)), commented: "Mr. Allison . . . discharged [his] duties as [an] attorney[] in accord with the highest tradition of the Bar . . . . Plaintiff's success, at the hands of his appointed counsel, has been outstanding . . . . [This court] know[s] Mr. Allison to be a lawyer of unquestioned integrity . . . . Mr. Allison . . . is a superb lawyer." Jackson v. Elrod, No. 86 C 1817 (N.D.Ill.).

Following McLendon v. Continental Can Co., 749 F.Supp. 582 (D.N.J. 1989), affirmed, 908 F.2d 1171 (3d Cir. 1990) (affirming trial judgment for plaintiff class after three-month trial, subsequently settled for $422.5 million), Mr. Allison's co-counsel Robert Plotkin, one of the premier litigators in the nation, commented on the quality and efficiency of his work as follows:

> Mr. Allison is one of the fastest-working and most productive lawyers I
> have ever dealt with. He has produced great amounts of work, truly
> excellent work, in remarkably short hours in McLendon and has shown an
> ability and commitment seldom found among litigators in my experience.

(Aff. dated March 1, 1993).

Bruce C. Howard is a 1981 graduate of Washington and Lee University School of Law and a former partner of Connelly, Mustes & Schroeder. Mr. Howard also specializes in complex litigation. Among other matters, Mr. Howard was part of the trial team which prosecuted a securities fraud class action jury trial and achieved a verdict of $15.3 million in Morse v. Abbott

4

Laboratories, Inc., 756 F.Supp. 1108 (N.D. Ill. 1991) (securities fraud class action jury verdict for $15.3 million) and actively participated in In re VMS Securities Litigation, 136 F.R.D. 466 (N.D.Ill. 1991) (securities action that settled before trial for $98.5 million); In re Chicago Flood Litigation, 176 Ill.2d 179, 680 N.E.2d 265, 223 Ill.Dec. 532 (Ill. 1997) (class action involving Chicago River tunnel collapse that settled before trial for more than $25 million); and U.S. ex rel. Robinson v. Northrop Corporation, No. 89 C 611 (N.D. Ill.), 149 F.R.D. 142 (1993), 2002 WL 31163734 (qui tam action alleging fraudulent defense contracting, settled in 2005 for $134 million, including a fund of $62 million to the U.S., plus reimbursement by Northrop of its attorneys' fees previously billed to the U.S., separate payments for plaintiffs' individual claims, and payment of plaintiffs' statutory attorneys' fees). In 2005, Mr. Howard was named as a Trial Lawyer of the Year Award Finalist by the Trial Lawyers For Public Justice Foundation. In February 2007, Mr. Howard was a recipient of the Illinois Super Lawyer Award.

Steven P. Schneck is a 1987 graduate of the New York University School of Law. He graduated from Cornell University in 1984, with distinction. Mr. Schneck served for two years from 1987 to 1989 as law clerk to the late Hubert L. Will, District Judge for the Northern District of Illinois, who won the 1991 Edward J. Devitt Distinguished Service To Justice Award, bestowed on the nation's outstanding jurists. Since then, Mr. Schneck has specialized in class actions and other complex federal civil litigation, including In re Nicor, Inc. Shareholder Derivative Litigation, No. 02 CH 15499 (Cook County, Illinois, Chancery Division)(securing $33 million in monetary relief for Nicor and significant corporate governance changes); Rice v. Rockford Memorial Hospital, No. 96 C 50306 (N.D.Ill.) (race discrimination class action settled on behalf of three classes for back pay, emotional distress damages, and systemic injunctive

5

relief); <u>Washington v. Eagle Food Centers</u>, No. 94-2321 (C.D.Ill.) (Title VII and Section 1981 race discrimination class action settled for monetary and systemic injunctive relief); <u>Jefferson v. Ingersoll Int'l, Inc.</u>, 2000 WL 28256 (N.D.Ill. 2000) (Title VII and Section 1981 race discrimination class action settled for monetary relief and systemic injunctive relief); <u>In re Hooters Gender Discrimination Litigation</u>, 1996 LEXIS 4169 (N.D.Ill. 1996) (certification of nationwide Title VII class action, subsequently settled for back pay and requiring Hooters restaurants to hire men in "front-of-house" positions); and <u>Wernikoff v. RCN Telecom Services of Illinois, Inc.</u>, 341 Ill. App.3d 89, 791 N.E.2d 1195, 274 Ill. Dec. 784 (1st Dist. 2003) (interlocutory appeal affirming denial of motion to dismiss action brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, settled following remand);and <u>Bell v. Woodward Governor Co.</u>, No. 03 C 50190 (N.D. Ill.)(race and gender discrimination in employment class action brought under Title VII and Section 1981 settled for $5 million, extensive and systemic injunctive relief, plus attorneys' fees).