UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON BOBBITT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-12263-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |
| JAMES F. HOWARD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 06-11072-PBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ANDREW J. FILIPOWSKI, et al., | ) ) | |
| Defendants. | ) ) ) | |

CORRECTED [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated April 8, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Amended Stipulation of Settlement dated as of March 20, 2008 (the "Amended Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Amended Stipulation, and all terms used herein shall have the same meanings as set forth in the Amended Stipulation.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this settlement only, a Class of all Persons who purchased or otherwise acquired divine publicly traded securities on the open market between September 17, 2001 through February 14, 2003, inclusive. Also included in the Class are the eShare SubClass, the Data Return SubClass, the Delano SubClass and the Viant SubClass. Excluded from the Class are Defendants, members of their immediate families, Defendants' legal representatives and any of their parents, subsidiaries, officers, directors, affiliates, heirs, predecessors, successors-in-interest or assigns. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorney Fees and Settlement Fairness Hearing.

4.  This Court finds that the prerequisites for a class action have been finally satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class

action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Amended Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Plaintiffs, the Class and each of the Class Members. This Court further finds the settlement set forth in the Amended Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Amended Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorney Fees and Settlement Fairness Hearing and the publication of the Summary Notice as provided for in the Amended Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice of the matters set forth therein, including the proposed settlement set forth in the Amended Stipulation, to all Persons entitled to such notice, fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11. Any order entered regarding the Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorney fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Amended Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Amended Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Amended Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Amended Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation

and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

DATED: 6/24/08

_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

GILMAN AND PASTOR, LLP
DAVID PASTOR
60 State Street, 37th Floor
Boston, MA 02109
Telephone: 617/742-9700
617/742-9701 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART

s/ Ellen Gusikoff Stewart
_____
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

STULL, STULL & BRODY
HOWARD T. LONGMAN
6 East 45th Street
4th Floor
New York, NY 10017
Telephone: 212/687-7230
212/490-2022 (fax)

Co-Lead Counsel for Plaintiffs and the Class

ROBBINS UMEDA & FINK, LLP
MARC M. UMEDA
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Attorneys for Plaintiffs Mike Turner, James F. Howard and Chris Brown

C:\Program Files\DocsCorp\pdfDocs PDF\users\dscott\Import\CORR ORD JUDG 00028110.doc

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 23, 2008.

          s/ Ellen Gusikoff Stewart
          ELLEN GUSIKOFF STEWART

          COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
          655 West Broadway, Suite 1900
          San Diego, CA  92101-3301
          Telephone: 619/231-1058
          619/231-7423 (fax)
          E-mail: EllenG@csgrr.com

Case 1:04-cv-12263-PBS    Document 126    Filed 06/24/2008    Page 9 of 18

CM/ECF - USDC Massachusetts - Version 3.2.1 as of 5/3/08    Case 1:04-cv-12263-PBS    Document 125    Filed 06/23/2008    Page 9 of 11    Page 1 of 3

# Mailing Information for a Case 1:04-cv-12263-PBS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bruce S. Barnett**
  bruce.barnett@dlapiper.com,janine.medina@dlapiper.com

- **Thomas David Brooks**
  tdbrooks@sperling-law.com

- **Joel G. Chefitz**
  jchefitz@mwe.com

- **Christopher J. Panos, Trustee of the Sabine, Inc. Liquidating Trust**
  jkoltun@craigmacauley.com

- **Joseph Edward Collins**
  joseph.collins@dlapiper.com

- **Mayeti Gametchu**
  mgametchu@wolfblock.com,mahall@wolfblock.com

- **Ellen Anne Gusikoff Stewart**
  elleng@csgrr.com,elleng@csgrr.com

- **James E. Hanlon , Jr**
  hanlonj@howrey.com

- **Howard T. Longman**
  tsvi@aol.com

- **Kevin J. O'Connor**
  koconnor@wolfblock.com,mahall@wolfblock.com

- **David Pastor**
  dpastor@gilmanpastor.com,rkaloutas@gilmanpastor.com,sdurgin@gilmanpastor.com

- **Stephanie R. Pratt**
  spratt@segalroitman.com,jstein@segalroitman.com

- **David A. Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel H. Rudman**
  SRudman@csgrr.com

- **Anne R. Sills**

Case 1:04-cv-12263-PBS    Document 126    Filed 06/24/2008    Page 10 of 18

CM/ECF - USDC Massachusetts - Version 3.2.1 as of 5/3/08    Case 1:04-cv-12263-PBS    Document 125    Filed 06/23/2008    Page 10 of 11    Page 2 of 3

asills@segalroitman.com,sgillin@segalroitman.com,tsullivan@segalroitman.com

- **Bruce S. Sperling**
  bss@sperling-law.com

- **Mary T. Sullivan**
  msullivan@segalroitman.com,jstein@segalroitman.com,sgillin@segalroitman.com

- **Marc A. Topaz**
  ecf_filings@sbtklaw.com

- **Marc M. Umeda**
  notice@ruflaw.com,zimmer@ruflaw.com,umeda@ruflaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Guri Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Shpetim Ademi
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110

Celiza Patricia Braganca
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

Michael A. Duffy
Kirkland &Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Eugene J. Frett
Sperling & Slater
55 West Monroe Street
Suite 3200
Chicago, IL 60603

John A.D. Gilmore
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2600

John F. Hartmann
Kirkland & Ellis LLP
200 East Randolph Drive
```

Case 1:04-cv-12263-PBS    Document 126    Filed 06/24/2008    Page 11 of 18

CM/ECF - USDC Massachusetts - Version 3.2.1 as of 5/3/08    Case 1:04-cv-12263-PBS    Document 125    Filed 06/23/2008    Page 11 of 11    Page 3 of 3

Chicago, IL 60601

**Bruce C. Howard**
Law Offices of Robert D. Allison
122 South Michigan Avenue 1850
Chicago, IL 60603

**Douglas Warren Hyman**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Samuel Bayard Isaacson**
Piper Rudnick LLP
203 North LaSalle Street
#1900
Chicago, IL 60601-1293

**Daniel J. Lyne**
Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108-3107

**Marvin Allen Miller**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Christopher B. Sanchez**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Patrick J. Sherlock**
Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey
11 South LaSalle
Suite 1600
Chicago, IL 60606

**Jennifer Winter Sprengel**
Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

**Lawrence A. Wojcik**
Piper Rudnick Gray Cary US LLP
203 N. LaSalle
Suite 1800
Chicago, IL 60601-1293

**EXHIBIT 1**


*DVNE1-
EXCL00001*



nvestment Company

May 7, 2008

Divine Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912

RECEIVED PR
MAY 13 2008
CLAIMS CENTER

To Whom It May Concern:

Central Trust & Investment Company and Susan Meinert wish to be excluded from the Bobbitt v. Filipowski, et al., No. 04-12263-PBS. We file claims on behalf of our customers and we did not have any customers that ever held this stock. If you have any questions please feel free to contact me.

Sincerely,

Jamie Collins



Central Trust & Investment Company

RECEIVED PR
MAY 13 2008
CLAIMS CENTER

Divine Securities Litigation
Claims Administrator
c/o Gilardi + Co. LLC
P.O. Box 8040
San Rafael, CA 94912

*DVNE1-
EXCL00002*

RECEIVED TS
MAY 14 2008
CLAIMS CENTER

divine Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA
94912

May 6, 2008

To Whom It May Concern:

RE: **Bobbitt v. Filipowski, et al, 04-12263-PBS**

Please be advised that I wish to be excluded from the above referenced law suit.

My details and purchases/sales of divine Securities are as follows:

Name:              Kathryn J. Koclanis
Address:

Telephone:

Shares purchased:  3,000 shares Divine Inc Class A on 11-05-01
                   2,000 shares Divine Inc Class A on 04-23-02

Shares sold:       5,000 shares Divine Inc Class A on 05-09-02

Signed: _Kathryn J. Koclanis_
        Kathryn J. Koclanis





RECEIVED

MAY 19 2008

CLAIMS CENTER

MAY 15, 2008

GENTLEMEN,

I HAVE NO CLAIM NOR DO I OWN ANY DEVINE SECURITIES, SO I WOULD LIKE TO BE EXCLUDED FROM BOBBIT V. FILIPOWSKI NO. 04-12263-PBS. I HAVE NO SHARES OF DIVINE SECURITIES. I HOPE THIS WILL END THE CLASS AS FAR AS I AM CONSERNED.

THANK YOU.

SIGNED James D. Blanchard

